**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(FT LAUDERDALE DIVISION)**

**CASE NO. 0:19-cv-61430- MORENO/Seltzer**

ELIZABETH E. BELIN, *et al.*,

    Plaintiffs,

v.

HEALTH INSURANCE INNOVATIONS, INC.,
*et al.*,

    Defendants.

_____/

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DEFER CASE MANAGEMENT CONFERENCE AND ENTRY OF A SCHEDULING ORDER, AND FOR A PROTECTIVE ORDER STAYING DISCOVERY PENDING THE RESOLUTION OF DEFENDANTS' MOTION TO DISMISS [ECF NO. 24]**

Class Plaintiffs, Elizabeth E. Belin, Christopher Mitchell, Kevin Furman, Mitchell Kirby, Gabrielle Watson and Kathryn Svenson, individually and on behalf of those similarly situated (collectively, "Plaintiffs"), respond to the Motion to Defer Case Management Conference and Entry of a Scheduling Order, and for Protective Order Staying Discovery Pending the Resolution of Defendants' Motion to Dismiss (the "Motion to Stay") filed by Defendants, Health Insurance Innovations, Inc. ("HIIQ"), Health Plan Intermediaries Holdings, LLC ("HPIH") and Michael Kosloske ("Kosloske") (collectively, "Defendants"), and state:

### I.    INTRODUCTION AND BACKGROUND

This case involves a group of Florida companies and individuals that defrauded hundreds of thousands of consumers nationwide by leading those consumers to believe that their limited benefit indemnity plans and medical discount plans were major medical insurance. Defendants employed an elaborate and carefully orchestrated bait-and-switch scam whereby unwitting consumers were falsely led to believe that they were purchasing health insurance plans that were

compliant with the Affordable Care Act, when in reality the plans were relatively worthless limited indemnity plans and medical discount plans.

Defendants are not eager for Plaintiffs to move this case into the discovery phase. Beginning on July 25, 2019, Plaintiffs' counsel sent a series of emails attempting to coordinate a Fed. R. Civ. P. 26(f) scheduling conference. (*See* D.E. 25 at 1–2). Defendants declined to participate. Instead, on August 9, 2019, they filed their Motion to Stay, contending that a "Rule 26(f) conference would be premature" because the "claims and defenses are not settled[.]" (Mot. to Stay at 3). Defendants' Motion to Stay was itself premature because it was filed without an accompanying motion to dismiss, even though the Motion to Stay invited the Court to "refer . . . to the motion to dismiss for [a] 'preliminary peek'" at the merits. (*Id.* at 10).

Following the filing of the Motion to Stay, the Parties scheduled a conference call for August 14 to discuss the preparation of a scheduling report and proposed scheduling order, with the understanding that having the discussion would not waive or moot the positions taken by Defendants in their Motion to Stay. (*See* D.E. 25 at 2–3). Days prior to the scheduled 26(f) call, Plaintiffs' counsel provided defense counsel with proposed dates contained in a proposed Scheduling Order. (*Id.*). Defendants did not appear at the scheduled conference, and did not comment on Plaintiffs' proposed dates. (*Id.*).

Ten days after the filing of the Motion to Stay, on August 19, 2019, the Defendants filed their Motion to Dismiss Amended Class Action Complaint and to Strike and Supporting Memorandum (the "Motion to Dismiss"). (D.E. 27). The overwhelming majority of arguments raised in the Motion to Dismiss are not mentioned in the Motion to Stay. Plaintiffs' response here mainly addresses the arguments raised in Defendants' Motion to Stay. But even if the Court does take a preliminary peek at the Motion to Dismiss, it becomes clear that Defendants do not meet

2

their burden of "good cause and reasonableness" and a "strong likelihood" that the Motion to Dismiss will entirely dispose of Plaintiffs' claims.

Plaintiffs' allegations plausibly implicate Defendants in a RICO scheme. Defendants crafted and approved scripts that on their face contained misrepresentations and omissions that Defendants knew to be false, and knew would mislead consumers to believe they were buying major medical insurance. More than that, Defendants trained, funded, monitored and licensed Simple Health and Nationwide, which carried out the scheme by phone and email. Defendants then took the additional essential step of sending consumers membership cards and information.

