**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:19-cv-61430- MORENO/Seltzer**

ELIZABETH E. BELIN, *et al.*,

       Plaintiffs,

v.

HEALTH INSURANCE INNOVATIONS, INC., *et al.*,

       Defendants.

_____/

**DEFENDANT MICHAEL KOSLOSKE'S OBJECTIONS TO THE MAGISTRATE'S REPORT AND RECOMMENDATION WITH INCORPORATED <u>MEMORANDUM OF LAW</u>**

Defendant, Michael Kosloske ("Kosloske"), pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), hereby submits the following objections to the Report and Recommendation ("Magistrate's Report") dated October 22, 2019 (D.E. 39), with respect to Defendants' Motion to Dismiss Amended Class Action Complaint and to Strike (the "Motion to Dismiss") (D.E. 27).

**I.**     <u>**Introduction and Background**</u>

Plaintiffs' allege the following three causes of action against Kosloske: I) Violation of RICO 1962(c); II) Section 1962(d) RICO Conspiracy; III) Aiding and Abetting Violation of RICO 1962(c).

The Magistrate Judge recognized that the Amended Complaint (D.E. 18) was a shotgun pleading. Yet, the Magistrate Judge improperly failed to separate the allegations directed to Defendants, Health Insurance Innovations, Inc. ("HII") and Health Plan Intermediaries Holdings, LLC ("HPIH") (collectively, the "HII Defendants") from the allegations directed to Kosloske.

This resulted in the Magistrate Judge incorrectly including Kosloske in the allegations of conduct, participation, and knowledge which were not pled against Kosloske.

This Court should decline to adopt the Magistrate's Report for several compelling reasons. First, the Amended Complaint is a shotgun pleading and fails to give Kosloske notice of the claims against him. Second, the Magistrate Judge incorrectly determined that the Plaintiffs adequately pled Kosloske's conduct in the RICO scheme through a pattern of predicate offenses (mail and wire fraud) on which the RICO claim is based with particularity as required by Rule 9(b). Third, the Magistrate Judge relied on allegations directed to defendants other than Kosloske to conclude Plaintiffs alleged plausible claims against Kosloske for participating in the affairs of the enterprise. Fourth, the Magistrate Judge's incorrectly relied on allegations which are not directed to Kosloske to support an inference of actual knowledge and substantial assistance in a scheme to defraud. Fifth, in relying on claims directed to Simple Health's alleged scripts, the Magistrate Judge improperly determined that Plaintiff, Kevin Furman stated a plausible claim against Kosloske for violations connected to Nationwide Health.

In the 266 paragraphs contained in Amended Complaint, only paragraph 211 contains at most generalized allegations directed to Kosloske. These conclusory allegations of legitimate business conduct do not come close to alleging plausible facts to substantiate a RICO claim against Kosloske. If the allegations in paragraph 211 are enough to state a plausible claim for RICO, then anyone who works for a company can be subject to a RICO claim for conducting ordinary business. There are no allegations in the Amended Complaint that meet the standards necessary to state a plausible RICO claim.

Plaintiffs have offered no realistic theory, by any stretch of legal imagination, to support a RICO claim against Kosloske. The Amended Complaint does not contain any plausible facts to

support Kosloske's participation in a scheme to defraud consumers through the use of fraudulent scripts.

The Magistrate's Report recommended that the Motion to Dismiss be granted to the extent the incorporation paragraphs in each of the six counts be amended to include only those preceding paragraphs that pertain to that specific claim. (D.E. 39). In all other respects, the Magistrate's Report recommended the Motion to Dismiss be denied as to Kosloske. *Id.* There are no allegations of plausible facts to support any of Plaintiffs' claims against Kosloske. Simply put, in lumping all of the Defendants together in the Magistrate Report, the Magistrate Judge incorrectly relied on allegations directed to legitimate business conduct of the other defendants to determine that Plaintiffs' stated a plausible claim against Kosloske.

II. **Argument.**

    A.    **Legal Standards**

Upon receipt of objections to the Magistrate's Report, the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 631(b)(1)(C); Fed. R. Civ. P. 72(b)(3); *Carr v. Singletary,* 904 F. Supp. 1356, 1358 (M.D. Fla. 1995) (when a party makes a timely objection to a Magistrate Judge's Report and Recommendation, the determination is subject to a de novo determination of those portions of the report and recommendation to which objection is made). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. 636(b)(1)(C).

