UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(FT LAUDERDALE DIVISION)

CASE NO. 0:19-cv-61430-SINGHAL/Valle

ELIZABETH E. BELIN, *et al.*,

    Plaintiffs,

v.

HEALTH INSURANCE INNOVATIONS, INC., *et al.*,

    Defendants.

_____/

CLASS ACTION

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO AMEND DEADLINES
IN THE ORDER SETTING TRIAL AND PRE-TRIAL SCHEDULE**

Defendants Health Insurance Innovations, Inc. ("HII"), Health Plan Intermediaries Holdings, LLC ("HPIH"), and Michael Kosloske ("Kosloske") (collectively "Defendants"), hereby submit this Reply in support of Defendants' Motion to Amend Deadlines in the Order Setting Trial and Pre-Trial Schedule ("Motion") (D.E. 115), and in opposition to Plaintiffs' Response (D.E. 125), as follows:

**I.  Introduction**

On March 30, 2020, Defendants filed their Motion (D.E. 115) to extend the deadlines currently set forth in in the January 30, 2020 Order Setting Trial and Pre-Trial Schedule, Requiring Mediation, and Referring Certain Matters to Magistrate Judge (D.E. 56) ("Scheduling Order"). Defendants' Motion is based on the instant COVID-19 crisis, which makes it extremely difficult to prepare for and conduct depositions of the eight Class Plaintiffs and Plaintiffs' two experts, and to prepare for and defend three additional depositions of Defendants requested by Plaintiffs. According to the Scheduling Order, these depositions must presently be concluded prior to the May 22, 2020 class certification discovery deadline. (*See* D.E. 115). In an abundance

of a caution, concurrently with filing the Motion, Defendants noticed the depositions of Plaintiffs for the end of April/early May. In the time that this Motion has been pending, Plaintiffs sought and received a protective order from Magistrate Valle (D.E. 124), requiring Plaintiffs' depositions take place remotely "[a]bsent a court ordered extension of the trial deadlines, see ECF No. [115]" (the "Order"). Plaintiffs' Response relies on Magistrate Valle's Order (D.E. 125), which is expressly subject to the Court's ruling on this Motion. Also, a different legal standard applies here. The Order entered by Magistrate Valle does not change the question before this Court or negate the good cause to extend the deadlines in this case.

Plaintiffs argue that good cause does not exist to extend the deadlines in this matter, despite the fact that all of the attorneys' offices are currently shuttered and both sides are working in far less then optimal conditions in their respective homes. This is a very complex RICO class action involving now close to a million pages of documents based on the materials recently provided by third parties, and two extensive expert reports recently served by Plaintiffs. The present impediments of working remotely with limitations on staff and other crucial resources are compounded by the volume of documents, numerous key deponents, and the overall complexities of this case. Plaintiffs' stoic devotion to stand firm on the deadlines in the Scheduling Order will only result in an unfair advantage over Defendants. Simply stated, there is good cause to extend the deadlines in the Scheduling Order due to the profound logistical difficulties and complications presented by the COVID-19 global pandemic. *See Kleiman v. Wright*, 2020 WL 1472087 (S.D. Fla. Mar. 26, 2020) (COVID-19 pandemic good cause to amend scheduling order).

**II.     Argument**

Federal Rule of Civil Procedure 16(b)(4) permits modification of a court-ordered schedule "for good cause and with the judge's consent." In addition, Rule 16 grants district

2

courts the power to police their dockets, including the imposition of deadlines. *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989). If the parties, like the litigants here, diligently and timely pursue their rights but for reasons other than their own negligence are unable to comply with the court's deadline, the court should exercise its discretion and modify its scheduling order. *Payne v. Ryder Sys.*, 173 F.R.D. 537, 539 (M.D. Fla. 1997).

Plaintiffs' contention that Defendants seek an indefinite extension is simply not true. In the Motion, Defendants explain why a four-month extension was necessary and reasonable in this case and included a detailed chart with suggested dates to which all deadlines could be moved. Prior to filing the Motion, Defendants conferred with Plaintiffs and proposed a six-week extension that could be revisited depending on the status of the COVID-19 pandemic. (D.E. 115 at pp. 8-9). Plaintiffs note in their Response that Defendants, in an unrelated action, had sought a six-week extension on certification deadlines. Scheduling issues are unique to each case. An initial six-week extension may be sufficient. Nonetheless, the challenges of working under the COVID-19 restrictions are amplified by the volume of documents and number of depositions in this case. The parties continue to obtain documents from various sources, including Simple Health's Receiver. Communications with the Receiver have, in fact, been delayed based on internet connectivity issues for the Receiver's counsel. Documents from the Receiver will be important for the at-least eleven party depositions (based on the eight Plaintiffs and the recent request for depositions made by Plaintiffs) and two expert depositions that will need to take place before the class discovery cutoff.

