# EXHIBIT A

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| Belin, et. al. | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 0:19-cv-61430-SINGHAL/Valle |
| Health Insurance Innovations, Inc., et al. | ) |
| *Defendant* | ) |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: Records Custodian, International Benefits Administrators, c/o its Registered Agent, Cogency Global, Inc., 115 North Calhoun Street, Suite 4, Tallahassee, Florida 32301

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

Your tracking of claims made by customers of VitalaCare Limited Benefit Medical and Health Choice Plus Limited Benefit Medical insurance.

| Place: Levine Kellogg Lehman Schneider + Grossman LLP 201 S. Biscayne Blvd., 22nd Floor, Miami, FL 33131 | Date and Time: 04/24/2020 12:00 pm |
|---|---|

The deposition will be recorded by this method: Stenographic.

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Exhibit A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 03/25/2020

| *CLERK OF COURT* | OR | |
|---|---|---|
| | | /s/Alexander G. Strassman |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Elizabeth Belin et al , who issues or requests this subpoena, are:

Alexander Strassman, Esq., LKLSG, 201 S. Biscayne Blvd., 22nd Floor, Miami, FL 33131, ags@lklsg.com, 305-403-8788

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 0:19-cv-61430-SINGHAL/Valle

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

No. 0:19-cv-61430-SINGHAL/Valle

## EXHIBIT A

## DEFINITIONS

The following list of definitions shall apply, and be used and referenced by the person complying with this discovery request solely for the purposes of answering this Subpoena Request for Production of Documents:

1. **"You" or "Your"** means International Benefits Administrators, LLC and each of its subsidiaries, affiliates, and successors.

2. **"Action"** means this action captioned *Belin v. Health Insurance Innovations, Inc.,* S.D. Fla. Case No. 0:19-cv-61430-Singhal/Valle.

3. **"Second Amended Complaint"** refers to the Second Amended Complaint filed in this Action on January 24, 2020.

4. **"Communication"** means the transmittal of information, in the form of facts, ideas, inquiries, or otherwise, including Documents, emails, correspondence, recorded telephone calls, packages, conversations, meetings, discussions, telegrams, telexes, telecopies, seminars, conferences, messages, notes, emails, and memoranda. As defined herein, **"Communication"** shall include any Document, and apply to the use of any medium, including text or social media messaging or chat platform or service, such as Facebook, LinkedIn, Twitter, iMessage, WhatsApp, Blackberry Instant Messenger, and Gmail chat.

5. **"Health Insurance Innovations"** or **"HIIQ"** means Health Insurance Innovations, Inc. and anyone acting on its behalf.

6. **"Health Plan Intermediaries"** or **"HPIH"** means Health Insurance Intermediaries Holdings, LLC and anyone acting on its behalf.

7. **"VitalaCare Plan"** means VitalaCare Limited Benefit Medical insurance

1

underwritten by Lifeshield National Insurance Co.

8. **"Health Choice Plus Plan"** means Health Choice Plus Limited Benefit Medical insurance underwritten by American Financial Security Life Insurance Co.

9. **"Document"** means the original, any non-identical copy or draft, and, if applicable, both sides of any writing or recording of whatever nature, whether written, typed, printed, photocopied, filmed, videotaped, or mechanically or electronically sorted or recorded, whether prepared by Defendants or any other person, and is in Defendants' possession, custody, or control. Without limiting the foregoing, **"Document"** includes correspondence, memoranda, faxes, emails, reports, notes, minutes, or records of telephone conversations, meetings, or conferences, diaries, logs, calendars, calendar notes, accounting records, financial statements, books of account, vouchers, invoices, bills, computer tapes, diskettes, electronically stored information or print-outs, writings, drawings, graphs, charts, photographs, phono-records, videotape recordings, and data compilations from which information can be obtained or translated. The term shall be given the broadest meaning possible under any applicable rules, and shall include information stored in, or accessible through, computer or other information retrieval systems, together with instructions and all other materials necessary to use or interpret such data compilations.

