**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 19-cv-61430-SINGHAL/Valle**

ELIZABETH BELIN, CHRISTOPHER
MITCHELL, KEVIN FURMAN, MITCHELL
KIRBY, GABRIELLE WATSON, and
KATHRYN SVENSON, JESSE MANLEY, AND
RANDALL SPITZMESSER, individually and on
behalf of all others similarly situated,

    Plaintiffs,

v.

HEALTH INSURANCE INNOVATIONS, INC.,
HEALTH PLAN INTERMEDIARIES
HOLDINGS, LLC, and MICHAEL KOSLOSKE,

    Defendants.
_____/

## ORDER DENYING MOTIONS TO DISMISS

**THIS CAUSE** is before the Court on Defendants' motions to dismiss[1] (DE [68], [69]) the Second Amended Complaint (DE [53]).[2] Plaintiffs bring five counts against Defendants: (1) RICO Violation; (2) RICO Conspiracy; (3) Aiding and Abetting a RICO Violation; (4) Aiding and Abetting a Breach of Fiduciary Duty; and (5) Aiding and Abetting Fraud. Defendants previously moved to dismiss the Amended Complaint and the Court denied most of their arguments raised therein. *See* Order Adopting R&R (DE [47]).

---

[1] Defendants Health Insurance Innovations, Inc. ("HII") and Health Plan Intermediaries Holdings, LLC ("HPIH") (collectively, "Corporate Defendants") move to dismiss (DE [68]) and Defendant Michael Kosloske ("Individual Defendant") (Corporate Defendants and Individual Defendant, together, "Defendants") moves separately (DE [69]). They raise substantially the same arguments. Corporate Defendants' motion (DE [68]) also move to strike certain allegations, discussed below.

[2] At the conclusion of this Order, the Court will also rule on several nondispositive motions.

Because Defendants raise substantively the same arguments now to dismiss the Second Amended Complaint, the Court finds them unpersuasive and the motions are **DENIED**. Further, the Court will not address each argument, as they all have been discussed in detail already.

I.   **BACKGROUND**[3]

The Court assumes familiarity with much of the factual background and procedural posture of this case. The following recitation of the essential facts is taken from the magistrate judge's well-articulated and well-reasoned report and recommendation ("R&R") (DE [39]) on Defendants' motion to dismiss the Amended Complaint (DE [27]):

> Plaintiffs are individual consumers who were not covered by employer health plans. They allege that Defendants engaged in a fraudulent scheme that misled them and others into believing that they were purchasing major medical insurance when, in reality, they were purchasing "limited benefit indemnity plans" and "medical discount plans" that, at best, defrayed a fraction of the out-of-pocket costs. The Amended Complaint accuses Defendants of developing the limited benefit indemnity and medical discount plans, as well as the distribution channels for those plans.
>
> The alleged distribution channels included two distributors: Simple Health and Donsi Jax, Inc. d/b/a Nationwide Health Advisors ("Nationwide Health"). Plaintiffs allege, among other things, that Defendants funded the sales operations at Simple Health and Nationwide Health, trained their sales agents, reviewed and edited the scripts used by their agents, provided an online platform for sales agents to quote and sell Defendants' insurance products, collected monthly premiums for plans sold by Simple Health and Nationwide Health, and accounted for and distributed "extremely generous commissions" for those sales. Further, plaintiffs allege that the sales agents at Simple Health and Nationwide Health induced consumers to purchase Defendants' products by reading a uniform script that misrepresented that they were purchasing a "PPO" from a reputable, "A-rated" insurance carrier

---

[3] "'When evaluating a motion to dismiss under Rule 12(b)(6), the question is whether the complaint contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Worthy v. City of Phenix City*, 930 F.3d 1206, 1217 (11th Cir. 2019) (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

when, in fact, they were purchasing "virtually worthless" limited benefit indemnity and medical discount plans.

See R&R 2 (DE [39]) (record citations omitted), *aff'd and adopted by* Order Adopting R&R (DE [47]).

In the R&R, the magistrate judge recommended the Court: (1) dismiss the Amended Complaint without prejudice for some shotgun-pleading issues; and (2) dismiss HII from the claim for unjust enrichment. *See also* Order Adopting R&R (DE [47]). Critically, however, the magistrate judge rejected Defendants' remaining arguments—the substantive arguments. Plaintiffs have since filed the Second Amended Complaint.

The Court finds minor changes from the Amended Complaint to the Second Amended Complaint. The only change the Court will address is Plaintiffs' inclusion of new allegations that include new non-party agencies Safeguard Insurance Market, Inc., Health Benefits Group, Inc. and Assurance IQ, Inc. that "used uniform scripts to sell limited benefit indemnity plans and medical discount plans marketed by HII and HPIH, generating significant complaints." 2d Am. Compl. ¶¶ 38–40. This is the subject of Corporate Defendants' motion to strike. *See infra*.

