**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**(FT LAUDERDALE DIVISION)**

**CASE NO. 0:19-cv-61430**

ELIZABETH E. BELIN, *et al.*,

      Plaintiffs,

v.

HEALTH INSURANCE INNOVATIONS,
INC., *et al.*,

      Defendants.

_____/

**DEFENDANTS HEALTH INSURANCE INNOVATIONS, INC. AND HEALTH PLAN INTERMEDIARIES HOLDINGS, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED CLASS ACTION COMPLAINT**

Defendants Health Insurance Innovations, Inc. (a/k/a Benefytt Technologies, Inc.) ("HII") and Health Plan Intermediaries Holdings, LLC ("HPIH") (collectively "Defendants"), hereby serve their Answer and Affirmative Defenses to Plaintiffs' Second Amended Class Action Complaint (Dkt. No. 53), and state the following:

**ANSWER**

**Introduction**

1.    Deny that the marketing and sale of "limited benefit indemnity plans" and ancillary products such as "medical discount plans" are a scam, and deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy or accuracy of each and every other allegation set forth in paragraph 1 of the Second Amended Class Action Complaint.

2.    Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy or accuracy of the allegations set forth in paragraph 2 of the Second Amended Class Action Complaint.

3.      Deny the allegations set forth in paragraph 3 of the Second Amended Class Action Complaint.

4.      Deny the allegations set forth in paragraph 4 of the Second Amended Class Action Complaint.

5.      Deny the allegations set forth in paragraph 5 of the Second Amended Class Action Complaint.

6.      Deny the allegations regarding knowing and substantial assistance to distributors and allegations regarding an enterprise, and deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy or accuracy of each and every other allegation set forth in paragraph 6 of the Second Amended Class Action Complaint.

7.      Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy or accuracy of the allegations set forth in paragraph 7 of the Second Amended Class Action Complaint.

8.      Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy or accuracy of the allegations set forth in paragraph 8 of the Second Amended Class Action Complaint.

9.      Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy or accuracy of the allegations set forth in paragraph 9 of the Second Amended Class Action Complaint.

**<u>Jurisdiction And Venue</u>**

10.      Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy or accuracy of the allegations set forth in paragraph 10 of the Second Amended Class Action Complaint.

11.     Admit that Defendants maintain their headquarters and principal place of business in Florida, but deny each and every other allegation set forth in paragraph 11(a) of the Second Amended Class Action Complaint, and deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy or accuracy of the allegations set forth in paragraph 11(b) of the Second Amended Class Action Complaint.

12.     Deny the allegations set forth in paragraph 12 of the Second Amended Class Action Complaint.

## Parties

13.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy or accuracy of the allegations set forth in paragraph 13 of the Second Amended Class Action Complaint.

14.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy or accuracy of the allegations set forth in paragraph 14 of the Second Amended Class Action Complaint.

15.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy or accuracy of the allegations set forth in paragraph 15 of the Second Amended Class Action Complaint.

16.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 16 of the Second Amended Class Action Complaint.

17.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 17 and, therefore deny same.

18.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy or accuracy of the allegations set forth in paragraph 18 and, therefore deny same.

19.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy or accuracy of the allegations set forth in paragraph 19 of the Second Amended Class Action Complaint.

20.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 20 of the Second Amended Class Action Complaint.

21.     Admit HII is a Delaware corporation based in Tampa, Florida, is publically traded under stock symbol HIIQ, is a holding company, has an ownership interest in HPIH, and that HII receives distributions from HPIH to pay taxes and other expenses, but deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy or accuracy of each and every other allegation set forth in paragraph 21 of the Second Amended Class Action Complaint.

22.     Admit HPIH is a Delaware limited liability company based in Tampa, Florida whose members are Health Insurance Innovations, Inc., Health Plan Intermediaries Sub, LLC, Health Plan Intermediaries, LLC, and Gavin Southwell, but deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy or accuracy of each and every allegation set forth in paragraph 22 of the Second Amended Class Action Complaint

23.     Admit the allegations set forth in paragraph 23 of the Second Amended Class Action Complaint.

## Relevant Nonparties

24.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 24 of the Second Amended Class Action Complaint.

25.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 25 of the Second Amended Class Action Complaint.

26.     Admit Simple Health sold limited benefit indemnity products, but deny each and every other allegation set forth in paragraph 26 of the Second Amended Class Action Complaint.

27.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 27 of the Second Amended Class Action Complaint.

28.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 28 of the Second Amended Class Action Complaint.

