UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(FT LAUDERDALE DIVISION)

CASE NO. 0:19-cv-61430- SINGHAL/Valle

ELIZABETH E. BELIN, *et al.*,

    Plaintiffs,

v.

HEALTH INSURANCE INNOVATIONS, INC.,
*et al.*,

    Defendants.

_____/

## DEFENDANT HEALTH INSURANCE INNOVATIONS, INC MOTION FOR PROTECTIVE ORDER FROM DEPOSITION OF GAVIN SOUTHWELL

Defendant, Health Insurance Innovations, Inc. ("HII"), pursuant to Fed. R. Civ. P. 26(c), hereby moves for a Protective Order precluding the Deposition of its CEO and President Gavin Southwell. The points and authorities in support this Motion and the reasons why it should be granted are as follows:

### I. INTRODUCTION

Plaintiffs served notice on January 22, 2021 for the deposition of HII's CEO and President Gavin Southwell ("Southwell") to occur on February 11, 2021. A copy of the Notice is attached hereto as Exhibit "A." The Notice does not reflect the capacity in which Plaintiffs seek to depose Southwell and he has not been served with a subpoena. Under the "apex doctrine" in this Circuit, a top ranking official like Southwell is protected from deposition unless Plaintiffs can meet their high burden to show that the officer has unique discovery information that has not, or could not, have been obtained through less intrusive means. Plaintiffs have completed Rule 30(b)(6) depositions on 53 topics, and have deposed other HII representatives. Hundreds of thousands of documents produced. Over five sets of interrogatories have been directed to HII.

46324678v1

Plaintiffs will not be able to meet its burden to show Southwell has any unique, non-repetitive, discoverable information Plaintiffs have not already obtained or could have obtained through less intrusive means.

## II. FACTUAL BACKGROUND

On January 15, 2021 Plaintiffs contacted Defendants and stated their intention to depose Southwell among others. Defendants responded to this request on January 21 and stated that there as no basis for the deposition of Southwell as it would constitute an apex deposition. Plaintiffs replied the following day and simply contended the apex doctrine did not prevent he deposition of Southwell because he is mentioned in certain emails produced in discovery. Yet, Plaintiffs' position was later confirmed on a telephone call on with Defendants but Plaintiffs failed to point out any area where Southwell had unique, non-repetitive firsthand knowledge of facts at issue that other less intrusive means of discovery could not, or had not, already been explored. Plaintiffs refused to withdraw its deposition notice which required Defendants file this Motion.

## III. LEGAL STANDARDS

A party may move for a protective order "to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The party seeking a protective order under Rule 26(c) must demonstrate "good cause," which means a "sound basis or legitimate need to take judicial action." *Wrangen v. Pennsylania Lumbermans Mut. Ins. Co.*, 593 F.Supp.2d 1273, 1277 (S.D. Fla. 2008) (internal quotes and citation omitted). A court may then issue a protective order as to provide one of any variety of remedies, including that the discovery not be had, altogether. See Fed. R. Civ. P. 26(c)(1).

High-ranking corporate officials require protection from the courts, such as by way of a protective order, because of their positions that would, otherwise, subject them to "numerous,

repetitive, harassing, and abusive depositions[.]" *Apple Inc. v. Corellium, LLC*, 2020 WL 1849409, at *3 (S.D. Fla. Apr. 13, 2020) (internal quotes and citation omitted). A party seeking such an "apex deposition" must satisfy a two-part test and establish that (1) the high-ranking corporate officer possesses "unique, non-repetitive, firsthand knowledge of the facts at issue"; and (2) "other less intrusive means of discovery, such as interrogatories and depositions of other employees, have been exhausted without success." *Tillman v. Advanced Pub. Safety, Inc.*, 2017 WL 679980, at *2 (S.D. Fla. Feb. 16, 2017). In addition to satisfying the two-prong test, the party seeking the deposition has the burden of demonstrating that the deposition is necessary. *See Little League Baseball, Inc. v. Kaplan*, 2009 WL 426277, at *2 (S.D. Fla. Feb. 20, 2009). Thus, "even when a high-ranking official of a corporation does have direct knowledge of the facts, it is inappropriate to compel his or her deposition without first deposing lesser-ranking employees who have more direct knowledge of the facts at issue." *Sun Capital Partners, Inc. v. Twin City Fire Ins. Co.,* 310 F.R.D. 523, 528 (S.D. Fla. 2015) (internal citation omitted) (finding that the party requesting the apex deposition "ha[d] not made a showing that the information it seeks cannot be obtained through less burdensome means" where it failed to depose any other lesser-ranking employees).

