UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CV-61430-SINGHAL/VALLE

ELIZABEITH E. BELIN, *et al.*,

      Plaintiffs,

v.

HEALTH INSURANCE
INNOVATIONS, INC., *et al.*,

      Defendants.
_____

### ORDER ON DISCOVERY MOTION

THIS CAUSE is before the Court upon Defendant's Motion for Protective Order from Deposition of Gavin Southwell (ECF No. 211) (the "Motion"). Having reviewed the record, the Motion, the Response (ECF No. 219), and being duly advised in the matter, it is hereby **ORDERED AND ADJUDGED** that the Motion is **GRANTED** for the reasons set forth below.

### I.      BACKGROUND

Plaintiffs bring this class action against Defendants alleging that Defendants mislead Plaintiffs and others into believing they were purchasing major medical insurance when, in fact, Plaintiffs were purchasing "limited benefit indemnity plans" and "medical discount plans." *See generally* (ECF No. 208) (Order on Motion for Class Certification). Defendant Health Insurance Innovations Inc. ("HII") filed the instant Motion seeking a protective order to preclude the deposition of Gavin Southwell, Defendant HII's CEO and President. Plaintiffs argue that Mr. Southwell is a "key witness" and was "personally involved" with the facts at issue in this case. *See generally* (ECF No. 219).

## II.     DISCUSSION

Pursuant to Federal Rule of Civil Procedure 26(b), parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.  Fed. R. Civ. P. 26(b)(1).  Rule 26, however, also protects those from whom discovery is sought from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).   The party making a motion for a protective order must show that "good cause" exists for the court to issue such an order.  *Id.*  The court must also be satisfied that, on balance, the interests of the party seeking the protective order outweigh the interests of the opposing party.  *McCarthy v. Barnett Bank of Polk County*, 876 F.2d 89, 91 (11th Cir.1989).

Moreover, courts generally restrict parties from deposing high-ranking officials, commonly referred to as "apex depositions," because executives are particularly vulnerable to numerous, repetitive, harassing, and abusive depositions by virtue of their position.  *Hickey v. N. Broward Hosp. Dist.*, No. 14-CV-60542-BLOOM, 2014 WL 7495780, at *2 (S.D. Fla. Dec. 17, 2014).   Therefore, a party seeking to depose a high ranking corporate officer must first establish that the executive: (i) has unique, non-repetitive, firsthand knowledge of the facts at issue; and (ii) that other less intrusive means of discovery, such as interrogatories and depositions of other employees, have been exhausted without success.  *Id.* (citation omitted).  The party seeking to compel the deposition of a high-ranking executive has the burden of showing that the deposition is necessary.  *Id.*

Here, the undersigned finds that Plaintiffs have failed to meet their burden.  First, based on the date of the Notice of Deposition (January 22, 2021), Defendant HII'S Motion (filed on February 1, 2021) was timely and Defendant did not waive its challenge to an apex deposition.

Second, although Plaintiffs attach several emails in their response to the Motion to support the argument that Mr. Southwell was "personally involved" in the events surrounding the claims,

the emails actually reveal that in most instances, Mr. Southwell was one of several individuals copied on the communications. *See generally* (ECF No. 219-1). Indeed, Mr. Southwell actively responded in only one email exchange between July 16-18, 2017 (Exhibit 2) (ECF No. 219-1 at 7-10). This single exchange is insufficient to show that Mr. Southwell has unique, non-repetitive knowledge of the claims at issue to warrant his deposition. *See, e.g.*, *Sun Capital Partners, Inc. v. Twin City Fire Ins. Co.*, 310 F.R.D. 523, 527 (S.D. Fla. 2015) (granting the protective order against the deposition of co-founders and CEOs).

Moreover, Plaintiffs have not shown that they have exhausted other less intrusive means. Although Plaintiffs indicate that they have deposed other officers and will be deposing Defendant's CFO, founder, and prior CEO in the coming weeks, *see* (ECF No. 219 at 6), this is insufficient to show the exhaustion of less intrusive discovery methods. *Sun Capital Partners*, 310 F.R.D. at 527 (concluding that defendant had failed to show that the information sought could not be obtained through less burdensome means) (citation omitted). Lastly, Plaintiffs have not shown the balance of interests weighs in favor of taking the deposition of HII's President and CEO.

Accordingly, for the reasons set forth above, Defendant's Motion for Protective Order from Deposition of Gavin Southwell (ECF No. 211) is **GRANTED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida on February 10, 2021.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Raag Singhal
    All Counsel of Record