As for Plaintiffs' Florida common-law aiding and abetting claims, Defendants' Motion to Stay does not even address them, and their Motion to Dismiss only barely does. Plaintiffs have soundly alleged an underlying fraud and Defendants' knowledge of and substantial assistance to that fraud.

This is not a case where a "strong likelihood" of complete dismissal exists. The stay motion should therefore be denied, with Defendants compelled to participate in discovery.

## II. STANDARD ON MOTION TO STAY

"Motions to stay discovery pending ruling on a dispositive motion are generally disfavored in this district." *Flecha v. Neighbors Moving Servs., Inc.*, 944 F. Supp. 2d 1201, 1203 (S.D. Fla. 2013). And "courts have consistently rejected any *per se* requirement to stay discovery pending resolution of a dispositive motion." *Bocciolone v. Solowsky*, No. 08-20200-CIV, 2008 WL 2906719, at *1 (S.D. Fla. July 24, 2008); *see also Romacorp, Inc. v. Prescient, Inc.*, No. 10-22872, 2011 WL 2312563, at *2 (S.D. Fla. June 8, 2011) ("Various courts have recognized that *Chudasama* does not stand for the broad proposition that a court must stay discovery when there is a pending motion to dismiss").

Rule 26(b) defines the scope of permissible discovery broadly. *See* Fed. R. Civ. P. 26(b)(1). Courts "must employ a liberal discovery standard in keeping with the spirit and purpose of the discovery rules." *Wrangen v. Pa. Lumbermans Mut. Ins. Co.*, 593 F. Supp. 2d 1273, 1278 (S.D. Fla. 2008); *see also Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985) ("The Federal Rules of Civil Procedure strongly favor full discovery whenever possible."). "A district court has broad discretion in determining whether a stay is appropriate." *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

To prevail on a motion to stay discovery, the movant must show that "good cause and reasonableness" supports it. *See Bocciolone*, 2008 WL 2906719, at *2 (quoting *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006)). "In evaluating whether the moving party has met its burden, a court 'must balance the harm produced by a delay in discovery against the possibility that the [dispositive] motion will be granted and entirely eliminate the need for such discovery.' This entails taking a 'preliminary peek at the merits of [the] dispositive motion to see if it appears to be clearly meritorious and truly case dispositive.'" *See id.* (quoting *McCabe*, 233 F.R.D. at 685). The standard has been described as requiring "**a strong likelihood** 'the [dismissal] motion will be granted and entirely eliminate the need for such discovery." *Dayem v. Chavez*, No. 13-62405-Civ., 2014 WL 12588513, at *2 (S.D. Fla. March 11, 2014) (emphasis added) (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652-53 (M.D. Fla. 1997)).

### III.  ARGUMENT

**A.  Defendants' Motion Should Be Denied Because It Was Filed Prematurely**

As an initial matter, Defendants' Motion should be denied because it predates the filing of their Motion to Dismiss. Where a motion to stay is filed before a motion to dismiss, "there is no dispositive motion available for the Court to preliminarily take a peek at." *Krukever v. TD*

4

*Ameritrade, Inc.*, No. 18-21399-CIV, 2018 WL 2382008, at *2 (S.D. Fla. May 23, 2018). In *Krukever*, the court denied a motion to stay discovery that was based on a "yet-to-be filed motion to dismiss." *Id.* at *1. The motion to stay contained a "two-page summary of a forthcoming motion to dismiss[.]" *Id.* at *2. In denying the motion, the court emphasized that the summary did not demonstrate that the case was "surely destined for dismissal." *Id.* (quoting *Ray v. Spirit Airlines, Inc.*, No. 12-61582, 2012 WL 547193, at *2 (S.D. Fla. Nov. 9, 2012)); *accord KLS Martin, Inc. v. Med. Modeling, Inc.*, No. 3:18-CV-233-J-20JBT, 2019 WL 1359256, at *1 (M.D. Fla. Feb. 4, 2019) ("Because the Motion to Stay is based on an anticipated motion to dismiss that has not yet been filed, the Motion to Stay is premature.").