    B.    **Amended Complaint is a Shotgun Pleading**

The Magistrate Judge recognized that the Amended Complaint (D.E. 18) incorporated all of the first 229 paragraphs into the first paragraph of each of the causes of action directed toward Kosloske. The Magistrate Judge correctly determined that the Amended Complaint was a

3

shotgun pleading, yet failed to dismiss the Amended Complaint with respect to Kosloske. This impermissible shotgun pleading, which violate Rules 8(a)(2) and 10(b), requires dismissal of the Amended Complaint because it fails to "give the defendants adequate notice of the claim against them and the grounds upon which each claim rests." *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015).

### C. RICO

To state a plausible Section 1962(c) claim, a plaintiff must allege that defendants: (1) engaged in conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Williams v. Mohawak Indus., Inc.* 465 F.3d 1277, 1282 (11th Cir. 2006), abrogated on other grounds by *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1349 (11th Cir. 2016). As Plaintiffs' racketeering claim is predicated on mail and wire fraud, the allegations in the Amended Complaint must comply not only with the plausibility criteria articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), but also with Rule 9(b)'s heightened pleading standard. *Cardenas v. Toyota Motor Corporation*, 2019 WL 4777891, at *3 (S.D. Fla. Sept. 30, 2019).

The Plaintiffs' racketeering claim is predicted on mail and wire fraud, and thus they must allege: (1) intentional participation in a scheme to defraud; and (2) the use of the interstate mails or wires in furtherance of that scheme. *Id.* A "scheme to defraud" requires proof of a material misrepresentation or the omission or concealment of a material fact calculated to deceive another out of money or property. *Id.*

#### 1. Conduct and Pattern of Racketeering Activity

The Magistrate Judge erred in relying on general, conclusory allegations to support a finding that Kosloske engaged in essential steps in the fraudulent scheme and that sales were made through a common scheme of fraudulent scripts used by "Defendants" agents, read by the

agents and reviewed, edited, and monitored by the "Defendants". (D.E. 39, p. 11, 13, 15). In the Amended Complaint and Magistrate Report, the only facts directed towards Kosloske are contained in paragraph 211 as follows:

> Specifically as to Kosloske, Plaintiffs allege he approved the products; recruited agents like Dorfman, Spiewak and Jaxheimer; developed distribution channel through their companies; approved the HII Defendants' financing of those companies; and participated in the management and operation of the Enterprise's compliance, training and functions.

(D.E. 18, ¶211).

The allegations do not satisfy Rule 9(b)'s pleading requirements. Plaintiffs must allege Kosloske's role in the scheme to defraud with particularity, not simply with general, conclusory statements. A comparison of the initial Complaint and Amended Complaint filed in this action are instructive to show how the Plaintiffs simply added Kosloske as a defendant to this RICO case and added one paragraph with general, conclusory allegations to support their RICO claims against Kosloske.

The initial Complaint was filed against the HII Defendants only. (D.E. 1). Paragraph 164 of the initial Complaint included a list of legitimate business activities the HII Defendants allegedly engaged in to control the enterprise's affairs *Id.* Paragraph 210 of the Amended Complaint is identical to paragraph 164 of the initial Complaint, except the Plaintiffs simply added Kosloske's name to paragraph 210 and allege that Kosloske did the exact same things as the HII Defendants. Plaintiffs do not allege any facts supporting a plausible claim that Kosloske actually participated in any items listed in paragraph 210. They just added his name to that paragraph. Plaintiffs do not allege any specific, plausible facts to supporting a claim against Kosloske.

The allegations in paragraph 211 fair no better. *Id.* at ¶211. Paragraph 211 includes general, conclusory statements directed to Kosloske but do not support a plausible RICO claim

5

against Kosloske. When did Kosloske approve the products to be sold, what products were approved, how did he recruit agents, who did he meet with during the recruiting process, when did these meetings occur, where did the meetings occur, what was discussed, was selling insurance through misrepresentations of the type of insurance products discussed, how did Kosloske develop distribution channels, how did he personally approve the financing of the companies, what exactly did he do to participate in the management and operating of the enterprise's compliance, training and administrative functions? These allegations are not in the Amended Complaint because the Plaintiffs cannot plausibly allege them.