Plaintiffs miss the point in describing their experience with remote depositions and ability to use such technology to adequately use a relatively small number of exhibits in their own

practice. The key issue is whether or not there is good cause to extend the class certification discovery deadlines based on the COVID-19 pandemic. As addressed both here and in the Motion, good cause exists. *See Martinez v. Cherry Bekaert, LLP*, No. 1:18-25429 (Goodman), (S.D. Fla. Mar. 25, 2020) (Dkt. No. 49) (granting motion to extend deadlines in scheduling order, including discovery deadlines, based on COVID-19 and travel issues). Judge Goodman is not alone in granting extensions of current deadlines based on the COVID-19 pandemic as the Northern District of Illinois has extended all deadlines for a total of 49 days (*see* Amended General Order 20-0012 and Second Amended General Order 20-0012), and the Eleventh Judicial Circuit in and for Miami-Dade County, Florida has extended all deadlines falling between March 13, 2020 and June 1, 2020 by 80 days (*see* Administrative Order No. 20-08). An extension of four months may possibly affect the calendar call and the trial date. For this reason, Defendants suggested an initial extension of six weeks.

      Plaintiffs point out that the litigation during this pandemic should not stop. Defendants agree and have diligently devoted substantial resources to the progress of this litigation. Research, motions, and paper discovery can be done on a computer with only limited interruptions as pointed out in the Motion. Taking live, critical depositions of parties, witnesses, and experts with voluminous documents presents a different set of insurmountable challenges.

      Travel restrictions and social distancing necessitated by the pandemic has caused an obviously difficult situation, particularly in a complex case such as this one. The voluminous documents along with the extensive and critical depositions that will need to be effectively conducted are good cause for a short extension of the dates in the Scheduling Order. Furthermore, the pleadings in this matter are not closed as the Court recently conducted a hearing on April 9, 2020 on Defendants' Motions to Dismiss the Second Amended Complaint. A

modification of the Scheduling Order will not impede the otherwise prompt resolution of this dispute. The denial of an extension, however, will surely result in prejudice to Defendants.

Recently, in *Kleiman*, 2020 WL 1472087, the court found good cause to amend the scheduling order due to the COVID-19 global pandemic, and the related profound logistical difficulties affecting residents of Florida and other states, businesses and courts, and outstanding depositions to be taken. The court recognized "the present difficulties of working remotely with limited staff and resources against the COVID-19 backdrop" and emphasized:

> Indeed, a national emergency has been declared by President Trump, the State of New York has been particularly crippled by the outbreak, and courts and other workforces across the nation are stretched thin. In this setting, it is therefore appropriate to amend the current deadlines.

*Id.*, at *2.

These same profound and logistical difficulties stemming from the COVID-19 global pandemic demonstrate good cause for amending the Scheduling Order in this complex putative RICO class action.

### III. Conclusion

For all of these reasons, Defendants respectfully request the Court grant the Motion and enter an order amending the Scheduling Order to extend the deadlines by four months or, in the alternative, extend the deadlines by six weeks.

Dated: April 15, 2020.

>By: *s/ Garry W. O'Donnell*
>**Garry W. O'Donnell, Esq.**
>Florida Bar No. 0478148
>Email: garry.odonnell@gmlaw.com
>**Dariel J. Abrahamy, Esq.**
>Florida Bar No. 0014901
>Email: dariel.abrahamy@gmlaw.com
>**Aaron T. Williams, Esq.**
>Florida Bar No. 99224
>Email: aaron.williams@gmlaw.com
>GREENSPOON MARDER LLP
>2255 Glades Road, Suite 400-E
>Boca Raton, Florida 33431
>Telephone: (561) 994-2212
>Facsimile: (561) 807-7527
>*Attorneys for Defendants, Health Insurance Innovations, Inc., Health Plan Intermediaries Holdings, LLC, and Michael Kosloske*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing document was filed with the Clerk of Court using the Court's CM/ECF system on this 15th day of April, 2020, which will generate notification to all known counsel of record or pro se parties.

>By: *s/ Garry W. O'Donnell*
>Garry W. O'Donnell, Esq.