10. **"Identify,"** when used with respect to an individual, animal, or entity, means to state the name of that person. **"Identify,"** when used with respect to a Document, means to state the date of the Document, the author(s) and recipient(s) of the Document, and the subject matter of the Document.

11. The words **"Person"** and **"Individual"** shall mean any natural person, proprietorship, partnership, corporation, association, organization, joint venture, business trust, or other business enterprise, governmental body or agency, or governmental, public, legal, or

business entity, or group of natural persons or entities, whether *sui juris* or otherwise.

12. **"Class Plaintiffs"** refers to Elizabeth E. Belin, Christopher Mitchell, Kevin Furman, Michell Kirby, Gabrielle Watson, Kathryn Svenson, Jesse Manley, and Randall Spitzmesser.

13. **"Regarding," "Related to," "Relating to,"** and **"Pertaining to"** include, but are not limited to, anything concerning, arising out of, or evidencing the subject of the Request.

14. The terms **"And"** and **"Or"** shall be both conjunctive and disjunctive; the term **"Including"** means "including without limitation;" and **"Each," "Any,"** and **"All"** mean "each and every."

## INSTRUCTIONS

1. Each of the Requests seeks all Documents, wherever located, which are in Your possession, custody, or control, or in the actual or constructive possession, custody, or control of You or any of Your affiliates or present or former attorneys, agents, representatives, advisors, or employees, as well as any third-party service providers with which You have an account, including, for example, telephone and cable carriers, Internet service providers, email carriers, banks, insurance companies, or any other institution with which You have an account and the right to access Your account records.

2. If You believe that any person or entity might have possession, custody, or control of any Document that is not within Your custody or control but is otherwise responsive to any part of the Requests, You shall so state and shall identify the person or entity that You believe might have custody or control of that Document.

3. You shall produce all Documents in the order and manner that they are kept in the usual course of business. You shall produce all physical Documents in their original folders,

binders, covers, or containers (or You shall provide properly sequenced photocopies thereof).

4. Documents produced shall be organized so that the files in which they were located can be ascertained, as well as their relative order in such files and how such files were maintained. Electronically stored information shall be produced in the same electronic form as it exists in Your computers, original files, or other storage media, and the production shall preserve the integrity of the underlying electronically stored information, *i.e.*, the original formatting, email header and family information, and the revision history. Metadata shall be included with all files. Spreadsheet files such as those created using the Microsoft Excel software application, and database files such as those created using the Microsoft Access or QuickBooks software application, shall be produced in <u>native</u> format.

5. Any Document that is attached electronically or physically, by staple, clip or otherwise, to a Document requested herein shall also be produced (attached in the same manner as the original) regardless of whether the production of that Document is otherwise requested herein.

6. If You have no Documents that are responsive to a Request, You shall so state.

7. You shall respond to the Requests reasonably and not strain to interpret them in an artificially restrictive manner to avoid disclosure of relevant and non-privileged Documents. You shall not produce Documents in a manner designed to hide or obscure the existence of particular Documents, or to accomplish any other improper purpose. You shall base Your discovery objections on a good-faith belief in their merit and shall not object solely for the purpose of withholding or delaying the disclosure of relevant information, or for any other improper purpose.

8. Unless otherwise specified below, the time period of these Requests is from **January 1, 2013** through the present.

9. All Requests for Documents include email communications found in any mailbox, including but not limited to personal mailboxes.

## **DOCUMENTS TO BE PRODUCED**

1. Documents sufficient to show all claims for benefits made by or for any of the Class Plaintiffs in connection with their VitalaCare Plan purchased through HIIQ and/or HPIH.

2. Documents sufficient to show all claims for benefits made by or for any of the Class Plaintiffs in connection with their Health Choice Plus Plan purchased through HIIQ and/or HPIH.

3. Documents sufficient to show all benefits paid on claims made by or for any of the Class Plaintiffs in connection with their VitalaCare Plan purchased through HIIQ and/or HPIH.

4. Documents sufficient to show all benefits paid on claims made by or for any of the Class Plaintiffs in connection with their Health Choice Plus Plan purchased through HIIQ and/or HPIH.