## II. DISCUSSION

Plaintiffs argue that Defendants raise again the same arguments already rejected by the R&R and affirmed and adopted by the Court. The Court agrees. The instant motions to dismiss raise two primary arguments: (1) that Plaintiffs have not adequately pled prima facie cases for RICO violation, RICO conspiracy, aiding and abetting a RICO violation, aiding and abetting a breach of fiduciary duty, and aiding and abetting fraud; and (2) that the Second Amended Complaint does not adequately plead particularized allegations for fraud. The Court finds neither of these arguments persuasive. Moreover,

3

and as eluded to above, these arguments have already been rejected by the Court. Consequently, the Court will address several—but not all—of the arguments raised by Defendants in the motions to dismiss.

### A. Legal Standard for a Claim Under RICO

The Racketeer Influenced and Corrupt Organizations Act ("RICO") makes it illegal "for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." 18 U.S.C. § 1962(c). A plaintiff must allege the following four elements to state a prima facie case under RICO: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Lehman v. Lucom*, 727 F.3d 1326, 1330 (11th Cir. 2013).

### B. Pleading with Particularity Under Rule 9(b)

RICO claims are a "certain breed of fraud claims" and, therefore, subject to the heightened pleading standard of Federal Rule of Civil Procedure 9(b). *Ambrosia Coal & Const. Co. v. Pages Morales*, 482 F.3d 1309, 1316 (11th Cir. 2007). Defendants again raise an alleged infirmity in the Second Amended Complaint's particularized allegations. The magistrate judge rejected this argument; so too does the Court.

"To comply with Rule 9(b), a plaintiff must allege: '(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud.'" *Cardenas v. Toyota Motor Corp.*, 418 F. Supp. 3d 1090, 1098 (S.D. Fla. 2019) (quoting *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1380–81 (11th Cir. 1997)). "[A]llegations of date, time

or place satisfy the Rule 9(b) requirement that the circumstances of the alleged fraud must be pleaded with particularity, but alternative means are also available to satisfy the rule." *See In re Managed Care Litig.*, 150 F. Supp. 2d 1330, 1347 (S.D. Fla. 2001).

Like the Amended Complaint, the Second Amended Complaint satisfies this standard, as well. Plaintiffs plead the underlying fraud in significant detail, devoting nearly forty paragraphs to describing the contents of the standardized sales script used by Defendants' agents and explaining how the scripts' contents misled consumers.

The R&R explained in great detail how the allegations described with particularity the common scheme as it applied to all class members, as well as the how that scheme was applied personally to each named Plaintiff with particularity. R&R 10–12. Thus, Defendants' argument that Individual Plaintiff Kevin Furman's claims fail because he purchased products from a different company likewise fails. The Second Amended Complaint unambiguously alleges that Nationwide Health used a similar script to the one used by Simple Health. 2d Am. Compl. ¶ 92.

C. **RICO Causation and Standing**

Defendants also again argue Plaintiffs failed to adequately plead RICO causation and standing. The Court finds each argument contained within this issue has been briefed, analyzed, and determined by the R&R, which was then adopted by the Court. There is nothing new or novel raised by Defendants. They again argue that the RICO claim should be dismissed because the acts they committed—the mailing and emailing of membership cards and fulfillment documentation—did not themselves contain misrepresentations or omissions. But, again, as the R&R pointed out: "To violate the wire

5

fraud statute, it is not necessary that the transmitted information include any misrepresentation." *United States v. Hasson*, 333 F.3d 1264, 1272–73 (11th Cir. 2003).

### D. Association-in-Fact Enterprise

Another argument previously raised by Defendants is the "distinction" element of the enterprise. Defendants-argue that Plaintiffs fail to allege "an enterprise distinct from Defendants' business." But, as already noted by the Court, "[a] RICO enterprise need not possess an 'ascertainable structure' distinct from the associations necessary to conduct the pattern of racketeering activity." *United States v. Goldin Indus., Inc.*, 219 F.3d 1271, 1275 (11th Cir. 2000). The Supreme Court has written that a RICO enterprise does not need to have a "hierarchical structure or 'chain-of-command'" or "a name, regular meetings, dues, established rules and regulations, disciplinary procedures, or induction or initiation ceremonies." *Boyle v. United States*, 556 U.S. 938, 948 (2009). Simply, at a minimum, an enterprise must possess three structural features: "a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit those associates to pursue the enterprise's purpose." *Id.* at 946.