29.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 29 of the Second Amended Class Action Complaint.

30.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 30 of the Second Amended Class Action Complaint.

31.     Admit that Defendants sold their interest in SIL in 2015, and deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of each and every other allegation set forth in paragraph 31 of the Second Amended Class Action Complaint.

32.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 32 of the Second Amended Class Action Complaint.

33.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 33 of the Second Amended Class Action Complaint.

34.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 34 of the Second Amended Class Action Complaint.

35.     Admit Nationwide Health sold limited benefit indemnity products, and deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the locations of its corporate headquarters, and deny each and every other allegation set forth in paragraph 35 of the Second Amended Class Action Complaint.

36.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 36 of the Second Amended Class Action Complaint.

37.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 37 of the Second Amended Class Action Complaint.

38.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 38 of the Second Amended Class Action Complaint.

39.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 39 of the Second Amended Class Action Complaint.

40.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 40 of the Second Amended Class Action Complaint.

41.     Deny the allegations set forth in paragraph 41 of the Second Amended Class Action Complaint.

## Factual Background

**A.     Comprehensive Medical Insurance v. Limited Benefit Indemnity Plans and Medical Discount Plans**

42.     Deny the allegations set forth in paragraph 42 of the Second Amended Class Action Complaint.

43.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 43 of the Second Amended Class Action Complaint.

44.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 44 of the Second Amended Class Action Complaint.

45.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 45 of the Second Amended Class Action Complaint.

46.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 46 and, therefore deny same.

47.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 47 and, therefore deny same.

48.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 48 and, therefore deny same.

**B.**     **The Enterprise**

49.     Admit HII was founded by Kosloske and that HII became publically traded, state that 2018 revenues are as reported, and deny each and every other allegation set forth in paragraph 49 of the Second Amended Class Action Complaint.

50.     Deny the allegations set forth in paragraph 50 of the Second Amended Class Action Complaint.

51.     Deny the allegations set forth in paragraph 51 of the Second Amended Class Action Complaint.

52.     Admit Defendants are not insurers, assist in the development of limited benefit indemnity plans and other products, and the products are underwritten by insurers, and  deny each and every other allegation set forth in paragraph 52 of the Second Amended Class Action Complaint.

53.     Admit HPIH entered into a Managing General Agent Agreement, deny the allegations that HII entered into a Managing General Agent Agreement, and deny for want of

knowledge or information sufficient to form a belief as to the truth or accuracy of each and every other allegation set forth in paragraph 53 of the Second Amended Class Action Complaint.

54.     Admit HPIH entered into a managing general agent agreement, deny the allegations that HII entered into a managing general agent agreement, and deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of each and every other allegation set forth in paragraph 54 of the Second Amended Class Action Complaint.

55.     Admit Defendants collected monthly payments from Simple Health and Nationwide Health customers and distributed commissions and premiums, and deny each and every other allegation set forth in paragraph 55 of the Second Amended Class Action Complaint.

56.     Admit Defendants performed certain services for customers of Simple Health and Nationwide Health, deny each and every other allegation set forth in paragraph 56 of the Second Amended Class Action Complaint.

57.     Deny the allegations set forth in paragraph 57 of the Second Amended Class Action Complaint

58.     Admit HPIH entered into a Master Commission Advance Agreement and Secured Promissory Note, and each and every other allegation set forth in paragraph 58 of the Second Amended Class Action Complaint.

59.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 59 of the Second Amended Class Action Complaint.

60.     Deny the allegations set forth in paragraph 60 of the Second Amended Class Action Complaint.

61.     Admit Nationwide Health marketed Cardinal Choice products, and deny each and every other allegation set forth in paragraph 61 of the Second Amended Class Action Complaint.

**C.      The Enterprise's Scheme**

62.     Deny the allegations set forth in paragraph 62 of the Second Amended Class Action Complaint.

63.     Deny the allegations set forth in paragraph 63 of the Second Amended Class Action Complaint.

**D.      The Misleading Websites**

64.     Deny the allegations set forth in paragraph 64 of the Second Amended Class Action Complaint.

65.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 65 of the Second Amended Class Action Complaint.

66.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 66 of the Second Amended Class Action Complaint.

67.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 67 of the Second Amended Class Action Complaint.

**E.      A Standardized Sales Script Is Used To Fraudulently Induce Consumers**

68.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 68 of the Second Amended Class Action Complaint.

69.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 69 of the Second Amended Class Action Complaint.