## IV. ARGUMENT

### A. Plaintiffs Fail to Meet Their Burden

There is no dispute that Southwell is a high-ranking executive at HII and Plaintiffs have not contended that the apex doctrine does not apply. Accordingly, Plaintiffs must establish that Southwell "(1) has unique, non-repetitive, firsthand knowledge of the facts at issue in the case, and (2) that other less intrusive means of discovery, such as interrogatories and depositions of other employees, have been exhausted without success." *Id*. at 527. Here, when confronted by HII regarding the application of the apex doctrine, Plaintiffs only response was to vaguely reference

emails on which Southwell is copied. Plaintiffs have not described with any particularity what unique information necessary to this case that Southwell may have that has not already been established through other witnesses or could be established by less intrusive means. As such Plaintiffs failed to meet their burden on this threshold issue the deposition of Southwell is not warranted.

To the extent Plaintiffs want to examine him about his role as CEO and president of HII for part of the time-period that covers Plaintiffs' allegations, such questioning would be a tremendous waste of time and not proportional to the needs of the case. Extensive discovery in this case has already taken place and any deposition of Southwell would only serve to harass and cover ground that has already been trampled over. Indeed, Plaintiffs have submitted six sets of interrogatories, over 100 requests for production and 53 deposition topics for HII's 30(b) (6) deposition. HII's corporate representatives have sat for three separate depositions to date and additional HII personnel have also been deposed.  The discovery in this case has resulted in hundreds of thousands of pages being exchanged between the Parties. There are no unique facts known by Southwell and no facts that could be learned that have not already been established in this case and Plaintiffs have failed to identify any and thus have not established any basis for this deposition.

### B. Southwell's Deposition Should Not Proceed

Here, Plaintiffs seek to depose Southwell, CEO and President of HII—presumably on some emails on which he was included and refer to the issues in this case. This is insufficient to meet Plaintiffs' burden. *See Sun Capital Partners, Inc.,* 310 F.R.D. at 527-528.  This information is corporate knowledge that has already been explored via the corporate representatives that have sat for deposition on three separate occasions in this case. The fact that Southwell was included

46324678v1

on some emails that may be relevant to this case does not establish that his deposition is necessary or should take place.  To the contrary, the questioning would be solely to harass and annoy, and would cause undue burden or expense especially where such information can be obtained from another, if it has not already been established already in this case.

As stated above, any discoverable information Southwell may have could have been gleaned from documents already produced, interrogatories propounded, or by deposing HII's corporate representative or other witnesses, which has already occurred.  If the issues that Plaintiffs wish to question Southwell on were not part of the 53 deposition topics that were already discussed over the course of three depositions, they should not be permitted to depose the CEO and President of HII as a substitute for their prior discovery plan. Plaintiffs have not articulated any unique knowledge Southwell might have of relevant facts. Under Rule 26 standards, the Court should prohibit the deposition.

### C.  CONCLUSION

For the reasons more fully set forth above, HII respectfully requests that the Court enter an order prohibiting Plaintiffs from deposing Gavin Southwell.

Dated: February 1, 2021                    Respectfully submitted,

                                                GREENSPOON MARDER LLP

By: /s/ Aaron T. Williams
    **Garry W. O'Donnell, Esq.**
    Florida Bar No. 0478148
    Email: garry.odonnell@gmlaw.com
    **Aaron T. Williams, Esq.**
    Florida Bar No. 99224
    Email: aaron.williams@gmlaw.com
    **Sherine Marder, Esq.**
    Florida Bar No. 56268
    GREENSPOON MARDER LLP
    2255 Glades Road, Suite 400-E
    Boca Raton, Florida 33431
    Telephone: (561) 994-2212
    Facsimile: (561) 807-7527
    *Attorney for Defendants*

## **CERTIFICATE OF COMPLIANCE WITH S.D. FLA. L.R. 7.1(a)(3)**

I HEREBY CERTIFY that, in accordance with S.D. Fla. Local Rule 7.1(a)(3), counsel for the movants has conferred with all parties who may be affected by the relief sought in the Motion in a good-faith effort to resolve the issues raised in the Motion and has been unable to so do.

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that I have filed the foregoing with the Clerk of Court via CM/ECF this 1st day of February, 2021, which constitutes service on all parties through their counsel of record.

                                                  /s/ Aaron T. Williams