Although Defendants have since filed a Motion to Dismiss, they filed that motion 10 days after filing the Motion to Stay, and four days before Defendants' response to the Motion to Stay was due. This Court may deny Defendants' Motion as premature. In any event, as described in Section C.2 below, the later-filed Motion to Dismiss, even if considered, lacks the "strong likelihood" of complete dismissal needed to support the Motion to Stay.

**B.      There Is No Basis to Defer the Initial Case Management Conference**

Unless otherwise ordered, a party's obligation to confer in accordance with Rule 26(f) is not contingent on the court's ruling on its pending motion to dismiss." *See U.S. ex rel. Summerour v. Dermatology & Skin Cancer Prevention Ctr., Inc.*, No. 1:12-CV-0184-SCJ, 2013 WL 12109762, at *3 (N.D. Ga. Mar. 18, 2013).

Defendants argue that deferring same will "conserve the parties' resources" during the pendency of the Motion to Dismiss. (Mot. to Stay at 4). But that is not a basis to postpone a case management conference or the issuance of a scheduling order. *See Ray*, 2012 WL 5471793, at *2 (rejecting defendant's request to stay the meet-and-confer requirement mandated in the court's

5

initial case management order pending resolution of defendant's motion to dismiss). "[I]t is the nature of litigation to incur some expenses to combat a lawsuit." *Inlet Condo. Ass'n, Inc. v. Childress Duffy, Ltd, Inc.*, No. 12-21711-Civ, at *3 (S.D. Fla. Jan. 4, 2013) (D.E. 97). Speculation about the anticipated expenditure of resources over yet-to-be-served discovery requests does not support deferring the initial case management conference.

Further, each of the four cases relied upon by Defendants is distinguishable. Defendants cite to *Seminole County Tax Collector v. Domo, Inc.*, No. 6:18-cv-1933-Orl-40DCI, 2018 WL 6620952, at *1 (M.D. Fla. Dec. 13. 2018). (Motion at 4). In *Domo*, the court emphasized the general rule that "[a] motion to stay discovery pending a ruling on a dispositive motion is generally disfavored, 'because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems.'" *Id.* (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)). The court there nonetheless granted the motion to stay discovery and case management conference because it was **unopposed**, noting that the defendant's motion to dismiss or stay the case and compel arbitration, "if granted, would be case dispositive because the matter would be sent to arbitration." *Id.* Here, Defendants' Motion to Stay is opposed, and there is no arbitration to be compelled.

Defendants' reliance upon *Albers v. Commonwealth Capital Corp.*, No. 6:16-cv-1713-Orl-37DCI, 2016 WL 9526453 (M.D. Fla. Dec. 5, 2016) is likewise misplaced. (Mot. to Stay at 4). In their parenthetical summary of the case Defendants state that the *Albers* court granted a motion to postpone case management conference "based on defendant's representation that defendant *intended* to file a motion to dismiss." (Mot. to Stay at 4) (emphasis added). But Defendants again fail to mention that the motion in *Albers* was **unopposed**. *See Albers*, 2016 WL 9526453, at *2.

6

Defendants also fail to mention the *Albers* defendants' forthcoming motion to dismiss addressed allegations of violations of the Securities and Exchange Act of 1934, which would, subject to certain exceptions, automatically trigger "a stay of all discovery and other proceedings[.]" *Id.* (quoting 15 U.S.C. § 78u-4(b)(3)(B)). Defendants' Motion here is opposed, and there is no provision of law that would automatically trigger a stay of discovery.

In *Bryant v. HCC Medical Ins. Servs., LLC*, the U.S. District Court for the Southern District of Indiana court "treated the defendants' motion to defer initial pretrial conference "as a motion to defer entering a Case Management Plan, in effect staying discovery in the case pending ruling on the motions to dismiss." 1:18-cv-00018-TWP-MPB, at *1 (S.D. Ind. Apr. 3, 2018) (Doc. 58). But the *Bryant* court did not analyze whether "good cause and reasonableness" supported the stay, which is the standard that applies here. *See id.* at *4; *see also Azad v. Tokio Marine HCC – Med. Ins. Servs.* Group, 17-cv-00618-PJH, at *4–5 (N.D. Cal. May 26, 2017) (Doc. 77) ("Although defendants are correct that a brief stay would cause no substantial prejudice to plaintiffs, a mere lack of prejudice is not the same as 'good cause' and falls far short of the 'strong showing' required.") (internal citations and quotation marks omitted).