The focus of this case is on fraudulent scripts allegedly used by Simple Health and Nationwide Health. There are no specific allegations supporting Kosloske's role in creating or approving the use of these scripts and authorizing Simple Health or Nationwide Health to use fraudulent scripts. Furthermore, the Amended Complaint does not contain facts to support a claim that Kosloske caused thousands of membership cards and other product information to consumers as part of an overall scheme to defraud. Therefore, when you remove the conclusory statements, Plaintiffs are left with no plausible allegations to support their claims. The allegations against Kosloske must be dismissed.

This Court's recent opinion in *Cardenas*, 2019 WL 4777891 (S.D. Fla. Sept. 30, 2019) is instructive. In *Cardenas*, plaintiffs alleged various Toyota entities defrauded consumers by concealing a defect in the Heating, Ventilation, and Air Conditioning Systems installed in 2012-2017 Toyota Camrys and Camry Hybrids. *Id.* at 1. The plaintiffs alleged the Toyota entities violated RICO. The Court determined that the plaintiffs had alleged enough facts to support plausible RICO and RICO conspiracy claims against the Toyota Defendants. *Id.* at 6. In reaching its decision, the Court relied on allegations in the Complaint showing specific examples of

Bulletins the Toyota Defendants posted describing the issues with the Heating, Ventilation, and Air Conditioning system. *Id.* at 3-4. Most importantly, the complaint alleged multiple, *specific examples of actual internal communications* between the Toyota Defendants showing that the Toyota Defendants knew about the issue and were hesitant to attempt to repair the issues because of Lemon Law liability. *Id.* at 4.

Here, Plaintiffs fail to allege any specific communications between Kosloske and any of the entities or individuals allegedly involved in the RICO enterprise about fraudulent scripts or misrepresenting the type of insurance products sold. Plaintiffs fail to allege specific facts showing how or when Kosloske created, edited, reviewed, and approved any fraudulent scripts allegedly used by Simple Health or Nationwide Health. Plaintiffs do not allege any facts supporting a plausible claim that Kosloske ever communicated with anyone, let alone Simple Health or Nationwide Health, about fraudulent scripts or that he knew about the enterprise and the scheme to defraud.

To plead the necessary elements for a racketeering claim premised on mail and wire fraud, a plaintiff must allege the defendants "knowingly devised or participated in a scheme to defraud plaintiffs" and that they "did so willingly with an intent to defraud". *See Cardenas*, 2019 WL 4777891, at *6 (S.D. Fla. 2019) (allegations of actual internal communications informing dealers that there was no way to eliminate odors, conversation about charging customers for repairs anyway, and discussions about actions taken to get around Lemon Law liability sufficient to plead the necessary scienter for a racketeering claim premised on mail and wire fraud).

Unlike *Cardenas* where actual internal communications and bulletins supported scienter and an inference that the Toyota Defendants had actual knowledge of the scheme and took actions to mislead consumers or conceal and avoid liability to maintain revenue, the Amended

7

Complaint does not contain any facts supporting the necessary scienter for a racketeering claim against Kosloske. The Magistrate Judge erred in determining that with knowledge of the scheme, Defendants then followed up with predicate acts of their own, sending (and in Kosloske's case causing to be sent) thousands of membership cards and other products and other product information to those consumers, as part of the overall scheme. (D.E. 39, p. 8). The Magistrate Judge cites to paragraph 45 and 219 to support Kosloske's role the in alleged scheme to defraud. However, Kosloske is not mentioned in paragraph 45. Paragraph 219 simply contains conclusory allegations that Kosloske had knowledge of misrepresentations without alleging particularized facts to support an inference that Kosloske had actual knowledge of the misrepresentations or scheme to defraud. The Magistrate Judge erred in determining that the factual allegations plausibly plead scienter for a RICO claim.

Citing to *United States v. Hasson*, 333 F.3d 1272, 1272-1273 (11th Cir. 2003), the Magistrate's Report states that for a violation to occur, the law does not require that the transmitted information itself contain the misrepresentation. (D.E. 39, p. 9). "An interstate wire transmission is 'for the purpose of executing' the scheme to defraud if it is 'incident to an essential part of the scheme' or 'a step in the plot'". *Hasson*, 333 F.3d 1272, 1272-1273 (11th Cir. 2003). However, *Hasson* still requires actual material misrepresentations to be made by the defendant for the purpose of executing the scheme to defraud. This applies regardless of whether the predicate act of mail or wire fraud included the misrepresentations.