### E. Defendants' Participation in the Affairs of the Enterprise

Defendants also argue Plaintiffs failed sufficiently to allege Defendants' participation in the affairs of the enterprise. But, under the case law, "[t]he operation or management test requires that 'in order to participate, directly or indirectly, in the conduct of such enterprise's affairs,' one must have *some part* in directing those affairs." *In re Managed Care Litig.*, 150 F. Supp. 2d at 1342 (emphasis added). In other words, Plaintiffs needed only to allege facts from which one can infer that Defendants had "some part in directing" the enterprise's affairs. Plaintiffs did so.

6

The allegations show how Defendants "involved themselves in the affairs of" Simple Health and Nationwide Health. By alleging that Defendants financed agents' operations, installed call center representatives at agents' offices, handled the agents' scripts and registered the agents' licenses, this case is distinguishable from the Seventh Circuit case cited by Defendants.

Defendants also raise what appears to be a new argument: that there are no facts to infer that Defendants reviewed, edited and approved the fraudulent scripts because Plaintiffs did not allege what scripts were reviewed and how they were edited or approved by Defendants. The Court disagrees. Plaintiffs extensively allege Defendants' participation in the affairs of the enterprise well beyond and including their involvement in the scripts.

### E.     Plaintiffs' Claims for RICO Conspiracy and Aiding and Abetting

The Court finds each argument contained within Counts II, III, and IV, has been briefed, analyzed, and determined by the R&R, which was then adopted by the Court. There is nothing new or novel raised by Defendants. Moreover, as Plaintiffs argue, Defendants' motions focus almost entirely on defeating Plaintiffs' RICO claims, all but ignoring Plaintiffs' common-law claims of aiding and abetting a RICO violation (Count III), aiding and abetting breach of fiduciary duty (Count IV) and aiding and abetting fraud (Count V).

### F.     Corporate Defendants' Motion to Strike

Corporate Defendants also move to strike allegations relating to some additional agencies that allegedly used uniform scripts to sell limited benefit indemnity plans and medical discount plans marketed by Defendants. These agencies are: Safeguard

7

Insurance Market, Inc., Health Benefits Group, Inc., and Assurance IQ, Inc.  They argue Plaintiffs do not allege that they purchased any of those products from those third parties or that they used the scripts containing the misrepresentations, and that the allegations were included to expand scope of discovery.  The paragraphs subject to Corporate Defendants' motion to strike are 38, 39, and 40.

"The purpose of a motion to strike is to clean up the pleadings, remove irrelevant or otherwise confusing materials, and avoid unnecessary forays into immaterial matters." *Blake v. Batmasian*, 318 F.R.D. 698, 700 (S.D. Fla. 2017).  However, "[a] motion to strike is a drastic remedy that is disfavored by the courts."  *Agan v. Katzman & Korr, P.A.*, 328 F. Supp. 2d 1363, 1367 (S.D. Fla. 2004).  Such motions should be granted only in "extreme circumstances."  *Longhini v. W. 97 Corp.*, 2016 WL 7438829, at *1 (S.D. Fla. Apr. 29, 2016).  They are "usually denied" unless the allegations "have no possible relation to the controversy and may cause prejudice to one of the parties."  *Agan*, 328 F. Supp. 2d at 1367.

The Court declines to strike paragraphs 38, 39, and 40.  First, Corporate Defendants have failed to overcome the extraordinary burden to strike allegations.  *Agan*, 328 F. Supp. 2d at 1367.  They contend these allegations are speculative, conjectural, and are calculated to "unlock the doors of discovery."  Even if this were true—the Court disagrees, Corporate Defendants have failed to explain how the allegations "have no *possible relation* to the controversy."  *Id.* (emphasis added).

Corporate Defendants also move to strike paragraphs 1, 2, and 5.  There, Plaintiffs use the typical, adversarial words like "unscrupulous health insurance scammers," "scam," "classic bait-and-switch scam," and "virtually worthless limited indemnity plans

8

and medical discount plans." Though less than collegial, the Court is not going to strike these allegations. Corporate Defendants cite only to one case that does not address a motion to strike or prejudicial language in the complaint. *See Cent. United Life Ins. Co. v. Burwell*, 827 F.3d 70, 71 (D.C. Cir. 2016) (standing for the proposition that fixed indemnity is a form of insurance).

### III. CONCLUSION

The Motions to Dismiss (DE [68], [69]) are **DENIED**. Defendants are directed to file an answer to the Second Amended Complaint within fourteen (14) days from the date of this order. The Motion to Strike is **DENIED**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 7th day of June 2020.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies to counsel via CM/ECF