70.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 70 of the Second Amended Class Action Complaint.

71.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 71 of the Second Amended Class Action Complaint.

72.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 72 of the Second Amended Class Action Complaint.

73.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 73 of the Second Amended Class Action Complaint.

74.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 74 of the Second Amended Class Action Complaint.

75.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 75 of the Second Amended Class Action Complaint.

76.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 76 of the Second Amended Class Action Complaint.

77.     Deny selling limited benefit indemnity plans and discount plans, and deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of each and every other allegation set forth in paragraph 77 of the Second Amended Class Action Complaint.

78.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 78 of the Second Amended Class Action Complaint.

79.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 79 of the Second Amended Class Action Complaint.

80.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 80 of the Second Amended Class Action Complaint.

81.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 81 of the Second Amended Class Action Complaint.

82.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 82 of the Second Amended Class Action Complaint.

83.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 83 of the Second Amended Class Action Complaint.

84.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 84 of the Second Amended Class Action Complaint.

85.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 85 of the Second Amended Class Action Complaint.

86.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 86 of the Second Amended Class Action Complaint.

87.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 87 of the Second Amended Class Action Complaint.

88.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 88 of the Second Amended Class Action Complaint.

89.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 89 of the Second Amended Class Action Complaint.

90.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 90 of the Second Amended Class Action Complaint.

91.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 91 of the Second Amended Class Action Complaint.

92.     Deny the allegations set forth in paragraph 92 of the Second Amended Class Action Complaint.

**F.**     **Payment Is Taken And The Customer Is Read The Post-Close Script**

93.     Admit Simple Health and Nationwide Health use Defendants' payment platform, and deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of each and every other allegation set forth in paragraph 93 of the Second Amended Class Action Complaint.

94.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 94 of the Second Amended Class Action Complaint.

95.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 95 of the Second Amended Class Action Complaint.

96.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 96 of the Second Amended Class Action Complaint.

97.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 97 of the Second Amended Class Action Complaint.

98.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 98 of the Second Amended Class Action Complaint.

99.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 99 of the Second Amended Class Action Complaint.

**G.      The Verification Script Also Misled Customers**

100.    Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 100 and, therefore deny same.

101.    Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 101 of the Second Amended Class Action Complaint.

102.    Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 102 of the Second Amended Class Action Complaint.

103.    Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 103 of the Second Amended Class Action Complaint.

104.    Deny the allegations set forth in paragraph 104 of the Second Amended Class Action Complaint.

105.	Deny the allegations set forth in paragraph 105 of the Second Amended Class Action Complaint.

**H.**	**A Fiduciary Relationship Was Established**

106.	Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 106 of the Second Amended Class Action Complaint.

107.	Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 107 of the Second Amended Class Action Complaint.

108.	Deny the allegations directed to Defendants, and deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of each and every other allegation set forth in paragraph 108 of the Second Amended Class Action Complaint.

109.	Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 109 of the Second Amended Class Action Complaint.

110.	Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 110 of the Second Amended Class Action Complaint.

111.	Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 111 of the Second Amended Class Action Complaint.

112.	Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 112 of the Second Amended Class Action Complaint.

113.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 113 of the Second Amended Class Action Complaint.

114.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 114 of the Second Amended Class Action Complaint.

**I.**     **Class Plaintiffs And Class Members Relied As A Whole On The Misrepresentations**

115.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 115 of the Second Amended Class Action Complaint.

116.     Deny the allegations regarding the verification process and fulfillment documents, and deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of each and every other allegation set forth in paragraph 116 of the Second Amended Class Action Complaint.

117.     Deny the allegations set forth in paragraph 117 of the Second Amended Class Action Complaint.

118.     Deny the allegations set forth in paragraph 118 of the Second Amended Class Action Complaint.

**J.**     **Victims Included The Class Plaintiffs**

119.     Deny the allegations set forth in paragraph 119 of the Second Amended Class Action Complaint.

120.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 120 of the Second Amended Class Action Complaint.

121.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 121 of the Second Amended Class Action Complaint.

122.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 122 of the Second Amended Class Action Complaint.

123.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 123 of the Second Amended Class Action Complaint.

124.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 124 of the Second Amended Class Action Complaint.

125.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 125 of the Second Amended Class Action Complaint.

126.     Deny the timing of payment, and deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of each and every other allegation set forth in paragraph 126 of the Second Amended Class Action Complaint.

127.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 127 of the Second Amended Class Action Complaint.

128.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 128 of the Second Amended Class Action Complaint.