Finally, Defendants' citation to *Azad* does not support Defendants' position. It did not involve any request to defer a case management conference. *Id.* at *5. There, the Northern District of California denied the defendants' motion to stay discovery because they failed to demonstrate good cause, and the court vacated the case management conference date *sua sponte* because it was not the court's "typical practice" to conduct one "until the pleadings are settled." *Id.*

### C. Defendants Have Not Shown a "Strong Likelihood" That Their Motion to Dismiss Will Be Granted, and any Assessment as to Proportionality Is Premature

#### 1. A stay of discovery is the exception, not the rule

Defendants' rely heavily upon the Eleventh Circuit's decision in *Chudasama* for the principle that "the district court should rule on the motion before entering discovery orders, if possible." (Mot. to Stay at 5-6) (bold omitted) (quoting *Chudasama*, 123 F.3d at 1368). But courts in the Southern District of Florida have repeatedly refused to read *Chudasama* as indicating "a broad rule that discovery should be deferred whenever there is a pending motion to dismiss." *See Gannon v. Flood*, No. 08-60059-CIV, 2008 WL 793682, at *1 (S.D. Fla. Mar. 24, 2008); *see also Ray*, 2012 WL 547193, at *3 ("The Eleventh Circuit [in *Chudasama*] did not, however, prescribe a broad rule that discovery should be deferred whenever there is a pending motion to dismiss.") (internal quotation marks omitted); *Pharma Supply, Inc. v. Stein*, Case No. 14-80374-Civ-COHN/SELTZER, 2015 WL 11422274, at *2 (S.D. Fla. Apr. 3, 2015); *Select Exp. Corp. v. Richeson*, No. 10-80526-CIV, 2010 WL 11561196, at *1 (S.D. Fla. Dec. 1, 2010) ("This does not indicate a broad rule that discovery should be deferred whenever there is a pending motion to dismiss.").

#### 2. Defendants' do not show that they can obtain a dispositive result

Beyond a general synopsis of *Chudasama*, Defendants' Motion to Stay offers little by way of substantive argument as to why any of counts in the Amended Complaint should be dismissed. (*See* Motion at 6–7). Instead, Defendants provide a general summary of two fraud- and RICO-related arguments. Defendants' Motion to Stay does not address Plaintiffs' aiding and abetting breach of fiduciary duty (Count IV) or unjust enrichment (Count VI) claims. And Defendants' Motion to Dismiss barely addresses those counts. (Mot. to Dismiss at 15-16). Plaintiffs' aiding and abetting fraud claim is soundly supported by allegations of an underlying fraud (Am. Compl.

8

¶¶ 58-99; 112-62); knowledge (*see id.* ¶¶ 163-84); and substantial assistance (*see id.* ¶¶ 185-94). Defendants cannot contend, as they must to obtain a stay of discovery, that the Motion to Dismiss is even potentially case dispositive. *Zelaya v. U.S.*, No. 11-62644-CIV, 2013 WL 12328290, at *1 (S.D. Fla. Feb. 15, 2013) (denying motion to stay discovery where motion to dismiss was, *inter alia*, not "truly case dispositive.") (internal quotation marks omitted).

As for the RICO claims, Defendants argue that Plaintiffs "merely allege that Defendants reviewed, edited, and tacitly approved the fraudulent scripts used by Simple Health and Nationwide Health to sell the products.'" (Mot. to Stay at 6). That allegation should be enough to implicate Defendants in the RICO Enterprise — *Plaintiffs are alleging that Defendants crafted and approved scripts that, on their face, contained misrepresentations and omissions designed to lead consumers to believe the supplemental products they were buying were major medical insurance.* It requires no stretch of the imagination to find plausibility in Plaintiffs' claim that Defendants were "in on it."