In *Hasson*, Mr. Hasson was charged and convicted after a seven-week jury trial of wire fraud and conspiracy to commit wire fraud. *Id.* at 1269. Mr. Hasson sold customers gems, jewelry, and decorative pieces that failed to match the descriptions he gave. *Id.* at 1268. Mr. Hasson frequently supported his representations with false appraisals prepared by himself or by a

co-conspirator falsely represented to be independent and sometimes misrepresented his own credentials and provided forged appraisals. *Id.* Individuals then wire transferred funds to Mr. Hassan to purchase the jewelry. *Id.* 1272. While the Court stated "[t]o violate the wire fraud statute, it is not necessary that the transmitted information include any misrepresentations" the Court also stated that the misrepresentations made by Mr. Hasson were material to fraudulently induced the purchase. *Id.* at 1273.

The Amended Complaint does not contain any facts to establish that Kosloske made material misrepresentations of any kind in a scheme to defraud. *See In re Managed Care Litigation*, 150 F. Supp. 2d 1330, 1343 (S.D. Fla. 2001) (a "scheme to defraud" entails the making of misrepresentations intended and reasonably calculated to deceive persons or ordinary prudence and comprehension).

The Plaintiffs fails to allege specific facts supporting a plausible claim that Kosloske made any material misrepresentations to anyone, actively participated in creating and distributing the sales scripts allegedly used by Simple Health and Nationwide Health, or had actual knowledge that fraudulent sales scripts were being used by Simple Health and Nationwide Health in a scheme to defraud consumers.

Moreover, Plaintiffs fail to allege the precise documents Kosloske provided to Simple Health and Nationwide Health, including the time, place, and manner the documents were provided, who they were specifically provided to, and the content of those documents that ultimately misled the Plaintiffs. *See American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010) (in a RICO case, the plaintiff must allege facts with respect to each defendant's participation in the fraud). Plaintiffs fail to allege specific facts to support a plausible claim that Defendants knowingly devised or participated in a scheme to defraud and did so willingly and

with intent to defraud. Plaintiffs' general, conclusory allegations that Kosloske reviewed, edited, and approved the scripts do not satisfy the specificity requirement of Rule 9(b).

### 2. Participation in the Affairs of Enterprise

The Magistrate's Report states that the purpose of the enterprise was to bundle products that were not major medical insurance, fraudulently refer to them as "major medical insurance," and sell them for more than they are worth. (Doc. 39, p. 15). The Magistrate Judge erred in determining that factual allegations plausibly take Plaintiffs' claims beyond the realm of a garden-variety commercial relationship and "support the inference that the Defendants have some part in directing the affairs of [the] Enterprise." *Id.* at p. 18.

Plaintiffs fail to plead plausible facts showing "affirmative and deliberate participation" by Kosloske in the "conduct of the affairs of the enterprise" by knowingly implement[ing] and mak[ing] decisions" concerning the alleged racketeering activity pattern. *Official Comm. of Unsecured Creditors of PSA, Inc. v. Edwards*, 437 F.3d 1145, 1145 (11th Cir. 2016).

Plaintiffs fail to allege any facts directed toward Kosloske that fall outside of a normal role of an executive working for a technology company in the insurance industry. *See Cisneros v. Petland, Inc.*, 341 F. Supp. 3d 1365, 1372 (N.D. Ga. 2018) (where businesses are alleged to be in a RICO enterprise, a plaintiff must allege activity that goes beyond normal self-interested business behavior). This is even the case where the plaintiff alleges that the individuals making up the enterprise acted fraudulently in pursuing their own business interests. *Id.*, citing *Parm v. Nat'l Bank of Cal. N.A.*, 242 F. Supp.3d 1321, 1347 (N.D. Ga. 2017) ("Even if Defendant used fraudulent means to carry out those activities, the activities constituted Defendant's own business affairs, not acts to further the goals of a separate enterprise).