129.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 129 and, therefore deny same.

130.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 130 and, therefore deny same.

131.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 131 of the Second Amended Class Action Complaint.

132.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy or accuracy of the allegations set forth in paragraph 132 of the Second Amended Class Action Complaint.

133.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 133 of the Second Amended Class Action Complaint.

134.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 134 of the Second Amended Class Action Complaint.

135.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 135 of the Second Amended Class Action Complaint.

136.    Deny the timing of payment, and deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of each and every other allegation set forth in paragraph 136 of the Second Amended Class Action Complaint.

137.    Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 137 and, therefore deny same.

138.    Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 138 of the Second Amended Class Action Complaint.

139.    Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 139 of the Second Amended Class Action Complaint.

140.    Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 140 of the Second Amended Class Action Complaint.

141.    Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 141 of the Second Amended Class Action Complaint.

142.    Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 142 of the Second Amended Class Action Complaint.

143.    Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 143 of the Second Amended Class Action Complaint.

144.    Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 144 of the Second Amended Class Action Complaint.

145.    Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 145 of the Second Amended Class Action Complaint.

146.    Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 146 of the Second Amended Class Action Complaint.

147.    Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 147 of the Second Amended Class Action Complaint.

148.    Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 148 of the Second Amended Class Action Complaint.

149.    Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 149 of the Second Amended Class Action Complaint.

150.    Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 150 of the Second Amended Class Action Complaint.

151.    Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 151 of the Second Amended Class Action Complaint.

152.    Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 152 of the Second Amended Class Action Complaint.

153.    Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 153 of the Second Amended Class Action Complaint.

154.    Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 154 of the Second Amended Class Action Complaint.

155.    Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 155 of the Second Amended Class Action Complaint.

156.    Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 156 of the Second Amended Class Action Complaint.

157.    Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 157 of the Second Amended Class Action Complaint.

158.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 158 of the Second Amended Class Action Complaint.

159.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 159 of the Second Amended Class Action Complaint.

160.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 160 of the Second Amended Class Action Complaint.

161.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 161 of the Second Amended Class Action Complaint.

162.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 162 of the Second Amended Class Action Complaint.

163.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 163 of the Second Amended Class Action Complaint.

164.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 164 of the Second Amended Class Action Complaint.

165.    Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy or accuracy of the allegations set forth in paragraph 165 of the Second Amended Class Action Complaint.

166.    Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy or accuracy of the allegations set forth in paragraph 166 of the Second Amended Class Action Complaint.

167.    Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy or accuracy of the allegations set forth in paragraph 167 of the Second Amended Class Action Complaint.

168.    Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy or accuracy of the allegations set forth in paragraph 168 of the Second Amended Class Action Complaint.

169.    Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy or accuracy of the allegations set forth in paragraph 169 of the Second Amended Class Action Complaint.

170.    Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy or accuracy of the allegations set forth in paragraph 170 of the Second Amended Class Action Complaint.

171.    Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy or accuracy of the allegations set forth in paragraph 171 of the Second Amended Class Action Complaint.

172.    Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy or accuracy of the allegations set forth in paragraph 172 of the Second Amended Class Action Complaint.

173.    Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy or accuracy of the allegations set forth in paragraph 173 and, therefore deny same.

174.    Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy or accuracy of the allegations set forth in paragraph 174 and, therefore deny same.

175.    Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy or accuracy of the allegations set forth in paragraph 175 and, therefore deny same.

176.    Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy or accuracy of the allegations set forth in paragraph 176 of the Second Amended Class Action Complaint.

177.    Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy or accuracy of the allegations set forth in paragraph 177 of the Second Amended Class Action Complaint.

178.    Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy or accuracy of the allegations set forth in paragraph 178 of the Second Amended Class Action Complaint.

179.    Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy or accuracy of the allegations set forth in paragraph 179 of the Second Amended Class Action Complaint.

180.    Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 180 of the Second Amended Class Action Complaint.

181.    Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 181 of the Second Amended Class Action Complaint.

182.    Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 182 of the Second Amended Class Action Complaint.

183.    Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 183 of the Second Amended Class Action Complaint.

184.    Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 184 of the Second Amended Class Action Complaint.

185.    Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 185 of the Second Amended Class Action Complaint.

186.    Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 186 of the Second Amended Class Action Complaint.

187.    Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 187 of the Second Amended Class Action Complaint.

188.    Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy or accuracy of the allegations set forth in paragraph 188 of the Second Amended Class Action Complaint.

189.    Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy or accuracy of the allegations set forth in paragraph 189 of the Second Amended Class Action Complaint.