And Plaintiffs' Amended Complaint contains far more allegations than that, including but not limited to allegations that Defendants:

- Trained Simple Health and Nationwide Health sales agents who were using the scripts (*Id.* ¶¶ 3, 57, 164, 165, 210);
- Provided millions of dollars in financing to fund the operations of Simple Health and Nationwide Health (Am. Compl. ¶¶ 3, 10, 11, 52, 186, 210);
- Allowed Simple Health sales agents the ability to register the licenses through HIIQ and HPIH (*Id.* ¶¶ 3, 172, 210);
- Monitored and auditing of Simple Health and Nationwide Health sales agents (*Id.* ¶¶ 164, 165, 210);
- Developed the products to be sold (*Id.* ¶¶ 3, 46, 78, 210); and
- Developed the third-party distribution channel that ran through Simple Health and Nationwide Health (*Id.* ¶¶ 3, 46, 102, 210, 211, 214 ).

Defendants' RICO argument — both in their Motion to Stay and their later-filed Motion to Dismiss — ignores most of the allegations in the Amended Complaint.

Defendants' other substantive argument is that Plaintiffs have not plausibly pled their RICO claim against Kosloske. (Mot. to Stay at 7). Defendants acknowledge that Plaintiffs have made allegations regarding Kosloske's engagement in mail and wire fraud, but insist that the claim is inadequately pled because of a lack of "specific allegations of what materials Kosloske sent, when the items were sent," and, vaguely, "any other information to satisfy the particularity requirement of Rule 9(b)." (*Id.*).

Notably, Defendants did not raise this argument in their Motion to Dismiss. Plaintiffs have provided ample specific allegations regarding Kosloske's conduct in paragraph 211 of the Amended Complaint, and allege that he "caused" the predicate mail and wire acts in paragraph 216. "[I]t is not necessary to allege . . . that the defendants have personally used the mails or wires; it is sufficient that a defendant 'causes' the use of the mails or wires.'" *SKS Constructors, Inc. v. Drinkwine*, 458 F. Supp. 2d 68, 76 (E.D.N.Y. 2006) (ellipses in original) (quoting *DiVittorio v. Equidyne Extractive Indus., Inc.,* 822 F.2d 1242, 1247 (2d Cir.1987) and *Jerome M. Sobel & Co. v. Fleck,* 2003 WL 22839799 at *6 (S.D.N.Y. 2003)).

### 3. Proportionality analysis is premature at this stage, and Defendants cannot demonstrate any specific showing of prejudice or burden

Next, Defendants argue that a stay is appropriate under the "proportionality" requirement of Fed. R. Civ. P. 26(b)(1), because this case involves a putative class, (Mot. to Stay at 8–9), and "class actions appear to be the sort of case in which stays of discovery in this Circuit are most typically granted." (*Id.* at 9). But "[p]roportionality 'focuses on the marginal utility of the discovery sought[,]" and Plaintiffs have not yet sought any discovery. *Runton By & Through Adult Advocacy & Representation v. Brookdale Senior Living, Inc.*, No. 17-60664-Civ, 2018 WL

1083493, at *6 (S.D. Fla. Feb. 27, 2018) (quoting *Vaigasi v. Solow Mgmt. Corp.,* No. 11 Civ. 5088, 2016 WL 616386, at *14 (S.D.N.Y. Feb. 16, 2016)).

Moreover, Defendants' claim that class actions are more susceptible to discovery stays appears overstated. As noted in *Zamber v. American. Airlines, Inc.*, a case cited by Defendants, "district courts presiding over class action lawsuits have both granted and rejected discovery stays." No. 16-CV-23901, 2017 WL 5202748, at *4 (S.D. Fla. Feb. 17, 2017). That a case involves a putative class does not automatically militate in favor of a stay. This Circuit is replete with examples of courts denying motions to stay discovery within the class action context. *See*, *e.g.*, *Ray*, 2012 WL 547193, at *2 (denying defendants' motion to stay discovery in putative class action lawsuit)*; Montoya v. PNC Bank, N.A.*, No. 14-20474-Civ, 2014 WL 2807617 (S.D. Fla. June 20, 2014); *Koock v. Sugar & Felsenthal, LLP*, No. 8:09-CV-609-T-17EAJ, 2009 WL 2579307 (M.D. Fla. Aug. 19, 2009); *Hamilton v. SunTrust Mortg. Inc.,* No. 13–60749–Civ, (S.D. Fla. Jan. 3, 2014) (Doc. 118).