With respect to the allegation that Kosloske reviewed, edited, and approved the fraudulent scripts, Plaintiffs fail to allege specific facts to infer that this actually happened, when

10

it happened, what scripts were reviewed, and how they were edited or approved by Kosloske. Plaintiffs' allegation Kosloske recruited Simple Health and Nationwide Health does not infer that Kosloske participated in the pattern of racketeering activity and knowingly implemented and made decisions about using fraudulent scripts in the sale of insurance.

Again, the Plaintiffs fail to allege plausible facts to support an inference that Kosloske directed the affairs of the enterprise and that Kosloske directed the enterprise to use fraudulent scripts to sell insurance.

Numerous other district courts have held that commercial relationships, like the ones alleged here, did not constitute RICO enterprises where plaintiff did not allege plausible actions separate from the individual member's business objectives. *See Singh v. NYCTL 2009-A Tr.*, 2016 WL 3962009, at *10 (S.D.N.Y. July 20, 2016), aff'd, 683 F. App'x 76 (2d Cir. 2017) ("[T]he mere existence of routine business relationships among the defendants is insufficient to establish an 'enterprise' under RICO."); *Conn. Gen. Life Ins. Co. v. Advanced Surgery Ctr. of Bethesda, LLC*, 2015 WL 4394408, at *15 (D. Md. July 15, 2015) ("[T]he allegations in the complaint are consistent with SurgCenter and each ASC carrying out their own business initiatives albeit perhaps in a fraudulent manner."); *Crissen v. Gupta*, 994 F.Supp.2d 937, 947 (S.D. Ind. 2014) ("Even if Banco Popular used fraudulent means to carry out those activities, those activities constituted Banco Popular's own business affairs and were not, as alleged, acts to further the goals of a separate enterprise."); *In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*, 2012 WL 10731957, at *8 (C.D. Cal. June 29, 2012) (Parties that enter commercial relationships for their own gain or benefit do not constitute an enterprise.").

### 3. RICO Conspiracy

Plaintiffs fail to allege a plausible claim for RICO Conspiracy against Kosloske. "A RICO Conspiracy requires either showing: (1) an agreement with the overall objective of the

conspiracy; or (2) an agreement to commit two predicate acts." *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1293 (11th Cir. 2010). The Magistrate Judge incorrectly relies on allegations directed to the HII Defendants, not Kosloske, to infer an agreement with the overall objective of the conspiracy or an agreement to commit two predicate acts.

The Magistrate Judge cites to paragraphs 164-184 to support an inference that Kosloske knew about the agents' fraudulent sales practices by allegedly monitoring the agents' sales practices, handling thousands of customer complaints that Defendants categorized as "Agent Misreps," and received numerous inquiries from state agencies regarding the agents' sales practices. (D.E. 18, ¶¶164-184). These paragraphs in Amended Complaint cited by the Magistrate Judge do not even relate to Kosloske and Plaintiffs do allege that Kosloske participated in any of these acts.

The Magistrate Judge cites to paragraphs 3, 10, 11, 52, 172, 186, 192, 193 to support an inference that Kosloske should have known about activities allegedly conducted by the HII Defendants, not Kosloske. It is improper to lump Kosloske with allegations that are directed to different defendants to create an inference that Kosloske agreed to participate in the conduct of an enterprise's illegal activity. *Cardenas*, 2019 WL4777891, at *6 (S.D. Fla. Sept. 30, 2019) (the essence of a RICO conspiracy is that each defendant has *agreed* to participate in the conduct of an enterprise's illegal activity). While the HII Defendants deny these allegations constitute participating in the affairs of an enterprise, the allegations in paragraphs 3, 10, 11, 52, 172, 186, 192, and 193 are not even directed to Kosloske.

The Magistrate Judge also relies on paragraph 210 of the Amended Complaint to infer Plaintiffs allege a plausible claim for RICO Conspiracy against Kosloske. As stated above, Plaintiffs merely inserted Kosloske's name into paragraph 210 when they amended the

Complaint. There are no specific plausible factual allegations that Kosloske actually participated in any of the acts listed in paragraph 210. Stated differently, paragraph 210 is simply a summary of paragraphs 164-184 and those paragraphs are directed to the HII Defendants, not Kosloske.