190.    Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 190 of the Second Amended Class Action Complaint.

**K.    Defendants Knew About And Directed The Fraudulent Scheme**

191.    Deny the allegations set forth in paragraph 191 of the Second Amended Class Action Complaint.

192.    Admit the SEC filings and their content, and deny each and every other allegation set forth in paragraph 192 of the Second Amended Class Action Complaint.

193.    Deny the allegations set forth in paragraph 193 of the Second Amended Class Action Complaint.

194.    Deny the allegations set forth in paragraph 194 of the Second Amended Class Action Complaint.

195.    Admit HPIH provides certain services as a third-party administrator and the SEC filings and their content, and deny each and every other allegation set forth in paragraph 195 of the Second Amended Class Action Complaint.

196.    Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 196 of the Second Amended Class Action Complaint.

197.    Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 197 of the Second Amended Class Action Complaint.

198.    Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of each and every other allegation set forth in paragraph 198 of the Second Amended Class Action Complaint.

199.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 199 of the Second Amended Class Action Complaint.

200.    Admit HPIH processed refunds as third-party administrator, and deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of each and every other allegation set forth in paragraph 200 of the Second Amended Class Action Complaint.

201.    Deny the allegations set forth in paragraph 201 of the Second Amended Class Action Complaint.

202.    Deny the allegations set forth in paragraph 202 of the Second Amended Class Action Complaint.

203.    Deny the allegations set forth in paragraph 203 of the Second Amended Class Action Complaint.

204.    Deny the allegations set forth in paragraph 204 of the Second Amended Class Action Complaint.

205.    Admit the State of Montana regulatory proceeding, and deny each and every other allegation set forth in paragraph 205 of the Second Amended Class Action Complaint.

206.    Admit the State of Arkansas regulatory proceeding, and deny each and every other allegation set forth in paragraph 206 of the Second Amended Class Action Complaint.

207.    Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 207 of the Second Amended Class Action Complaint.

208.    Admit the Florida Department of Financial Services issued a Letter of Guidance, and deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of each and every other allegation set forth in paragraph 208 of the Second Amended Class Action Complaint.

209.    Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 209 of the Second Amended Class Action Complaint.

210.    Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 210 of the Second Amended Class Action Complaint.

211.    Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 211 of the Second Amended Class Action Complaint.

212.    Admit the review of the sales practices of third-parties, and deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of each and every other allegation set forth in paragraph 212 of the Second Amended Class Action Complaint.

213.    Admit Defendants entered into a regulatory settlement agreement, deny any wrongdoing or liability as set forth in the regulatory settlement agreement, and deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of each and every other allegation set forth in paragraph 213 of the Second Amended Class Action Complaint.

**L.    The HII Defendants Substantially Assisted The Ongoing Scheme**

214.    Deny the allegations set forth in paragraph 214 of the Second Amended Class Action Complaint.

215.    Deny the allegations set forth in paragraph 215 of the Second Amended Class Action Complaint.

216.    Deny the allegations set forth in paragraph 216 of the Second Amended Class Action Complaint.

217.    Admit the allegations set forth in paragraph 217 of the Second Amended Class Action Complaint.

218.    Deny the allegations set forth in paragraph 218 of the Second Amended Class Action Complaint.

219.    Deny the allegations set forth in paragraph 219 of the Second Amended Class Action Complaint.

220.     Deny the allegations set forth in paragraph 220 of the Second Amended Class Action Complaint.

221.     Deny the allegations set forth in paragraph 221 of the Second Amended Class Action Complaint.

222.     Deny the allegations set forth in paragraph 222 of the Second Amended Class Action Complaint.

223.     Deny the allegations set forth in paragraph 223 of the Second Amended Class Action Complaint.

**M.     The Scheme Caused Class Plaintiffs And Putative Class Members To Suffer Damages**

224.     Deny the allegations set forth in paragraph 224 of the Second Amended Class Action Complaint.

225.     Deny the allegations set forth in paragraph 225 of the Second Amended Class Action Complaint.

226.     Deny the allegations set forth in paragraph 226 of the Second Amended Class Action Complaint.

227.     Admit billing and collection of premiums, state that Defendants cooperated with the FTC's remedial efforts, and deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 227 of the Second Amended Class Action Complaint.

228.     Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 228 of the Second Amended Class Action Complaint.

229.    Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 229 of the Second Amended Class Action Complaint.