Nor is the fact that this case involves RICO claims dispositive of the stay issue. *See Ray*, 2012 WL 5471793, at *3 ("Spirit also insinuates that discovery should be stayed simply because this a complex RICO case, as cases of this kind always involve burdensome and costly discovery . . . . These arguments won't do.").

In sum, Defendants' argument that enormous costs and business disruptions are "likely" fails to make the "**specific** showing of prejudice or burdensomeness" required for the issuance of a stay. *See id.* at *3 (emphasis added).

**D.     Plaintiffs Will Be Prejudiced by a Stay of Discovery**

Finally, the burden of a stay on Plaintiffs also warrants a denial of Defendants' Motion. A delay in discovery would only unfairly hold up the prosecution of this case. *See Taylor v. Fitness*

11

*Int'l, LLC*, No. 14-20065, at D.E. 19 (S.D. Fla. Mar. 11, 2014) ("[T[he delay and prolongation of discovery can also create case management and scheduling problems and unfairly hold up the prosecution of the case.").

As recognized by the Supreme Court of the United States, the longer a case languishes, the greater the chance that relevant evidence may be lost or destroyed. *See Clinton*, 520 U.S. at 707–08 ("[D]elaying trial would increase the danger of prejudice resulting from the loss of evidence including the inability of witnesses to recall specific facts, or the possible death of a party."). This is especially true where, as here, the putative class is comprised of individuals with significant medical bills they are unable to pay, with some suffering from significant health issues. *New York v. Hill*, 528 U.S. 110, 117, 120 S.Ct. 659, 145 L.Ed.2d 560 (2000) ("Delay can lead to a less accurate outcome as witnesses become unavailable and memories fade."). "Having filed their complaint plaintiffs have a right to move forward." *Udeen v. Subaru of Am., Inc.*, 378 F. Supp. 3d 330, 333 (D.N.J. 2019).

## IV. CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Court deny Defendants' Motion to Defer Case Management Conference and Entry of a Scheduling Order, and for Protective Order Staying Discovery Pending the Resolution of Defendants' Motion to Dismiss, and issue such further relief that this Court deems just and proper.

CASE NO. 0:19-cv-61430-MORENO/SELTZER

Respectfully submitted,

| | |
|---|---|
| LEVINE KELLOGG LEHMAN SCHNEIDER + GROSSMAN LLP | THE DOSS FIRM, LLC |
| By: /s/Jason Kellogg | By: /s/Jason Doss |
|     Jeffrey C. Schneider, P.A. |     Jason R. Doss |
|     Florida Bar No. 933244 |     Florida Bar No. 0569496 |
|     Primary email: jcs@lklsg.com |     Primary email: jasondoss@dossfirm.com |
|     Secondary email: mt@lklsg.com |     The Brumby Building |
|     Jason K. Kellogg, P.A. |     127 Church Street, Suite 220 |
|     Florida Bar No. 0578401 |     Marietta, Georgia 30060 |
|     Primary email: jk@lklsg.com |     Telephone: (770) 578-1314 |
|     Secondary email: mco@lklsg.com |     Facsimile: (770) 578-1302 |
|     Alexander Strassman, Esq. | |
|     Florida Bar No. 111788 | |
|     Primary email: ags@lklsg.com | |
|     Secondary email: ah@lklsg.com | |
|     Tal Aburos, Esq. | |
|     Florida Bar No. 1010901 | |
|     Primary email: ta@lklsg.com | |
|     201 South Biscayne Boulevard | |
|     Citigroup Center, 22nd Floor | |
|     Miami, Florida  33131 | |
|     Telephone: (305) 403-8788 | |
|     Facsimile: (305) 403-8789 | |

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on August 23, 2019, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified, via transmission of Notices of Electronic Filing generated by CM/ECF.

By: /s/ Jason Kellogg
Jason Kellogg, Esq.