The Magistrate Judge determined that the allegations permit an inference that the "Defendants" agreed to the conspiracy's overall objective by failing to object after allegedly monitoring agents' practices, handling consumer complaints, financing operations, licensing agents, and paying commissions. However, this does not create a plausible inference that Kosloske engaged in an agreement with the overall objective of the conspiracy or an agreement to commit two predicate acts by failing to object to certain corporate activities. Plaintiffs' fail to allege Kosloske personally participated in any of these regular corporate business activities and failed to object to create an inference to support a claim for RICO conspiracy. For these reasons, the Magistrate Judge erred in determining that Plaintiffs state a claim for RICO Conspiracy.

### 4. Aiding and Abetting RICO

Plaintiffs have failed to sufficiently plead facts to support that Kosloske had actual knowledge and provided substantial assistance in support of the alleged RICO violations. *See In re Palm Beach Fin. Partners L.P. v. BMO Harris Bank, N.A.*, 488 B.R. 758, 771 (Bankr. S.D. Fla. 2013). Beyond the conclusory allegations, the Amended Complaint lacks plausible allegations of fact to infer a claim for aiding and abetting and that Kosloske had actual knowledge and provided substantial assistance in support of the RICO claims.

The Magistrate Judge cites to paragraphs 164-84. (Doc. 39, p. 20). These allegations are directed to the HII Defendants, not Kosloske, and are nothing more than allegations regarding normal business functions. *Id.* Paragraph 163 contains conclusory statements that Kosloske had knowledge of the scheme. Regardless of whether knowledge must only be pled generally, Plaintiffs fail to satisfy the pleading requirements to support a plausible claim that Kosloske had

13

actual knowledge and substantially assisted the common law fraud and breach of fiduciary duty claims. *Lamm v. State St. Bank & Trust Co.*, 889 F. Supp. 2d 1321, 1332 (S.D. Fla. 2012) (allegations that bank's disregard of "obvious red flags" such as atypical and non-routine banking transactions insufficient to establish conscious awareness of wrongdoing to maintain an aiding and abetting cause of action).

Similarly, the Magistrate Judge's references to paragraph 185-94, 186-87, 188-89, 191, 193 of the Amended Complaint do not support a plausible claim that Kosloske substantially assisted in the scheme to defraud. (D.E. 39, p. 20). These allegations are directed to the HII Defendants and not to Kosloske who was merely a former executive. Beyond these boilerplate allegations regarding typical business functions of the HII Defendants, not Kosloske, the Amended Complaint lacks any plausible allegations that Kosloske actually reviewed a fraudulent script, monitored a call where misrepresentations where made, or had actual knowledge of the scheme to defraud.

In *Lamm,* the court dismissed the aiding and abetting breach of fiduciary duty and fraud claims because "[t]hough Plaintiff has generally alleged actual knowledge, the factual allegations at most establish that [the bank] should have known of the underlying breaches." *Id.* at 1332-33. Here, these allegations do not even plausibly infer that Kosloske should have known about any misrepresentations, let alone satisfy the plausibility standard for actual knowledge. *Johnson v. Catamaran Health Solutions, LLC*, 687 F. App'x. 825, 831 (11th Cir. 2011) (affirming the dismissal of an aiding and abetting breach of fiduciary claim where plaintiffs alleged that the insurance broker solicited, marketed, and collected premiums and administered the plan).

### 5. Plaintiff, Kevin Furman's Claims Regarding Nationwide Health

Plaintiff, Kevin Smith is the only plaintiff who alleges he purchased products from Nationwide Health. The other plaintiffs allege they purchased products from Simple Health. The

Magistrate Judge incorrectly determined that the Kevin Furman adequately pled a RICO scheme, Kosloske's participation in the scheme and enterprise with particularity as required by Rule 9(b), and plausible claims for conspiracy to commit RICO, and aiding and abetting RICO. The Magistrate Judge's focus on the allegations regarding the alternative means to substantiate the fraud, the underlying fraud, and alleged misrepresentations made by Nationwide Health during the phone calls is error. (D.E. 39, p. 11). Kevin Furman fails to allege facts supporting Kosloke's actual role in the scheme to defraud and the actual fraud with specificity in connection with Nationwide Health to comply with Rule 9(b)'s heightened pleading standard.