230.    Deny the allegations set forth in paragraph 230 of the Second Amended Class Action Complaint.

231.    State that the legal obligations of the Affordable Care Act require no response, and deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of each and every other allegation set forth in paragraph 231 of the Second Amended Class Action Complaint.

**N.    The FTC Shuts Down Simple Health**

232.    Admit the allegations that the FTC filed a lawsuit against Simple Health and Dorfman, and deny for want of knowledge or information to form a belief as to the truth or accuracy of each and every other allegation in the FTC lawsuit as set forth in paragraph 232 of the Second Amended Class Action Complaint.

233.    Admit the allegations set forth in paragraph 233 of the Second Amended Class Action Complaint.

234.    Admit the MGAA and MCAA were terminated on November 2, 2018 as alleged in paragraph 234 of the Second Amended Class Action Complaint.

235.    Admit the FTC proceeding is a matter of public record, and deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of each and every other allegation set forth in paragraph 235 of the Second Amended Class Action Complaint.

236.    Deny for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 236 of the Second Amended Class Action Complaint.

## RICO Allegations

237.    Deny the allegations set forth in paragraph 237 of the Second Amended Class Action Complaint.

238.    Deny the allegations set forth in paragraph 238 of the Second Amended Class Action Complaint.

239.    Deny the allegations set forth in paragraph 239 of the Second Amended Class Action Complaint.

240.    Deny the allegations set forth in paragraph 240 of the Second Amended Class Action Complaint.

241.    Deny the allegations set forth in paragraph 241 of the Second Amended Class Action Complaint.

242.    Deny the allegations set forth in paragraph 242 of the Second Amended Class Action Complaint.

243.    Deny the allegations set forth in paragraph 243 of the Second Amended Class Action Complaint.

244.    Deny the allegations set forth in paragraph 244 of the Second Amended Class Action Complaint.

245.    Deny the allegations set forth in paragraph 245 of the Second Amended Class Action Complaint.

246.    Deny the allegations set forth in paragraph 246 of the Second Amended Class Action Complaint.

247.    Deny the allegations set forth in paragraph 247 of the Second Amended Class Action Complaint.

248.    Deny the allegations set forth in paragraph 248 of the Second Amended Class Action Complaint.

## Class Action Allegations

249.    Deny the allegations set forth in paragraph 249 of the Second Amended Class Action Complaint.

250.    Deny the allegations set forth in paragraph 250 of the Second Amended Class Action Complaint.

251.    Deny the allegations set forth in paragraph 251 of the Second Amended Class Action Complaint.

252.    Deny the allegations set forth in paragraph 252 of the Second Amended Class Action Complaint.

253.    Deny the allegations set forth in paragraph 253 of the Second Amended Class Action Complaint.

254.    Deny the allegations set forth in paragraph 254 of the Second Amended Class Action Complaint.

255.    Deny the allegations set forth in paragraph 255 of the Second Amended Class Action Complaint.

256.    Deny the allegations set forth in paragraph 256 of the Second Amended Class Action Complaint.

257.    Deny the allegations set forth in paragraph 257 of the Second Amended Class Action Complaint.

258.    Deny the allegations set forth in paragraph 258 of the Second Amended Class Action Complaint.

259.    Deny the allegations set forth in paragraph 259 of the Second Amended Class Action Complaint.

260.    Deny the allegations set forth in paragraph 260 of the Second Amended Class Action Complaint.

<u>**Count I**</u>
**(Violation of RICO § 1962(c) Against All Defendants)**

261.    Repeat with the same force and effect as if fully rewritten the responses to the allegations incorporated in paragraph 261 of the Second Amended Class Action Complaint.

262.    Deny the allegations set forth in paragraph 262 of the Second Amended Class Action Complaint.

263.    Deny the allegations set forth in paragraph 263 of the Second Amended Class Action Complaint.

264.    Deny the allegations set forth in paragraph 264 of the Second Amended Class Action Complaint.

265.    Deny the allegations set forth in paragraph 265 of the Second Amended Class Action Complaint.

266.    Defendants deny the allegations set forth in paragraph 266 of the Second Amended Class Action Complaint.

267.    Deny the allegations set forth in paragraph 267 of the Second Amended Class Action Complaint.

268.    Deny the allegations set forth in paragraph 268 of the Second Amended Class Action Complaint.

269.    Deny the allegations set forth in paragraph 269 of the Second Amended Class Action Complaint.

270.     Deny the allegations set forth in paragraph 270 of the Second Amended Class Action Complaint.

271.     Deny the allegations set forth in paragraph 271 of the Second Amended Class Action Complaint.

272.     Deny the allegations set forth in paragraph 272 of the Second Amended Class Action Complaint.

## Count II
### (Section 1962(d) RICO Conspiracy Against All Defendants)

273.     Repeat with the same force and effect as if fully rewritten the responses to the allegations incorporated in paragraph 273 of the Second Amended Class Action Complaint.