The initial Complaint was filed against the HII Defendants by two Plaintiffs, Elizabeth Belin and Chris Mitchell. (D.E. 1). Elizabeth Belin and Chris Mitchell, relying on information presumably obtained through the FTC action filed against Simple Health in the case entitled *FTC v. Simple Health Plans, LLC*, *et al.*, Case No. 18-cv-62593 (S.D. Fla. Oct. 29, 2018) ("FTC Action"), included allegations about scripts allegedly used by Simple Health in the marketing of insurance to consumers. (D.E. 1, ¶¶49-84). Nationwide Health, the HII Defendants, and Kosloske are not named as defendants in the FTC Action.

In the Amended Complaint, Mitchell Kirby, Kathryn Svenson, Gabrielle Watson, and Kevin Furman were added as plaintiffs. Of the six named plaintiffs, Kevin Furman is the only individual who purchased products through Nationwide Health. Yet, Plaintiffs include the exact same allegations about the scripts allegedly used by Simple Health during the phone calls in the Amended Complaint as alleged in the initial Complaint. (Compare D.E. 1, ¶¶49-84 to D.E.18, ¶¶62-98). These scripts are replete with references to Simple Health and are scripts allegedly *used by Simple Health not Nationwide Health*. (D.E. 18, ¶¶63, 65, 66, 69, 71, 74, 82, 96). Plaintiffs simply added paragraphs 86 and 99 to the Amended Complaint because they added

15

Kevin Furman as a plaintiff and allege that "Nationwide Health used a similar script". *Id.* at ¶¶86, 99. Simply pleading that a similar script was used does not satisfy Rule 9(b) pleading with particularity requirement to state a plausible claim for fraud to support a RICO claim connected to Nationwide Health. Kevin Furman does not allege any facts about the actual scripts used by Nationwide Health or that the scripts used by Nationwide Health contained fraudulent statements. *Id.*

Despite simply adding Kevin Furman as a plaintiff and failing to provide any actual fraudulent statements made to Kevin Furman from an actual script used by Nationwide Health, the Magistrate Judge determined that Kevin Furman pled the fraud with particularity. The Magistrate Judge determined that Plaintiffs plead the underlying fraud in significant detail devoting nearly 40 paragraphs to describing the contents of the standardized sales scripts used by Defendants' agents and explaining how the scripts misled consumers. (D.E. 39, p. 11). This is error as the Amended Complaint is devoid of particular facts of the scripts used by Nationwide Health and fraudulent statements to Kevin Furman from those scripts. The 40 paragraphs cited to by the Magistrate Judge are allegedly Simple Health's scripts. *See In re Managed Care Litig.*, 150 F. Supp. 2d 1330, 1347 (S.D. Fla. 2001) (dismissing RICO claims because even with the alternative means the particularity standard was not met).

Kevin Furman has failed to plead the fraud with specificity as it relates to Nationwide Health's alleged misrepresentations to satisfy Rule 9(b) particularity requirement. Kevin Furman's claims against Kosloske should be dismissed and all references to Nationwide Health should be stricken from the Amended Complaint.

### III.    Conclusion.

For all of these reasons, Defendants Michael Kosloske, respectfully request this Court decline to adopt the portions of the Magistrate's Report denying the Motion to Dismiss Counts I,

II, and III with respect to Kosloske, and dismiss Kosloske from the Amended Complaint for failure to state a claim upon which relief may be granted.

Dated: November 5, 2019.

                                      By: s/ Dariel Abrahamy
                                            **Garry W. O'Donnell, Esq.**
                                            Florida Bar No. 0478148
                                            Email: garry.odonnell@gmlaw.com
                                            **Dariel J. Abrahamy, Esq.**
                                            Florida Bar No. 0014901
                                            Email: dariel.abrahamy@gmlaw.com
                                            GREENSPOON MARDER LLP
                                            2255 Glades Road, Suite 400-E
                                            Boca Raton, Florida 33431
                                            Telephone: (561) 994-2212
                                            Facsimile: (561) 807-7527
                                            *Attorneys for Defendants,*
                                            *Health Insurance Innovations, Inc., Health Plan*
                                            *Intermediaries Holdings, LLC, and Michael Kosloske*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing document was filed with the Clerk of Court using the Court's CM/ECF system on this 5th day of November, 2019, which will generate notification to all known counsel of record or pro se parties.

                                        By: s/ Dariel Abrahamy
                                              Dariel Abrahamy