274.     Deny the allegations set forth in paragraph 274 of the Second Amended Class Action Complaint.

275.     Deny the allegations set forth in paragraph 275 of the Second Amended Class Action Complaint.

276.     Deny the allegations set forth in paragraph 276 of the Second Amended Class Action Complaint.

## Count III
### (Aiding and Abetting a Violation of RICO Section 1962(c) Against All Defendants)

277.     Repeat with the same force and effect as if fully rewritten the responses to the allegations incorporated in paragraph 277 of the Second Amended Class Action Complaint.

278.     Deny the allegations set forth in paragraph 278 of the Second Amended Class Action Complaint.

279.     Deny the allegations set forth in paragraph 279 of the Second Amended Class Action Complaint.

280.    Deny the allegations set forth in paragraph 280 of the Second Amended Class Action Complaint.

281.    Deny the allegations set forth in paragraph 281 of the Second Amended Class Action Complaint.

<u>**Count IV**</u>
**(Aiding and Abetting a Breach of Fiduciary Duty Against the HII Defendants)**

282.    Repeat with the same force and effect as if fully rewritten the responses to the allegations incorporated in paragraph 282 of the Second Amended Class Action Complaint.

283.    Deny the allegations set forth in paragraph 283 of the Second Amended Class Action Complaint.

284.    Deny the allegations set forth in paragraph 284 of the Second Amended Class Action Complaint.

285.    Deny the allegations set forth in paragraph 285 of the Second Amended Class Action Complaint.

286.    Deny the allegations set forth in paragraph 286 of the Second Amended Class Action Complaint.

<u>**Count V**</u>
**(Aiding and Abetting Fraud Against the HII Defendants)**

287.    Repeat with the same force and effect as if fully rewritten the responses to the allegations incorporated in paragraph 287 of the Second Amended Class Action Complaint.

288.    Deny the allegations set forth in paragraph 288 of the Second Amended Class Action Complaint.

289.    Deny the allegations set forth in paragraph 289 of the Second Amended Class Action Complaint.

290.    Deny the allegations set forth in paragraph 290 of the Second Amended Class Action Complaint.

291.    Deny the allegations set forth in paragraph 291 of the Second Amended Class Action Complaint.

292.    Deny the allegations set forth in paragraph 292 of the Second Amended Class Action Complaint.

293.    Deny the allegations set forth in paragraph 293 of the Second Amended Class Action Complaint.

**Count VI**
**(Unjust Enrichment Against HPIH)**

294.    Repeat with the same force and effect as if fully rewritten the responses to the allegations incorporated in paragraph 294 of the Second Amended Class Action Complaint.

295.    Deny the allegations set forth in paragraph 295 of the Second Amended Class Action Complaint.

296.    Deny the allegations set forth in paragraph 296 of the Second Amended Class Action Complaint.

297.    Deny the allegations set forth in paragraph 297 of the Second Amended Class Action Complaint.

**GENERAL DENIAL**

Deny all allegations in the Second Amended Class Action Complaint not specifically admitted herein, denied, controverted or otherwise addressed above.

**AFFIRMATIVE DEFENSES**

Defendants assert the following affirmative defenses without altering Plaintiffs' burden of proof on any of the issues in this action.

**First Affirmative Defense**
**(Failure to State a Cause of Action)**

Plaintiffs' Second Amended Class Action Complaint fails to state any claim upon which relief may be granted.

**Second Affirmative Defense**
**(Failure to State a Cause of Action for Class Relief)**

Plaintiffs' Second Amended Class Action Complaint fails to state any claim for class relief under Federal Rule of Civil Procedure 23. This case is not suitable for class treatment, in that, among other things, Plaintiffs claims are not common or typical, Plaintiffs are not adequate class representatives, individualized issues will predominate, a class action is not a superior way of proceeding, and the proposed class is not adequately defined and clearly ascertainable.

**Third Affirmative Defense**
**(Improper Venue)**

Venue is not proper in this District.

**Fourth Affirmative Defense**
**(Preemption)**

All claims asserted under the Racketeer Influenced and Corrupt Organizations Act (RICO) in the Second Amended Class Action Complaint are preempted and barred by the McCarran-Fergusson Act.

**Fifth Affirmative Defense**
**(Filed Rate Doctrine)**

The filed rate doctrine bars, in whole or material part, the claims asserted in the Second Amended Class Action Complaint.

**Sixth Affirmative Defense**
**(*In Pari Delicto*)**

The RICO and other claims asserted in the Second Amended Class Action Complaint are barred by the doctrine of *in pari delicto*.

<u>**Seventh Affirmative Defense**</u>
**(Statute of Limitations)**

The claims asserted in the Second Amended Class Action Complaint are barred, in whole or material part, by the statute of limitations.

<u>**Eighth Affirmative Defense**</u>
**(Unclean Hands)**

The claims asserted in the Second Amended Class Action Complaint are barred by the doctrine of unclean hands.

<u>**Ninth Affirmative Defense**</u>
**(Due Diligence)**

The failure to exercise reasonable care and due diligence cause or contributed to any injury or damage, and any recovery must therefore be eliminated or proportionally reduced.

<u>**Tenth Affirmative Defense**</u>
**(Standing)**

Plaintiffs lack standing to pursue the claims asserted in the Second Amended Class Action Complaint.

<u>**Eleventh Affirmative Defense**</u>
**(Set-Off)**

Defendants are entitled to a set-off against any damage awarded to Plaintiffs for any and all payments made by any collateral source.

<u>**Twelfth Affirmative Defense**</u>
**(Waiver/Estoppel)**

The claims asserted in the Second Complaint Class Action Complaint are barred, in whole or in material part, by the doctrines of waiver, estoppel, ratification and laches.

<u>**Thirteenth Affirmative Defense**</u>
**(Failure to Mitigate Damages)**

There has been a failure to mitigate any compensable injury sustained.

### Fourteenth Affirmative Defense
### (No Proximate Cause)

The claims asserted in the Second Amended Class Action Complaint were caused, in whole or in material part, by the negligent, deliberate, intentional, reckless, or unlawful acts or omissions of third parties, and no act or omission by Defendants caused any compensable injury.

### Fifteenth Affirmative Defense
### (No Substantial Assistance)

The claims asserted in the Second Amended Class Action Complaint that Defendants substantially assisted the alleged wrongful conduct of others by performing legitimate commercial services are barred.

### Sixteenth Affirmative Defense
### (Fault of Plaintiffs)

Plaintiffs are not entitled to recover any losses they could have reasonably avoided.

### Seventeenth Affirmative Defense
### (Ordinary Course of Conduct)

As a third-party administrator of the limited indemnity benefit plans and medical discount plans sold by independent parties, Defendants' communication and/or sharing of information with independent parties cannot constitute an inference of an agreement to conspire to violate RICO as the communication and/or sharing of information is the normal course of commercial conduct.

### PRAYER FOR RELIEF

WHEREFORE, Defendants, Health Insurance Innovations, Inc. and Health Plan Intermediaries Holdings, LLC, demand judgment that: (i) Plaintiffs take nothing by way of claims asserted in the Second Amended Class Action Complaint; (ii) this action be dismissed, with prejudice, in its entirety; (iii) attorneys' fees and costs in this action be assessed against Plaintiffs; and (iv) other and further relief be awarded as the Court may deem just and proper.

## PRAYER FOR RELIEF

Defendants, Health Insurance Innovations, Inc. and Health Plan Intermediaries Holdings, LLC, reserve the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

Dated:  June 22, 2020.

By: *s/ Garry W. O'Donnell*
    **Garry W. O'Donnell, Esq.**
    Florida Bar No. 0478148
    Email: garry.odonnell@gmlaw.com
    **Aaron T. Williams, Esq.**
    Florida Bar No. 99224
    Email: aaron.williams@gmlaw.com
    GREENSPOON MARDER LLP
    2255 Glades Road, Suite 400-E
    Boca Raton, Florida 33431
    Telephone: (561) 994-2212
    Facsimile:  (561) 807-7527
    *Attorneys for Defendants, Health Insurance*
    *Innovations, Inc., Health Plan Intermediaries*
    *Holdings, LLC, and Michael Kosloske*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing document was filed with the Clerk of Court using the Court's CM/ECF system on this 22nd day of June, 2020, which will generate notification to all known counsel of record or pro se parties.

By: *s/ Garry W. O'Donnell*
    Garry W. O'Donnell, Esq.