UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(FT LAUDERDALE DIVISION)

CASE NO. 0:19-cv-61430-SINGHAL/Valle

ELIZABETH E. BELIN, *et al.*,

      Plaintiffs,

v.

HEALTH INSURANCE INNOVATIONS, INC., *et al.*,

      Defendants.

_____/

**<u>SETTLEMENT AGREEMENT</u>**

      This Settlement Agreement is made and entered into by and between Plaintiffs, Elizabeth Belin, Christopher Mitchell, Kevin Furman, Mitchell Kirby, Kathryn Svenson, Gabrielle Watson, Jesse Manley, Randall Spitzmesser and Michael Escobar ("Plaintiffs"), for themselves and the Settlement Class Members (as defined below) on the one hand, and Defendants, Health Insurance Innovations, Inc., Health Plan Intermediaries Holdings, LLC and Michael Kosloske, on the other hand (collectively, the "Defendants").

      Plaintiffs and Defendants are each a "Party" to this Settlement Agreement and are referred to collectively herein as the "Parties."

      Subject to the terms and conditions set forth herein and to the Court's approval pursuant to Rule 23 of the Federal Rules of Civil Procedure, the settlement embodied in this Settlement Agreement is intended by the Parties to be a full and final disposition of the Action with respect to Defendants and to fully, finally and forever resolve, discharge, dismiss and settle the Released Claims against the Released Parties.

The Parties agree that, by entering into this Settlement, Defendants are not admitting any liability, fault or violation of law.  Rather, the Parties agree and acknowledge that Defendants vigorously deny all allegations and claims asserted against them but, like Plaintiffs, are entering into the Settlement to avoid the risk, burden and expense of continued litigation.

## I.  DEFINITIONS

As used in this Settlement Agreement and its exhibits, the following capitalized terms shall have the meanings set forth below.  In the event of any inconsistency between any definition set forth below and any definition in any other document related to the Settlement, the definition set forth below shall control.

(a)     "Action" means the civil action captioned *Belin v. Health Ins. Innovations, Inc.*, No. 1:19-cv-61430-SINGHAL (S.D. Fla.).

(b)     "CAFA Notice" means the notice required pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715 *et seq*.

(c)     "Claim Form" means the form sent to Settlement Class Members and voluntarily returned and/or submitted by Participating Settlement Class Members who seek to participate in the Settlement Class.  The Claim Form shall require the Settlement Class Member to affirm his or her desire to participate, and to provide or confirm current contact information.  The Claim Form shall also require each Settlement Class Member who seeks to be in the Medical Expense Subclass to confirm under penalty of perjury that he or she incurred an Uncovered Medical Expense during the Class Period.  The Claim Form shall require each Settlement Class Member who seeks to be in the Tax Penalty Subclass to confirm under penalty of perjury that he or she incurred a Tax Penalty during the Class Period.  A copy of the Claim Form is attached as **Exhibit 1.B**.

(d)      "Class Counsel" means Levine Kellogg Lehman Schneider + Grossman LLP and The Doss Firm, LLC, the law firms appointed as co-lead class counsel by the Court in its Order dated February 19, 2021.

(e)      "Class Period" means the period from June 7, 2015, to Preliminary Approval.

(f)      "Consideration" or "Class Payment" means the cash sum of $27.5 million ($27,500,000) that the HII Defendants will pay into the Settlement Fund to settle the Action in accordance with the terms of this Settlement Agreement.  For the avoidance of doubt, Mr. Kosloske shall not be responsible for any portion of the Consideration or Class Payment.  Other than the Consideration or Class Payment, Defendants shall owe no additional monies of any kind under this Settlement Agreement.

(g)      "Court" means the United States District Court for the Southern District of Florida.

(h)      "Defendants" means (i) the HII Defendants, their parents, subsidiaries and affiliates and each of their current and former officers, directors, managers and employees; and (ii) Michael Kosloske.

(i)      "Distribution" means the distribution of Net Consideration from the Settlement Fund to Participating Settlement Class Members.  At the discretion of the Settlement Administrator with the prior approval of the Parties, Distributions for Participating Settlement Class Members may be distributed to Participating Settlement Class Members (i) in multiple Distributions or (ii) in a single Distribution.

(j)      "Effective Date," or the date upon which the Settlement takes effect, means the date of Final Approval.

(k)      "Escrow Account" means one or more separate escrow account(s) into which the Consideration will be deposited for the benefit of the Settlement Class until such time as the

Consideration is transferred pursuant to the terms of this Settlement Agreement.  All funds held in the Escrow Account shall be the Settlement Fund and deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be disbursed pursuant to the terms of this Settlement Agreement and/or further order of the Court. The Escrow Agent shall invest the funds in the Escrow Account in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a U.S. Treasury Fund or a bank account that is either (a) fully insured by the Federal Deposit Insurance Corporation ("FDIC") or (b) secured by instruments backed by the full faith and credit of the United States Government.  All risks of loss related to the investment shall be borne solely by the Settlement Fund.  In the event this Settlement Agreement fails for any of the reasons identified in Section X, below, the contents of the Escrow Account will revert to the HII Defendants in accordance with the terms of that Section.

(l)      "Escrow Agent" means the person or institution selected with the approval of all Parties to receive and hold the Settlement Fund under the terms of this Settlement Agreement.  The Settlement Administrator may act as Escrow Agent.

(m)      "Final Approval" means the date when the order granting final approval of the Settlement and entering judgment (the Final Order and Judgment) will be final and no longer subject to appeal, and specifically:

(1)      if no appeal is taken therefrom, the date on which the time to appeal therefrom (including any potential extension of time) has expired; or

(2)      if any appeal is taken therefrom, the date on which all appeals therefrom, including petitions for rehearing or reargument, petitions for rehearing en banc and petitions for certiorari or any other form of review, have been finally disposed of, such that the time to appeal

therefrom (including any potential extension of time) has expired, in a manner resulting in an affirmance of the Final Order and Judgment.

(n)     "Final Approval Hearing" means the hearing held by the Court to determine whether to enter the Final Order and Judgment.

(o)     "Final Order and Judgment" means an order granting final approval of the Settlement and entering judgment substantially in the form of **Exhibit 1.D** hereto.

(p)     "FTC Action" means the civil action captioned *FTC v. Simple Health Plans LLC*, No. 18-cv-62593-GAYLES (S.D. Fla.).

(q)     "HII Defendants" means Health Insurance Innovations, Inc., Health Plan Intermediaries Holdings, LLC and Benefytt Technologies, Inc.

(r)      "Medical Expense Subclass" means all Settlement Class Members who incurred Uncovered Medical Expense(s).

(s)     "Nationwide Health" means Donisi Jax, Inc. a/k/a Nationwide Health a/k/a Atlantic Health.

(t)     "Net Consideration" means the Settlement Fund less: (1) Court-awarded attorneys' fees and reimbursement of attorneys' costs and expenses; (2) Notice and Administration Expenses; (3) Taxes, if any; (4) Service Awards; and (5) any other costs, fees, or expenses approved by the Court.

(u)     "Notice" or "Class Notice" means the Notice of Class Action Settlement to be provided to each Settlement Class Member.  Subject to approval of the Court, the Notice shall be substantially in the form attached as **Exhibit 1.A** hereto and shall describe for Settlement Class Members the requirements for excluding oneself from the Settlement or filing and pursuing an

objection.  The Settlement Administrator shall cause the Notice to be sent to each Settlement Class Member in accordance with the notice procedures described in Section VI.

(v)      "Notice and Administration Expenses" means all costs, fees, and expenses incurred by the Settlement Administrator and/or any mailing agents retained by Settlement Administrator in connection with providing Notice to the Settlement Class and distributing the Net Consideration to Participating Settlement Class Members, including but not limited to costs of printing and providing notice to persons in the Settlement Class including, but not limited to, costs for Direct Notice and the Settlement Website (all of which are defined in Section VI below); costs of administering the Settlement, including, but not limited to, the cost of printing and mailing settlement payments; and costs of reviewing Claim Forms and verifying information therein.

(w)      "Objection Deadline" shall be the date set by the Court for Settlement Class Members to provide notice to the Court of their objection to this Settlement, which subject to Court approval shall be 90 days from Preliminary Approval, but in any event at least 45 days after Preliminary Approval and at least 21 days before the Final Approval Hearing.

(x)      "Opt-Out Deadline" shall be the date set by the Court for Settlement Class Members to provide the Settlement Administrator with notice of their desire to opt out of this Settlement, which subject to Court approval shall be 90 days from Preliminary Approval, but in any event at least 45 days after Preliminary Approval and at least 21 days before the Final Approval Hearing.

(y)      "Participating Settlement Class Members" means those Settlement Class Members who timely submit a valid Claim Form and do not timely and validly request exclusion from the Settlement.

(z)      "Preliminary Approval" means the date on which the Court enters the Preliminary Approval Order.

(aa)    "Preliminary Approval Order" means the order by the Court granting preliminary approval of this Settlement Agreement, substantially in the form attached hereto as **Exhibit 1.C**.

(bb)    The "Receiver" means Michael I. Goldberg, as the Court-appointed receiver over the Simple Health Receivership Entities in the FTC Action.   To the extent the FTC Action's Receivership is terminated or otherwise ends prior to the completion of notice and administration of this Settlement Agreement, then the "Receiver" shall mean Michael I. Goldberg, Esq.

(cc)    "Released Claims" means any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, refunds, reimbursements, restitution, and attorneys' fees of any nature whatsoever, whether arising under federal law, state law, local law, common law or equity, state or federal antitrust laws, any state's consumer protection laws, unjust enrichment, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), or any other law, including Unknown Claims, whether suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, that were advanced in the Action, or that are related to the facts, transactions, events, occurrences, acts, or omissions alleged in the Action and could have been advanced in the Action, as of the date of the Final Order and Judgment (excluding, for avoidance of doubt, any claims to enforce the Settlement or the Final Order and Judgment).   However, Released Claims shall not include any claims held by the Receiver relating to commissions or other monies that the HII Defendants and/or Benefytt have collected, hold or may collect in the future relating to products sold by any of the Simple Health Receivership Entities.   Nor shall the Released Claims include the release of any claims held by Settlement Class Members who are part of the Simple Health Class (as that term is defined in the Court's February 1, 2021, Order on Motion for Class Certification) to distributions or other

CASE NO. 0:19-cv-61430-SINGHAL/Valle

consideration made, or to be made, by the Receiver.  The Parties agree that claims for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., or state court analogues, against the HII Defendants, are not affected by this Settlement.

(dd)    "Released Parties" means Defendants; the Settlement Class Members, including the Settlement Class Representatives, who do not timely opt out of the Settlement; and Class Counsel.

(ee)    "Releasing Parties" means Defendants; the Settlement Class Members, including the Settlement Class Representatives, who do not timely opt out of the Settlement; and Class Counsel.

(ff)    "Service Award" shall have the meaning ascribed to it in Section IV(c).

(gg)    "Settlement" means the resolution of the Action in accordance with the terms and provisions of this Settlement Agreement.

(hh)    "Settlement Administrator" means JND Class Action Administration and/or any third-party chosen by the Parties with expertise in the administration of class action settlements.

(ii)    "Settlement Agreement" means this Settlement Agreement and its exhibits.

(jj)    "Settlement Class" or "Class" shall mean those classes certified by the Court in its Order on Motion for Class Certification dated February 1, 2021, and as defined in paragraph 258 of the operative Third Amended Complaint.

(kk)    "Settlement Class Members" means those persons who are members of the Settlement Class.  Excluded from the Settlement Class Members are the Judge to whom the Action is assigned and any member of the Judge's staff and immediate family; the HII Defendants and their directors, officers, employees or independent contractors; Michael Kosloske; and the former directors, officers, employees or independent contractors of Simple Health or Nationwide Health.

CASE NO. 0:19-cv-61430-SINGHAL/Valle

(ll)      "Settlement Class Representatives" means Plaintiffs Elizabeth Belin, Christopher Mitchell, Kevin Furman, Mitchell Kirby, Kathryn Svenson, Gabrielle Watson, Jesse Manley, Randall Spitzmesser and Michael Escobar.

(mm)   "Settlement Fund" means the Consideration deposited in the Escrow Account and any interest or dividends that may accrue thereon.

(nn)     "Simple Health Receivership Entities" means Simple Health Plans LLC, Health Benefits One LLC, Health Center Management LLC, Innovative Customer Care LLC, Simple Insurance Lead LLC, Senior Benefits One LLC, and each of their subsidiaries, affiliates, and successors.

(oo)     "Tax" or "Taxes" mean any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax and additional amounts imposed with respect thereto), if any, imposed by any governmental authority.

(pp)     "Tax Penalty" means any tax penalty (i) imposed by the Internal Revenue Service against individuals without ACA-compliant health insurance (ii) and paid by a Settlement Class Member (iii) during the Class Period.

(qq)     "Tax Penalty Subclass" means all Settlement Class Members who incurred a penalty under the ACA's individual mandate provisions.

(rr)     "Uncovered Medical Expenses" means medical expenses (i) incurred by a Settlement Class Member (ii) during the Class Period (iii) for which the Settlement Class Member made a claim for reimbursement but (iv) whose claim was rejected in whole or in part.

(ss)     "Unknown Claims" means any and all Released Claims that Plaintiffs and/or any other Settlement Class Member does not know or suspect to exist in her, his, or its favor at the time of the release of the Released Parties, which if known by him, her, or it might have affected

CASE NO. 0:19-cv-61430-SINGHAL/Valle

her, his, or its decision(s) with respect to the Settlement, including the decision to seek exclusion from or object to the Settlement.

## II.      THE SETTLEMENT CLASS

The Classes were certified by the Court in its Order on Motion for Class Certification dated February 1, 2021.  Plaintiffs shall seek, and Defendants shall not oppose, Preliminary Approval and then Final Approval of this Settlement Agreement.  If the Settlement Agreement is not finally approved by the Court for any reason whatsoever, then this Settlement Agreement will be void subject to Section X below, and no doctrine of waiver, estoppel or preclusion will be asserted in any further litigated proceedings in this Action.  No agreements made by or entered into by Defendants in connection with the Settlement Agreement may be used by Plaintiffs, any Settlement Class Member or any other person to establish any of the elements of liability in any further litigated proceedings, whether in the Action or any other judicial proceeding.

## III.      SETTLEMENT CONSIDERATION

(a)      In consideration of the releases, covenants, and other agreements set forth in this Settlement Agreement, the HII Defendants shall pay the Consideration into the Escrow Account by check or wire transfer within 30 days after Preliminary Approval or on February 1, 2022, whichever is later, provided that, at least 20 days prior to payment of this Consideration, the HII Defendants have received from the Escrow Agent written instructions specifying the payee, tax ID number, wire transfer instructions and/or physical address for delivery of the check with a contact person name and phone number and an executed W-9 form (if necessary).  For avoidance of any doubt, the HII Defendants shall not be obligated to pay any portion of the Consideration prior to February 1, 2022.

(b)     Other than the Consideration, Defendants shall owe no additional monies of any kind under this Settlement Agreement. For the avoidance of doubt, Defendant Kosloske shall not be responsible for paying any portion of the Consideration.

(c)     Within 180 days of the Effective Date, the HII Defendants agree to the following business practice changes, to the extent not already implemented:

    a)  Require agents and distributors of limited benefit indemnity and ancillary products to record and maintain all sales calls;

    b)  Engage outside vendors to conduct secret shopper investigations for the purpose of detecting deceptive or fraudulent sales practices;

    c)  Where the website of the HII Defendants or any of its distributors mentions limited benefit indemnity or ancillary products, require that a conspicuous disclaimer stating products are not major medical insurance and are not compliant with Affordable Care Act;

    d)  Require the HII Defendants' compliance department to communicate directly with distributors about secret shopper reports and other compliance issues;

    e)  Require the collection of credit card information in the verification stage or thereafter in sales calls; and

    f)  Develop a disciplinary process for agents who mislead customers regarding coverage.

## IV.     PAYMENT OF ATTORNEYS' FEES, COSTS AND SERVICE AWARDS

(a)     Within 45 days of Preliminary Approval, Class Counsel will move for, and Defendants shall not oppose, an award of attorneys' fees not to exceed 33.33% of the Class Payment, plus reimbursement of expenses and costs incurred, to be paid from the Class Payment.

(b)     Within seven days after entry of the Final Order and Judgment, any award of attorneys' fees and costs shall be paid to Class Counsel from the Escrow Account according to wiring instructions that Class Counsel will provide.  Any payment of attorneys' fees and costs pursuant to this Paragraph shall be subject to Class Counsel's joint and several obligation to make refunds or repayments to the Escrow Account of any paid amounts, plus accrued earnings at the

CASE NO. 0:19-cv-61430-SINGHAL/Valle

same net rate as is earned by the Escrow Account, if: (a) as a result of any appeal or further proceedings on remand or successful collateral attack, the fee or cost is reduced, vacated, or reversed by a final, non-appealable court order; (b) this Settlement is terminated or cancelled for any reason; or (c) the Settlement is not approved or is reversed or modified by any court.  If any one or more of the events described in this Paragraph occur, Class Counsel shall make the appropriate refund or repayment in full no later than 15 calendar days after receiving notice of the event(s).

(c)     The Parties acknowledge that on Sept. 17, 2020, a panel of the U.S. Court of Appeals for the Eleventh Circuit entered an order that forbids Service Awards for lead plaintiffs in class settlements in this Circuit.  *See Johnson v. NPAS Solutions, LLC*, No. 18-12344, 2020 WL 5553312 (11th Cir. Sept. 17, 2020).  A petition for rehearing *en banc* has been filed and the Eleventh Circuit clerk of court has entered an order indicating that a judge of the Eleventh Circuit has withheld the issuance of the mandate for the panel's opinion.  Should the Eleventh Circuit reverse, abrogate or recede from the *Johnson* opinion's prohibition on Service Awards prior to the Final Order and Judgment, then within 20 days of Final Approval, the Settlement Class Representatives shall receive Service Awards of $6,250 each to be paid from the Settlement Fund. The Parties recognize and agree that the Service Awards to Settlement Class Representatives are solely to compensate the Settlement Class Representatives for their work done on behalf of the Settlement Class.  Plaintiffs may request, and Defendants shall not oppose, the Court to retain jurisdiction over the issue of Service Awards should the Eleventh Circuit's review of *Johnson*, or any subsequent review of *Johnson* by the Supreme Court of the United States, not be completed prior to entry of the Final Order and Judgment.

CASE NO. 0:19-cv-61430-SINGHAL/Valle

(d)     With the sole exception of the HII Defendants causing the payment of the Consideration into the Escrow Account as provided for in Section III(a), Defendants shall have no responsibility for, shall take no position with respect to, and have no liability whatsoever with respect to, any payment whatsoever to Class Counsel or the payment of Service Awards to Settlement Class Representatives in the Action.  The sole source of any payment of attorneys' fees or Service Awards shall be the Settlement Fund.

(e)     Defendants shall have no responsibility for, and no liability whatsoever with respect to, any allocation of attorneys' fees, Service Awards or litigation expenses awarded in the Action.

(f)     This Settlement Agreement is not dependent or conditioned upon the Court's approving Plaintiffs' or Class Counsel's requests for attorneys' fees and cost reimbursement, or for Service Awards, or upon awarding the particular amounts sought.  In the event the Court declines Plaintiffs' or Class Counsel's requests or awards less than the amounts sought, this Settlement Agreement shall continue to be effective and enforceable by the Parties.  No appeal or proceeding seeking subsequent judicial review pertaining solely to the Court's award of attorneys' fees and cost reimbursement or of Service Awards shall in any way delay or affect the time set forth above for the Judgment to become final, or otherwise preclude the Judgment from becoming final.

## V.     PRELIMINARY APPROVAL

(a)     Plaintiffs shall move the Court for entry of a proposed Preliminary Approval Order substantially in the form of **Exhibit 1.C** hereto.  Plaintiffs' motion shall request that:

1.     the Court confirm the Classes for settlement purposes, confirm the appointment of Plaintiffs as the Settlement Class Representatives for settlement purposes, and

CASE NO. 0:19-cv-61430-SINGHAL/Valle

confirm the appointment of Class Counsel as counsel for the Settlement Class for settlement purposes;

2.      the Court preliminarily approve the Settlement Agreement as fair, adequate and reasonable, and within the reasonable range of possible final approval;

3.      the Court approve the form and content of the Notice and find that the notice program set forth constitutes the best notice practicable under the circumstances, and satisfies due process and Rule 23 of the Federal Rules of Civil Procedure;

4.      the Court set the date and time for the Final Approval Hearing, which may be continued by the Court from time to time without the necessity of further notice; and

5.      the Court set the Objection Deadline and the Opt-Out Deadline.

## VI.      NOTIFICATION AND ADMINISTRATION PROCESS

(a)      The Settlement distribution process for the Settlement Classes will be administered by the Settlement Administrator with the assistance of a mailing agent or other administrator with expertise in the administration of class action settlements.  Defendants will reasonably cooperate in the notice and administration process by providing the Settlement Administrator with the available names and e-mail or mailing addresses for Settlement Class Members (as reflected in reasonably available computerized account records) to the extent required to administer the Settlement, within 20 days of Preliminary Approval.

(b)      The Settlement Administrator's responsibilities with respect to Notice and administration of the Settlement shall include giving and/or supervising Notice to Settlement Class Members; sending, receiving, reviewing and adjudicating Claim Forms; obtaining new addresses for any returned mail; maintaining records of all its activities relating to Notice and administration of this Settlement; and other tasks reasonably required to effectuate the foregoing.

CASE NO. 0:19-cv-61430-SINGHAL/Valle

(c)      The Settlement Administrator shall provide and/or supervise email notice and mail notice to Settlement Class Members, as follows:

i.      Direct Notice.  The Settlement Administrator will provide and/or supervise individual notice to all Settlement Class Members for whom the HII Defendants have reasonably accessible contact information (the "Direct Notice").  The Direct Notice shall be provided as follows:

(1)      E-mail Notice.  Notice of the Settlement shall first be sent by e-mail to all Settlement Class Members as to whom the HII Defendants have a reasonably accessible e-mail address (the "E-mail Notice").  E-mails sent shall have a "return receipt" or other such function that permits the Settlement Administrator and/or its mailing agent to reasonably determine whether e-mails have been delivered and/or opened.  E-mails shall have a hyperlink that class member recipients may click and be taken to a landing page on the Settlement Website that contains the Class Notice and a Claim Form.

(2)      Mail Notice.  For Settlement Class Members for whom the HII Defendants have a reasonably accessible mailing address, but not an associated e-mail address, and to those Settlement Class Members whose e-mails are returned as undeliverable, notice of the Settlement shall be sent via postcard to the most recent mailing address as reflected in the HII Defendants' reasonably available computerized records and/or data associated with the number (the "Mail Notice").  A National Change of Address update shall be performed before mailing.  Skip tracing shall be performed for all returned mail.  All costs of skip tracing will be considered Notice and Administrative Expenses.

(3)      The Direct Notice will include summary information pursuant to FRCP 23(c)(2)(B) on how to obtain and submit the Claim Form and also refer to the Settlement

CASE NO. 0:19-cv-61430-SINGHAL/Valle

Website, which, as discussed below, will include information regarding the Settlement and also provide for online submission of the Claim Form and opt out requests.

ii.     Settlement Website.  Within 45 days after Preliminary Approval, the Settlement Administrator will cause to be established and maintained the Settlement Website, using a URL selected by the HII Defendants and subject to approval by Class Counsel, on which will be posted the Direct Notice and Claim Form.  The Direct Notice shall direct recipients to the Settlement Website.  The Settlement Website will provide for online submission of Claim Forms.

(d)     The Settlement Administrator shall also be responsible for overseeing the calculation of, and implementing the distribution of, the Net Consideration to Participating Settlement Class Members.  Each Participating Settlement Class Member shall receive his or her *pro rata* share of the Settlement Fund.  To calculate each *pro rata* share, first each Participating Settlement Class Member will be assigned a "total numerator" to be calculated as each Participating Settlement Class Member's unfunded payments for Limited Benefit Indemnity Plans and/or Ancillary Products (the "base numerator"), plus a "medical expense multiplier" of 1.25 times the base numerator if that Participating Settlement Class Member timely submits a Claim Form stating under penalty of perjury that he or she incurred Uncovered Medical Expenses, plus a "tax penalty multiplier" of 1.035 times the base numerator if that Participating Settlement Class Member timely submits a Claim Form stating under penalty of perjury that he or she incurred a Tax Penalty.  The Net Consideration will be divided by the sum of all Participating Settlement Class Members' total numerators to calculate a "final multiplier," which shall be multiplied against each Participating Settlement Class Member's total numerator to arrive at that Participating Settlement Class Member's *pro rata* share.

CASE NO. 0:19-cv-61430-SINGHAL/Valle

(e)     The costs of Direct Notice, the Settlement Website and/or any other Notice and Administration Expenses, up to $150,000, that arise prior to the HII Defendants' payment of the Consideration into the Settlement Fund shall be advanced by the HII Defendants.

(f)     Within 14 days of the execution of this Settlement Agreement, the HII Defendants shall pay $150,000 of the Consideration into the Escrow Account by check or wire transfer for use in the payment of initial Notice and Administration Expenses, which will be credited toward the total Consideration owed by the HII Defendants.

(g)     All Notice and Administration Expenses of the Settlement incurred after the HII Defendants' payment of the Consideration into the Settlement Fund shall be paid from the Settlement Fund.  The Settlement Administrator shall be allowed to obtain reimbursement for Notice and Administration Expenses from the Settlement Fund upon approval of the Parties and without having to obtain leave of Court.  Itemization of the Settlement Administrator's Notice and Administration Expenses shall be provided to counsel to the Parties upon request.

(h)     In conformance with the time limitations set forth in 28 U.S.C. § 1715(b), the Settlement Administrator within 10 days after the filing of the motion for preliminary approval will cause the CAFA Notice to be prepared and sent to the appropriate officials.

(i)     Notice shall be provided to all persons in the Settlement Class in accordance with the notice procedures approved by the Court.  Within 45 days after Preliminary Approval, the Settlement Administrator shall cause the Direct Notice to be sent to all Settlement Class Members. For any Direct Notice that is returned as undeliverable, the Settlement Administrator or its mailing agent shall attempt to locate an alternative email or mailing address for the Settlement Class Member and re-send the Notice promptly.

(j)      Settlement Class Members must return and/or submit their Claim Form within 135 days of Preliminary Approval to receive a Distribution.  Should any portion of a Settlement Class Member's Claim Form be incomplete or illegible, the Settlement Administrator and/or its mailing agent shall use its best efforts to contact the Settlement Class Member and obtain a complete, legible Claim Form.

(k)      Within three business days of the Effective Date, the Escrow Agent shall disburse the Net Consideration to the Settlement Administrator.

(l)      The Settlement Administrator thereafter shall cause the Distributions to be distributed to Participating Settlement Class Members consistent with the provisions of this Settlement Agreement.

(m)      No later than 10 days after the Effective Date, the Settlement Administrator and/or its mailing agent shall notify Class Counsel of the Distributions to be allocated to each Participating Settlement Class Member out of the Settlement Fund.

(n)      No later than 20 days after the date of the Effective Date, and subject to Class Counsel's prior approval, the Settlement Administrator shall cause the Distributions to be paid to Participating Settlement Class Members out of the Settlement Fund.

(o)      The Settlement Administrator shall endeavor to cause the entire Net Consideration to be distributed to Participating Settlement Class Members.  No portion of the Settlement Fund will revert to Defendants.  Any amount of the Settlement Fund greater than $20,000 that, owing to undeposited checks, remains under the control of the Settlement Administrator 180 days after payment of all Distributions to Participating Settlement Class Members, shall be redistributed to Participating Settlement Class Members whose checks were deposited.  Any amount less than $20,000 shall be distributed to one or more non-profit or charitable organizations with a core

CASE NO. 0:19-cv-61430-SINGHAL/Valle

mission of educating the public about the purchase of health insurance (the "*Cy Pres* Distribution"). The *Cy Pres* Distribution shall be made 240 days after payment of all Distributions to Participating Settlement Class Members. The Parties shall agree upon the proposed recipient(s) of the *Cy Pres* Distribution and shall submit a filing to the Court identifying such proposed recipient(s). The *Cy Pres* Distribution shall be made equally among the recipients designated by the Parties, subject to approval by the Court. If, for any reason, the Parties and/or the Court determine that one or more proposed recipients are not or are no longer appropriate recipients, the Parties shall agree on replacement recipient(s) of such monies, subject to Court approval. The Parties shall agree that the designated *Cy Pres* recipient(s) shall confirm in writing that funds will not be used for litigation or political advocacy.

(p)      Neither Defendants nor their counsel shall have any role in allocating or challenging the payment of Distributions from the Settlement Fund.

(q)      No later than 21 days prior to the Final Approval Hearing, the Settlement Administrator shall file with the Court an affidavit or a declaration stating that the Notice required by the Settlement Agreement has been given in accordance with the terms of the Preliminary Approval Order.

(r)      No later than 21 days prior to the Final Approval Hearing, Defendants shall file with the Court an affidavit or declaration stating that the CAFA Notice has been given in accordance with the statutory requirements.

## VII.      OPT-OUTS AND OBJECTIONS

(a)      Any Settlement Class Member who wishes to be excluded from the Settlement Classes must advise the Settlement Administrator in writing of that intent and the opt-out request must be postmarked no later than the Opt-Out Deadline. Settlement Class Members who do not

CASE NO. 0:19-cv-61430-SINGHAL/Valle

properly and timely submit an opt-out request will be bound by this Agreement and the judgment, including the releases.

(b)     Any Settlement Class Member who submits a valid and timely request for exclusion to the Settlement Administrator will not be bound by the terms of this Settlement Agreement.  In a written request for exclusion, the Settlement Class Member must state:

(1)     the Settlement Class Member's full name;

(2)     the Settlement Class Member's address, telephone number, and email address;

(3)     a statement indicating that they are a member of one or more of the Settlement Classes and wish to be excluded from the Settlement; and

(4)     the Settlement Class Member's signature.

(c)     Any Settlement Class Member who intends to object to this Settlement Agreement or to Class Counsel's application for attorneys' fees, reimbursement of costs, or Service Awards to Settlement Class Representatives must file with the Court a written objection signed by the Settlement Class Member by the Objection Deadline.  For an objection to be considered by the Court, the objection must be filed with the Court and must include the following:

(1)     the Settlement Class Member's full name, address, email address, and telephone number;

(2)     an explanation of the basis upon which the objector claims to be a Settlement Class Member;

(3)     whether the objection applies only to the objector, or to the Settlement Class as a whole, and the reasons for his or her objection, accompanied by any legal or factual support for the objection;

CASE NO. 0:19-cv-61430-SINGHAL/Valle

(4)     the name of counsel for the objector (if any), including any former or current counsel who may seek or receive compensation for any reason related to the objection;

(5)     the case name and civil action number of any other objections the objector or his or her counsel have made in any other class action cases in the last 4 years; and

(6)     whether the objector intends to appear at the Final Approval Hearing on his or her own behalf or through counsel.  Counsel for any objector must enter a Notice of Appearance no later than 14 days before the Final Approval Hearing.

(d)     Any Settlement Class Member who timely and properly objects may appear at the Final Approval Hearing, either in person or through an attorney hired at the Settlement Class Member's own expense.

(e)     A Settlement Class Member may not both opt out of the Settlement and object.  If a Settlement Class Member submits both a request for exclusion and an objection, the request for exclusion will control.  A Settlement Class Member who opts out of the Settlement may not object to the fairness of this Settlement Agreement.

(f)     Any Settlement Class Member who does not make an objection in the time and manner set forth herein shall be deemed to have waived any objections and be forever foreclosed from making any objection to the fairness or adequacy of the Settlement, including but not limited to the compensation of Settlement Class Members, the award of attorneys' fees and reimbursement of costs, the Service Awards or the Final Order and Judgment.

(g)     The Settlement Administrator shall provide Class Counsel and counsel for Defendants with copies of all opt-out notifications and, within 14 days after the Opt-out Deadline, shall provide counsel with a final list of all who have timely and validly excluded themselves from the Settlement Class.

CASE NO. 0:19-cv-61430-SINGHAL/Valle

## VIII.    <u>FINAL ORDER AND JUDGMENT</u>

(a)      After the Settlement Agreement is approved preliminarily by the Court, Plaintiffs shall move for Final Approval of the Settlement no later than 30 days prior to the Final Approval Hearing.  Plaintiffs' motion shall attach a proposed Final Order and Judgment substantially in the form of **Exhibit 1.D** hereto.

(b)      For the Effective Date to occur, the Court must enter a Final Order and Judgment:

a.      approving this Settlement Agreement without modification (except insofar as the Parties have agreed to such modification) as fair, reasonable and adequate to the Settlement Class and direct its consummation according to its terms;

b.      finding that the form and manner of notice implemented pursuant to this Settlement Agreement constitutes the best notice practicable under the circumstances; constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of Plaintiffs' claims, the terms of the proposed Settlement, the right to object to or exclude themselves from the proposed Settlement, and the right to appear at the Final Approval Hearing; constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and meets the requirements of due process and applicable rules of civil procedure;

c.      finding that all members of the Settlement Class (except those who have timely and validly excluded themselves) shall be bound by this Settlement Agreement, including the release provisions and covenant not to sue;

d.      directing that upon the Effective Date, judgment be entered dismissing the Action with prejudice;

e.      incorporating the release and covenant not to sue set forth in the Settlement Agreement, and forever barring any claims or liabilities related to any Released Claims; and

      f.      retaining continuing and exclusive jurisdiction over matters relating to the interpretation, administration, implementation, and enforcement of this Settlement Agreement.

## IX.      RELEASE OF CLAIMS AND COVENANT NOT TO SUE

(a)      As of the date that both the Effective Date and the payment of the Consideration have occurred pursuant to Section III(a), Releasing Parties shall be deemed to have fully, finally and forever released and discharged the Released Parties from the Released Claims.

(b)      With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, the Releasing Parties expressly have, and by operation of the Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law or any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Releasing Parties understand and acknowledge the significance of these waivers of California Civil Code Section 1542 and/or of any other applicable law relating to limitations on releases. In connection with such waivers and relinquishment, Releasing Parties acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they now know or believe to be true with respect to the subject matter of the Settlement Agreement, but that they release fully, finally, and forever all Released Claims, and in furtherance of such intention, the release will remain in effect notwithstanding the discovery or existence of any such additional or different facts.  Plaintiffs and Defendants acknowledge, and other Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of

"Unknown Claims" in the definition of Released Claims was separately bargained for and was a material element of the Settlement.

(c)     Plaintiffs and each Settlement Class Member further covenant and agree that they will not sue or bring any action or cause of action, or seek restitution or other forms of monetary relief, including by way of third-party claim, crossclaim, or counterclaim, against any of the Released Parties in respect of any of the Released Claims; they will not initiate or participate in bringing or pursuing any class action against any of the Released Parties in respect of any of the Released Claims; if involuntarily included in any such class action, they will not participate therein; and they will not assist any third party in initiating or pursuing a class action lawsuit in respect of any of the Released Claims.

(d)     The releases set forth in this Section may be raised as a complete defense and bar to any action or demand brought in contravention of this Settlement Agreement.

(e)     It is expressly understood and acknowledged by the Parties that the release and covenant not to sue set forth in this Section together constitute essential and material terms of the Settlement Agreement to be included in the proposed Final Order and Judgment.

## X.      INTERIM STAY AND POTENTIAL TERMINATION OF THE SETTLEMENT

(a)     Plaintiffs and Defendants shall move the Court to stay, or continue to stay, all proceedings except as may be necessary to implement the Settlement or comply with the terms of the Settlement, such as confirmatory discovery.  Pending determination of whether the Settlement should be granted final approval, the Parties agree not to pursue any claims or defenses otherwise available to them, and further agree that the Final Approval Order shall include an injunction that no person who has not opted out of the Settlement Class and no person acting or purporting to act directly or on behalf of a Settlement Class Member, or acting on a representative basis or in any

other capacity, will commence or prosecute against any of the Released Parties any action or proceeding asserting any of the Released Claims. The Settlement will be conditioned upon the entry of such an injunction in the Final Approval Order.

(b)     The Settlement shall be subject to reasonable confirmatory discovery by Plaintiffs, to be completed by a date agreed upon by the Parties, of facts necessary to reasonably confirm the information relating to the availability of data and/or information regarding the putative class of persons who Plaintiffs purport to represent in the Action, including the estimated class size. Plaintiffs and Class Counsel agree to work cooperatively with Defendants to assure that confirmatory discovery is timely completed and not overbroad.

(c)     The terms of this Settlement Agreement, including the fact of the proposed Settlement, shall remain completely confidential until all documents are executed and a motion for preliminary approval of the Settlement is filed with the Court; provided, however, that the Parties may jointly report the pendency of the Settlement to the Court in the Action. Defendants may, at their sole discretion, disclose the terms of this Settlement Agreement to their auditors and other parties as reasonably necessary.

(d)     To the extent Congress or any other relevant regulatory authority promulgates different requirements or any other law or regulatory promulgation that would govern any conduct affected by the Settlement, those laws and regulatory provisions shall control. However, the Parties agree that changes in law shall not provide any basis for any attempt to alter, modify or invalidate this agreement.

(e)     Plaintiffs and Defendants shall each individually have the right to terminate the Settlement and this Settlement Agreement by providing written notice of his, her, or its election to

CASE NO. 0:19-cv-61430-SINGHAL/Valle

do so ("Termination Notice"), through counsel, to all other Parties hereto within 14 days of any of the following occurrences:

(1)      Subject to X(h)1(2) of this Section, the Court declines to preliminarily or finally approve, or the Court (or any other court) requires material modifications of the Settlement Agreement, and the Parties do not jointly agree to accept the Settlement Agreement as judicially modified or are unable to jointly agree to modify the Settlement Agreement for resubmission to the Court for approval; or

(2)      any other grounds for termination provided for elsewhere in this Settlement Agreement occur.

(f)      If either Plaintiffs or Defendants terminate this Settlement Agreement, the Settlement Agreement shall be of no force and effect and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if this Settlement Agreement had never been executed, and any orders entered by the Court in connection with this Settlement Agreement shall be vacated.

(g)      This Settlement of the Action is contingent upon U.S. District Court approval. Absent Court approval there is no Settlement of the Action.  If the Settlement of the Action is not consummated for any reason (including if the Court does not approve the Settlement of the Action), then all rights of parties in the Action are fully preserved.

(h)      If the Settlement is terminated or not approved by the Court, the Effective Date does not occur, or the Settlement otherwise fails for any reason:

(1)      The Settlement Fund (including the accrued interest thereon), less any Notice and Administration Expenses actually incurred or paid, and less any Taxes paid or due or owing, shall be refunded to Defendants in accordance with instructions provided by Defendants to

CASE NO. 0:19-cv-61430-SINGHAL/Valle

Class Counsel no later than 7 days after the Settlement is terminated, the Settlement is not approved by the Court, the Effective Date does not occur, or the Settlement otherwise fails for any reason; and

(2)     The Parties agree to work collaboratively to effectuate this Settlement.  If for some reason it is not possible to do so, the Parties will work together in good faith to modify the terms herein as necessary to effectuate the Settlement Agreement.  In the event the Court (or any other court) disapproves or sets aside this Settlement Agreement or any material part hereof for any reason, then the Parties will either jointly agree to accept the Settlement Agreement as judicially modified or engage in negotiations in an effort to jointly agree to modify the Settlement Agreement for resubmission to the Court for approval.  The Parties may agree by stipulation executed by counsel to modifications of the Exhibits to this Settlement Agreement to effectuate the purpose of this Settlement Agreement and/or to conform to guidance from the Court with regard to the contents of such Exhibits without need for further amendment of this Settlement Agreement.  Any such stipulation shall be filed with the Court.

## XI. <u>USE AND TAX TREATMENT OF THE CONSIDERATION</u>

(a)     The Consideration shall be applied as follows and only as follows: (1) to pay any attorneys' fees, reimbursement of costs, and Service Awards awarded by the Court; (2) to pay Notice and Administration Expenses; (3) to pay any Taxes; (4) to pay any other costs, fees, or expenses approved by the Court; and (5) to pay the Net Consideration to Participating Settlement Class Members.

(b)     All funds held in the Escrow Account shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be

disbursed or returned, pursuant to the terms of this Settlement Agreement, or further Order of the Court.

(c)     The interest from the Escrow Account will accrue *pro rata* to the benefit of the Settlement Class if the Court approves the Settlement of the Action.  But if the Court does not approve the Settlement of the Action, Section X(h)(1) applies.

(d)     The Parties agree that the Escrow Account is intended to be maintained as a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1.  The Escrow Agent shall timely make, or cause to be made, such elections as necessary or advisable to carry out the provisions of this Paragraph, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date.  Such election shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the sole responsibility of the Escrow Agent to timely and properly prepare and deliver, or cause to be prepared and delivered, the necessary documentation for signature by all necessary parties, and thereafter take all such actions as may be necessary or appropriate to cause the appropriate filing(s) to occur.

(1)     For the purposes of Section 468B of the Internal Revenue Code of 1986, as amended, and Treasury Regulation § 1.468B promulgated thereunder, the "administrator" shall be the Escrow Agent, who shall be responsible for timely and properly filing, or causing to be filed, all informational and other federal, state, or local tax returns necessary or advisable with respect to the earnings on the funds deposited in the Escrow Account (including without limitation the returns described in Treas. Reg. § 1.468B-2(k)).  Those tax returns (as well as the election described above) shall be consistent with this subparagraph and in all events shall reflect that all Taxes (including any estimated taxes, earnings, or penalties) on the income earned on the funds

CASE NO. 0:19-cv-61430-SINGHAL/Valle

deposited in the Escrow Account shall be paid out of those funds as provided in subparagraph (b) of this Paragraph.

(2)     All Taxes shall be paid by the Escrow Agent out of the Settlement Fund.

## XII. MISCELLANEOUS

(a)     The HII Defendants warrant that confirmatory information provided to Class Counsel regarding the HII Defendants' financial condition was true and correct at the time provided, and acknowledge that this financial information was essential and material to Plaintiffs' decision to enter into this Settlement Agreement.

(b)     This Settlement Agreement and the exhibits hereto constitute the entire agreement between the Parties to resolve the Action.  Any previous memoranda between the Parties regarding settlement of the Action are superseded by this Settlement Agreement.  No representations, warranties or inducements have been made by any of the Parties regarding settlement of the Action, other than those representations, warranties, and covenants contained in this Settlement Agreement.

(c)     The Settlement compromises claims that are contested and will not be deemed an admission by any Party as to the merits of any claim or defense.  Neither this Settlement Agreement, any provision thereof, any document prepared in connection with the Settlement, nor any negotiations, statements and proceedings associated with the Settlement may be cited or used in any way in any proceeding as an admission by Defendants or any Released Party, including any Plaintiff, except that any and all provisions of the Settlement Agreement may be admitted into evidence and otherwise used in a proceeding to enforce any or all terms of the Settlement Agreement, or in defense of any claims released or barred by this Settlement Agreement.

CASE NO. 0:19-cv-61430-SINGHAL/Valle

(e)      Class Counsel and Plaintiffs agree to destroy all materials produced by Defendants in the Action within 60 days after the Effective Date pursuant to the Stipulated Protective Order entered in the Action.

(f)      This Settlement Agreement shall be governed by the laws of the State of Florida.

(g)      The Court shall retain continuing and exclusive jurisdiction over the Parties to this Settlement Agreement, including the Plaintiffs and all Settlement Class Members, for the express and limited purposes of the administration and enforcement of this Settlement Agreement.  As part of its agreement to render services in connection with this Settlement Agreement, the Settlement Administrator also consents to the jurisdiction of the Court for this purpose.

(h)      This Settlement Agreement was drafted jointly by the Parties and, in construing and interpreting this Settlement Agreement, no provision of this Settlement Agreement shall be construed or interpreted against any Party based upon the contention that this Settlement Agreement or a portion of it was purportedly drafted or prepared by that Party.

(i)      The Parties shall cooperate in good faith in the administration of this Settlement Agreement and agree to use their best efforts to promptly execute all documents, seek and defend Court approval of this Settlement Agreement, and to do all other things reasonably necessary to complete and effectuate the Settlement described in this Settlement Agreement.

(j)      This Settlement Agreement may be signed in counterparts, and the separate signature pages executed on behalf of the Parties by their counsel may be combined to create a document binding on all Parties and together shall constitute one and the same instrument. Original signatures are not required. Any signature submitted by facsimile or as a .pdf file by email shall be deemed an original.

CASE NO. 0:19-cv-61430-SINGHAL/Valle

(k)     The time periods and dates described herein are subject to Court approval and may be modified upon order of the Court or written stipulation of the Parties.  Unless expressly stated otherwise, references to days in this Settlement Agreement refer to calendar days as opposed to business or court days.

(l)     Each person executing this Settlement Agreement on behalf of any of the Parties hereto represents that such person has the authority to so execute this Settlement Agreement.

(m)     This Settlement Agreement may not be amended, modified, altered, or otherwise changed in any manner, except by a writing signed by a duly authorized agent of Defendants or Plaintiffs.

(n)     Each Party acknowledges, agrees, and specifically warrants that he, she, or it has received independent legal advice with respect to the advisability of entering into this Settlement Agreement and the Releases, the legal effects of this Settlement Agreement and the Releases, and fully understands the effect of this Settlement Agreement and the Releases.

(o)     The Parties, and each of them, acknowledge, warrant, represent, and agree that in executing and delivering this Settlement Agreement, through their counsel, they do so freely, knowingly, and voluntarily, that they had an opportunity to and did discuss its terms and their implications with legal counsel, that they are fully aware of the contents and effect of this settlement, and that such execution and delivery is not the result of any fraud, duress, mistake, or undue influence whatsoever.

(p)     This Settlement Agreement shall be binding upon, and inure to the benefit of, the heirs, successors, and assigns of the Parties.

CASE NO. 0:19-cv-61430-SINGHAL/Valle

(q)     Unless otherwise stated herein, any notice to Class Counsel or Defendants required

or provided for under this Settlement Agreement shall be in writing and sent by electronic mail,

fax, hand delivery, or overnight mail postage prepaid to:

   If to Class Counsel:

Jason Kellogg, Esq.
Levine Kellogg Lehman Schneider & Grossman LLP
201 S. Biscayne Blvd.
22nd Floor, Miami Center
Miami, Florida 33131
jk@lklsg.com

and

Jason R. Doss, Esq.
The Doss Firm
127 Church Street, Suite 220
Marietta, Georgia 30060
Jasondoss@dossfirm.com

   If to counsel for Defendants:

David L. Balser, Esq.
King & Spalding LLP
1180 Peachtree Street NE
Suite 1600
Atlanta, Georgia 30309
dbalser@kslaw.com

and

Justin W. Chairman, Esq.
Morgan Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
Justin.chairman@morganlewis.com

The notice recipients and addresses designated above may be changed by written notice.

CASE NO. 0:19-cv-61430-SINGHAL/Valle

**IN WITNESS WHEREOF**, the Parties hereto have caused this Settlement Agreement to

be executed, by their duly authorized attorneys, as of September ___, 2021.

**ELIZABETH BELIN**

By: _____

**RANDALL SPITZMESSER**

By: _____

**CHRISTOPHER MITCHELL**

By: _____

**MICHAEL ESCOBAR**

By: _____

**KEVIN FURMAN**

By: _____

**MICHAEL KOSLOSKE**

By: _____

**KATHRYN SVENSON**

By: _____

**BENEFYTT TECHNOLOGIES, INC.**

By: _____
Name: _____
As: _____

**JESSE MANLEY**

By: _____

**HEALTH INSURANCE INNOVATIONS, LLC**

By: _____
Name: _____
As: _____

**MITCHELL KIRBY**

By: _____

**GABRIELLE WATSON**

By: _____

**HEALTH PLAN INTERMEDIARIES HOLDINGS, LLC**

By: _____
Name: _____
As: _____

33

CASE NO. 0:19-cv-61430-SINGHAL/Valle

**IN WITNESS WHEREOF**, the Parties hereto have caused this Settlement Agreement to be executed, by their duly authorized attorneys, as of September ___, 2021.

**ELIZABETH BELIN**

By: _____

**CHRISTOPHER MITCHELL**

By: _____

**KEVIN FURMAN**

By: _____

**KATHRYN SVENSON**

By: _____

**JESSE MANLEY**

By: _____

**MITCHELL KIRBY**

By: _____

**GABRIELLE WATSON**

By: _____

**RANDALL SPITZMESSER**

By: _____

**MICHAEL ESCOBAR**

By: _____

**MICHAEL KOSLOSKE**

By: _____

**BENEFYTT TECHNOLOGIES, INC.**

By: _____
Name: _____
As: _____

**HEALTH INSURANCE INNOVATIONS, LLC**

By: _____
Name: _____
As: _____

**HEALTH PLAN INTERMEDIARIES HOLDINGS, LLC**

By: _____
Name: _____
As: _____

CASE NO. 0:19-cv-61430-SINGHAL/Valle

**IN WITNESS WHEREOF**, the Parties hereto have caused this Settlement Agreement to be executed, by their duly authorized attorneys, as of September ___, 2021.

**ELIZABETH BELIN**

By: _____

**CHRISTOPHER MITCHELL**

By: _____

**KEVIN FURMAN**

By: _____

**KATHRYN SVENSON**

By: _____

**JESSE MANLEY**

By: _____

**MITCHELL KIRBY**

By: _____

**GABRIELLE WATSON**

By: _____

**RANDALL SPITZMESSER**

By: _____

**MICHAEL ESCOBAR**

By: _____

**MICHAEL KOSLOSKE**

By: */s/ Michael Kosloske* _____

**BENEFYTT TECHNOLOGIES, INC.**

By: *Domenick C. DiCicco Jr.*
Name: Domenick C. DiCicco Jr.
As: Chief Executive Officer

**HEALTH INSURANCE INNOVATIONS, LLC**

By: *Domenick C. DiCicco Jr.*
Name: Domenick C. DiCicco Jr.
As: Chief Executive Officer

**HEALTH PLAN INTERMEDIARIES HOLDINGS, LLC**

By: *Domenick C. DiCicco Jr.*
Name: Domenick C. DiCicco Jr.
As: Chief Executive Officer

# Exhibit 1.A.

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

## IMPORTANT NOTICE ABOUT A PROPOSED CLASS ACTION SETTLEMENT THAT AFFECTS YOU

PLEASE READ THIS NOTICE CAREFULLY.
A FEDERAL COURT AUTHORIZED THIS NOTICE.
THIS IS NOT A SOLICITATION FROM A LAWYER.

A settlement of $27.5 million has been reached in a class action lawsuit brought by a group of Plaintiffs, Elizabeth Belin, Christopher Mitchell, Kevin Furman, Mitchell Kirby, Kathryn Svenson, Jesse Manley, Gabrielle Watson, Randall Spitzmesser and Michael Escobar ("Plaintiffs"), who purchased limited benefit indemnity plans and/or other ancillary products such as medical discount plans (collectively, the "LBIPs") administered by Defendants, Health Insurance Innovations, Inc. ("HII"), Health Plan Intermediaries Holdings, LLC ("HPIH") and Michael Kosloske ("Kosloske") (collectively, the "Defendants").

Plaintiffs allege that themselves and more than 230,000 other consumers purchased LBIPs through distributors called Simple Health and Nationwide Health, and were led to believe that the LBIPs were "comprehensive" or "major" medical plans (similar to the Affordable Care Act ("ACA" or "Obamacare")) when they were not.

Plaintiffs and Defendants agreed to enter into this settlement to avoid the uncertainties, delays and expenses of ongoing litigation, while providing class members with definite benefits now. **The purpose of this notice is to inform you of the class action and the proposed settlement so that you may decide what to do.**

## QUICK SUMMARY OF THE SETTLEMENT

**WHO'S INCLUDED?**  Records show that you are a member of the Settlement Class because (i) you purchased one or more LBIPs through Simple Health or Nationwide Health after June 7, 2015, and (ii) you paid fees and/or a premiums that were not completely refunded or "charged back."

You may (or may not) also be a member of one or both of the two subclasses — the "Medical Expense Subclass" or the "Tax Penalty Subclass."  The Medical Expense Subclass includes those who incurred medical expense(s) that were not covered by the LBIPs but would have been covered by an ACA-compliant plan.  The Tax Penalty Subclass includes those who incurred a penalty under the ACA's individual mandate as a result of purchasing the LBIPs, which do not qualify for a tax exemption like an ACA-compliant plan does.

### WHAT ARE THE SETTLEMENT TERMS?

**What the Settlement Class Members Are Getting.**

Monetary Relief.  The HII Defendants have agreed to create a $27.5 million settlement fund (the "Settlement Fund"), which will be distributed to Settlement Class Members after first deducting any attorneys' fees and costs, notice and administration expenses or service awards that the Court awards Plaintiffs and the attorneys representing the Class ("Class Counsel").  The

amount remaining in the Settlement Fund after deduction of fees, expenses or service awards shall be the "Net Consideration."

Other Relief.  HPIH and HII (collectively, the "HII Defendants"), which are now known as Benefytt Technologies, Inc., have also agreed to various business practice changes as described below, such as requiring all sales agents to record and maintain all sales calls.

**What the Settlement Class is Giving Up.**

In return for the relief that Defendants are providing, Settlement Class Members are deemed to have agreed to a release of any claims that you may have against Defendants relating in any way to the sale of LBIPs through Simple Health or Nationwide Health.

**HOW CAN I GET PAYMENT?**

To receive a cash payment from the Settlement Fund, you must submit a Claim Form as provided below.

If you have moved within the last five years, you may notify the Settlement Administrator in charge of administrating settlement of your new mailing address by writing to: HII Class Action Settlement Administrator, c/o JND Legal Administration, P.O. Box 91235, Seattle, Washington 98111.

**WHAT ARE MY OTHER OPTIONS?**

**You can exclude yourself:**  If you do not want to be bound by the settlement, then you can exclude yourself.  But you must do so by [MONTH DAY YEAR].  Part 11 below explains what you need to do to exclude yourself.  If you do not exclude yourself, and you timely submit a Claim Form by [MONTH DAY YEAR], and the settlement is given final approval by the Court, then you will remain a member of the Settlement Class and you will receive your individual allocation of the Settlement Fund.  If you do not submit a Claim Form by [MONTH DAY YEAR], then you will not receive an allocation from the Settlement Fund.

**You can object:**  Alternatively, you may object to the settlement by [MONTH DAY, 2021].  Part 16 below explains what you need to do to object to the settlement.  The Court will hold a hearing on [MONTH DAY, 2021] beginning at [xxxxx p.m./a.m.] to consider whether to finally approve the settlement, as well as any request for attorneys' fees by class counsel (the "Fairness Hearing").  If you object, Part 19 explains how you may ask the Court to speak at the Fairness Hearing.  Persons who exclude themselves from the Settlement Class will not be bound by the Settlement; however, they cannot file an objection and cannot speak at the Fairness Hearing.

The rest of this Notice provides you with a more detailed summary of the settlement, and also more fully describes your legal rights and options.  For even more information, please visit [www.settlementwebsite.com] (the "Settlement Website"), at which you may download a complete copy of the "Stipulation of Settlement and Release" and attached exhibits.  ***Please read all of this Notice carefully and in its entirety because your legal rights may be affected whether you act or don't act.***

2

**BASIC INFORMATION**

**1.  Why did I receive this notice?**

You received this notice because according to the HII Defendants' records you purchased a limited benefit indemnity plan and/or ancillary products from the HII Defendants through Simple Health or Nationwide Health on or after June 7, 2015.  You have a right to know about a proposed settlement of a class action lawsuit pending in the U.S. District Court for the Southern District of Florida (the "Court") entitled *Belin v. Health Insurance Innovations, Inc.*, No. 19-cv-61430-SINGHAL/Valle (the "Action").  You are entitled to know your options before the court decides whether to approve the settlement.  If the settlement is approved, certain payments will be distributed to Class Members, and Class Members will release claims arising from the actions at issue in the lawsuit.  This package describes the Action, the Settlement, your legal rights, what relief is being offered to you, how that relief will be distributed and other important information.  This Notice only summarizes the Settlement.  The full terms of the Settlement are available for review at [www.settlementwebsite.com].  If there is any conflict between this Notice and the Settlement Agreement, the Settlement Agreement governs.  You should review the Settlement Agreement before deciding what to do.

**2.  What is this lawsuit about?**

"Limited benefit indemnity plans" and ancillary products such as "medical discount plans" (again, collectively "LBIPs") are not considered comprehensive medical insurance, and they do not comply with the ACA.  Plaintiffs brought the Action alleging that a group of Florida companies and individuals led Plaintiffs and other consumers around the country to believe that LBIPs were major medical insurance.

One of those companies, a sales distributor of LBIPs called Simple Health, was sued by the Federal Trade Commission ("FTC") for these practices.  The Court in that case, *FTC v. Simple Health Plans, LLC*, No. 18-cv-62593-GAYLES (S.D. Fla.) (the "FTC Action"), entered a series of orders restraining Simple Health and related companies from conducting further business.  That Court installed a receiver, Michael I. Goldberg (the "Receiver"), to take control of the Simple Health entities (the "Receivership Entities").  Simple Health was the largest sales distributor of LBIPs for Defendants HII and HPIH.  A company called Donisi Jax, Inc. d/b/a Nationwide Health a/k/a Atlantic Health ("Nationwide Health") was another.

Plaintiffs allege, among other things, that Simple Health and Nationwide Health lured Plaintiffs and other consumers with websites and standardized sales scripts that misled Plaintiffs and other consumers to believe they were buying major medical insurance, when in reality they were only buying LBIPs.  Plaintiffs allege that Defendants knew what Simple Health and Nationwide Health were doing, and assisted the acts by, among other things, reviewing the sales scripts and loaning Simple Health and Nationwide Health money in the form of advance commissions.  Plaintiffs allege that Defendants violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), which provides for treble damages and attorney's fees against violators.  Plaintiffs also allege that Defendants aided and abetted Simple Health and Nationwide Health's fraud and breaches of fiduciary duty, and that Defendants were unjustly enriched.

Defendants vigorously deny that they did anything illegal or wrong. Defendants allege that they disclosed in writing to Plaintiffs and other consumers that the products were not major medical insurance. Defendants contend that Simple Health and Nationwide Health were not its agents, and that to the extent Simple Health or Nationwide Health did anything wrong, they concealed what they were doing from Defendants. Kosloske, who founded the HII Defendants, further emphasizes that he resigned as president in 2016 before the occurrence of some of the allegations by Plaintiffs.

This Settlement is a compromise of these and other claims described in the Settlement Agreement. Meanwhile, Part 21 of this Notice explains how you may obtain more information about the claims in this Action and Defendants' response to those claims. You can also visit [www.settlementwebsite.com] to review Plaintiffs' operative complaint, the Parties' proposed Settlement Agreement, and other documents related to this Action.

### 3.  What is a class action, and why is this case a class action?

In a class action, one or more persons called "class representatives" (here, Plaintiffs) sue on behalf of people who have similar claims. All of these people with similar claims are the "Class" or "Class Members." One court resolves the issues for all Class Members, and all Class Members are bound by the court's decision or settlement.

The Honorable Judge Anuraag Singhal of the U.S. District Court for the Southern District of Florida is in charge of this case. On February 1, 2021, Judge Singhal entered an Order certifying the Class and certain subclasses of consumers who incurred unpaid medical expenses and/or tax penalties as a result of purchasing LBIPs. Defendants have appealed the Court's Order to the U.S. Court of Appeals for the Eleventh Circuit (the "Rule 23(f) Appeal"). Both the Action and the Rule 23(f) Appeal are currently stayed pending consideration of the Parties' Settlement Agreement.

Because the Settlement will determine the rights of the Settlement Class, the Parties must make the best effort practicable to send Notice to all of the Settlement Class Members before the Court can consider entering final approval of the Settlement and making it effective. If the Settlement is not given final approval, or otherwise fails to become final, or is terminated by the Parties for any of the reasons set forth in Section X of the Settlement Agreement, then the Settlement will become void, the Settlement Class will no longer remain certified, and the Action will proceed as if there had been no Settlement and no certification of the Settlement Class.

### 4.  Why is there a settlement?

The Court has not decided whether Plaintiffs or Defendants would win this case. Instead, both sides agreed to the Settlement before any judgment was entered. That way, the Parties avoid the uncertainties and expenses of ongoing litigation, and the delays of a trial and possible appeals, while providing the Settlement Class Members with definite benefits now rather than the uncertain benefits potentially available from fully contested litigation years from now (if at all). Plaintiffs believe that settlement is in the best interest of Class Members because it offers them relief now, while at the same time allowing anyone who wishes to pursue their own individual claims against Defendants to exclude themselves from the Settlement Class. The Settlement avoids the risk of an unfavorable result for Class Members, which could mean no recovery at all.

## WHO IS IN THE SETTLEMENT

**5. How do I know if I am part of the settlement?**

The court has preliminarily approved the certification of a class for settlement purposes. The Court decided that everyone who fits the following description is a member of the "Simple Health Class":

All individuals who purchased the HII Defendants' limited benefit indemnity plans and/or ancillary products such as medical discount plans through Simple Health within the applicable statute(s) of limitation, and paid fee(s) and/or a premium(s) that were not completely recovered through a refund or chargeback.

The Court decided that everyone who fits the following description is a member of the "Nationwide Health Class":

All individuals who purchased the HII Defendants' limited benefit indemnity plans and/or ancillary products such as medical discount plans through Nationwide Health within the applicable statute(s) of limitation, and paid fee(s) and/or a premium(s) that were not completely recovered through a refund or chargeback.

The Court has also decided that the following members of the Simple Health Class and Nationwide Health Class may also make a claim to be included in the "Medical Expense Subclass":

All individuals within the Simple Health Class or Nationwide Health Class who incurred uncovered medical expense(s).

The Court has also decided that the following members of the Simple Health Class and Nationwide Health Class may also make a claim to be included in the "Tax Penalty Subclass":

All individuals within the Simple Health Class or Nationwide Health Class who incurred a penalty under the ACA's individual mandate provisions.

Excluded from the Settlement Classes are the Judges to whom the Action is assigned and any member of a Judge's staff and immediate family; the HII Defendants and their directors, officers, employees or independent contractors; Michael Kosloske; and the former directors, officers, employees or independent contractors of Simple Health or Nationwide Health.

As noted above, if this Notice was addressed to you, then according to Defendants' records, you are a member of the Settlement Class unless you timely and properly exclude yourself from the Settlement Class as described in Part 11 of this Notice, and you will receive a distribution from the Settlement Fund if you timely return a Claim Form as described in Part 7 of this Notice.

**6. What does the settlement provide?**

The HII Defendants have agreed to create the $27.5 million Settlement Fund.  If the Settlement receives final approval, the Settlement Fund will first be used to pay (1) Court-awarded

attorneys' fees, reimbursement of costs, and Service Awards; (2) Notice and Administration Expenses; (3) Taxes, if any; and (4) any other costs, fees, or expenses approved by the Court. The term "<u>Notice and Administration Expenses</u>" means all costs, fees, and expenses incurred in connection with providing Notice and distributing the Settlement proceeds to you. The money remaining after these fees and costs are deducted is the Net Consideration.

Each Settlement Class Member who timely submits a valid Claim Form and does not opt-out of the Settlement shall receive his or her *pro rata* share of the Settlement Fund. To calculate each *pro rata* share, first each Settlement Class Member will be assigned a "total numerator" to be calculated as each Settlement Class Member's unrefunded payments for LBIPs (the "base numerator"), plus a "medical expense multiplier" of 1.25 times the base numerator if that Settlement Class Member timely submits a Claim Form stating under penalty of perjury that he or she incurred Uncovered Medical Expenses, plus a "tax penalty multiplier" of 1.035 times the base numerator if that Settlement Class Member timely submits a Claim Form stating under penalty of perjury that he or she incurred a Tax Penalty. The Net Consideration will be divided by the sum of all Settlement Class Members' total numerators to calculate a "final multiplier," which shall be multiplied against each Settlement Class Member's total numerator to arrive at that Settlement Class Member's *pro rata* share.

The actual amount that each Settlement Class Member will receive will ultimately depend on a variety of factors, including the fees and expenses awarded by the Court and expended by the Settlement Administrator, the number of Settlement Class Members who choose to opt out of the Settlement, the number of Subclass Members and the number of Settlement Class Members who timely return a Claim Form.

**7.   How can I get such relief?**

As long as you (i) do not exclude yourself from the Settlement Class and (ii) timely return or submit the Claim Form by [MONTH DAY YEAR] to the Settlement Administrator, then you will receive a distribution from the Settlement Fund. You can return the Claim Form by submitting it at [www.settlementwebsite.com]; mailing it to HII Class Action Settlement Administrator, c/o JND Legal Administration, P.O. Box 91235, Seattle, Washington  98111; or emailing it to the Settlement Administrator in .pdf format to [EMAIL ADDRESS].

The Claim Form contains two boxes where you will indicate under penalty of perjury whether you are a member of the Medical Expense Subclass and/or Tax Penalty Subclass.

If, from June 7, 2015, to [date of prelim approval] you incurred medical expenses for which you made a claim for reimbursement under an LBIP you purchased through Simple Health or Nationwide Health, and that claim was rejected in whole or in part, then you should check the "Medical Expense Subclass" box.

If, from June 7, 2015, to [date of prelim approval] you incurred a tax penalty imposed by the Internal Revenue Service because you did not have ACA-compliant health insurance, then you should check the "Tax Penalty Subclass" box.

6

**If you do not qualify as a member of the Medical Expense Subclass or the Tax Penalty Subclass, don't worry. You will still receive some share of the Settlement Fund if you timely submit your Claim Form.**

If you have moved within the last five years, you may notify the Settlement Administrator in charge of administrating settlement of your new mailing address by writing to: HII Class Action Settlement Administrator, c/o JND Legal Administration, P.O. Box 91235, Seattle, Washington 98111.

**8. When would I get such relief and how will it be distributed to me?**

The court will hold a hearing at [time] on [date] to decide whether to approve the Settlement. The Court will only approve the Settlement if it finds it to be fair, reasonable and adequate. It may take the Court several weeks or months after the hearing before it decides. If the court approves the settlement, then there may be appeals. If appeals are filed, then it is uncertain how long it will take to resolve them. It is also possible that this Settlement may be terminated for other reasons, such as those set forth in Section X of the Settlement Agreement (a copy of which is available for review at [www.settlementwebsite.com]). Please be patient.

The "Final Approval" date, as defined in the Settlement, is the date when the order granting final approval of the Settlement and entering judgment (the Final Order and Judgment) will be final and no longer subject to appeal. Distributions are expected to be made within 20 days of the Final Approval date. The Settlement Website will be updated from time to time to reflect the progress of the Settlement.

All checks will expire and become void 180 days after they are issued and will be considered unclaimed funds. Unclaimed funds will be considered a waiver by you of the right to receive a Distribution. Unclaimed distributions may be redistributed *pro rata* to other class members or to a nonprofit or charity via a *cy pres* fund.

**9. Will the Settlement have any tax consequences on me?**

Neither the Court nor the Parties (including their counsel) can advise you about what, if any, tax consequences might arise for you from the Settlement. You are encouraged to consult with your own tax advisor to determine whether any potential tax consequences could arise from your receipt of a Distribution.

**10. Am I giving up anything by remaining in the Settlement Class?**

If you don't exclude yourself, then you will remain in the Settlement Class, and that means that if the Settlement is given final approval and reaches the Final Settlement Date then you shall be deemed to be a "Releasing Party." As a Releasing Party, you shall be deemed to release the following "Released Claims":

> any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, refunds, reimbursements, restitution, and attorneys' fees of any nature whatsoever, whether

arising under federal law, state law, local law, common law or equity, state or federal antitrust laws, any state's consumer protection laws, unjust enrichment, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), or any other law, including Unknown Claims, whether suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, that were advanced in the Action, or that are related to the facts, transactions, events, occurrences, acts, or omissions alleged in the Action and could have been advanced in the Action, as of the date of the Final Order and Judgment (excluding, for avoidance of doubt, any claims to enforce the Settlement or the Final Order and Judgment).  However, Released Claims shall not include any claims held by the Receiver relating to commissions or other monies that the HII Defendants and/or Benefytt have collected, hold or may collect in the future relating to products sold by any of the Simple Health Receivership Entities.  Nor shall the Released Claims include the release of any claims held by Settlement Class Members who are part of the Simple Health Class (as that term is defined in the Court's February 1, 2021, Order on Motion for Class Certification) to distributions or other consideration made, or to be made, by the Receiver.  The Parties agree that claims for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., or state court analogues, against the HII Defendants, are not affected by this Settlement.

This release will include claims that you and any other Settlement Class Member does not know or suspect to exist in her, his, or its favor at the time of the release of the Released Parties, which if known by him, her, or it might have affected her, his, or its decision(s) with respect to the Settlement, including the decision to seek exclusion from or object to the Settlement.

If the Settlement is given Final Approval, then all Settlement Class members will have expressly, and by operation of the Judgment, to the fullest extent permitted by law, waived and relinquished any and all provisions, rights, and benefits conferred by any law or any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

As a "Releasing Party" you shall be deemed to understand and acknowledge the significance of these waivers of California Civil Code Section 1542 and/or of any other applicable law relating to limitations on releases.  In connection with such waivers and relinquishment, you shall be deemed to acknowledge that you are aware that you may hereafter discover facts in addition to, or different from, those facts which they now know or believe to be true with respect to the subject matter of the Settlement Agreement, but that you release fully, finally, and forever all Released Claims, and in furtherance of such intention, the release will remain in effect notwithstanding the discovery or existence of any such additional or different facts.  You shall acknowledge, and by operation of

law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a material element of the Settlement.

The full terms of the Release provisions of the Settlement are at Section IX of the Settlement Agreement, a copy of which is available at [www.settlementwebsite.com].

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### 11. How do I exclude myself from the Settlement Class?

If you don't want to be part of the Settlement, or if you want to keep the right to sue or continue suing HPIH, HII or Kosloske on your own about the Released Claims, then you must take steps to exclude yourself from the Settlement Class.  This is also called "opting out" of the Settlement Class.  If you exclude yourself from the Settlement Class, you will not be bound by the Settlement and will not receive any relief offered by the Settlement, but you will be free to file and then pursue your own individual lawsuit regarding the Released Claims if you wish to do so. However, the Court has ruled that neither the Settlement, nor this Notice, nor the Court's preliminary approval order may be used as evidence in such individual lawsuits.  You should be aware that if you do exclude yourself and plan to file your own action against Defendants, the statute of limitations applicable to your claim may prevent you from separately suing Defendants unless you act promptly.

To exclude yourself, you must mail a letter sufficiently in advance to be received by the Settlement Administrator no later than [MONTH DAY YEAR] saying that you want to be excluded from the Settlement Class.  Your letter must be addressed to HII Class Action Settlement Administrator, c/o JND Legal Administration, P.O. Box 91235, Seattle, Washington  98111, and must (i) contain a caption or title that identifies it as a "Request for Exclusion in *Belin v. HII*"; (ii) include your name, mailing address and email address(es) and contact telephone number; (iii) specify that you want to be excluded from the Settlement Class; and (iv) be *personally* signed by you.

NOTE: If your request for exclusion is late or incomplete, then it will not be valid and you will remain part of the Settlement Class.  You will still be bound by the Settlement and other orders or judgments in the Action, and you will not be able to participate in any other lawsuits against Defendants and the Released Parties based on the Released Claims.

### 12. If I don't exclude myself, can I sue HII, HPIH or Kosloske later for the same thing?

No.  If you do not exclude yourself from the Settlement Class and the Settlement is given Final Approval, then you will give up the right to sue Defendants and the Released Parties for the Released Claims — ***even if you do not timely submit a valid Claim Form***.

### 13. If I exclude myself, can I get anything from this Settlement?

If you exclude yourself, you will not be eligible to receive any of the monetary benefits that the Settlement provides.

## THE LAWYERS REPRESENTING YOU

### 14. Do I have a lawyer in this case?

Yes.  The Court has appointed Jason Kellogg, Jeffrey C. Schneider, Lawrence A. Kellogg and Victoria J. Wilson of the law firm of Levine Kellogg Lehman Schneider + Grossman LLP, and Jason R. Doss of The Doss Firm LLC, to represent you and the other Settlement Class Members in this Action and for purposes of this Settlement, and for no other purpose.  These attorneys are called "Class Counsel," and they can be reached by writing them at:

Levine Kellogg Lehman Schneider + Grossman LLP
201 South Biscayne Boulevard, 22nd Floor
Miami, Florida  33131

The Doss Firm LLC
The Brumby Building
127 Church Street, Suite 220
Marietta, Georgia 30060

You have the right to retain your own separate lawyer to represent you in this case, but you are not obligated to do so.  If you hire your own lawyer, then you will be solely responsible for all of his or her fees and expenses.  You also have the right to represent yourself before the Court without a lawyer, but if you want to appear at the Fairness Hearing you must comply with the procedures set forth in Parts 18 through 19 of the Notice below.

### 15. How will Class Counsel and Class Representatives be paid?

Class Counsel have prosecuted this case on a contingent-fee basis and, so far, have not been paid anything for their services.  If the Settlement is approved, then Class Counsel will ask the Court for an award of attorney's fees and expenses, to be paid from the Settlement Fund in an amount not to exceed 33.33% of the Settlement Fund.

A recent decision of the U.S. Court of Appeals for the Eleventh Circuit holds that Service Awards for class representatives are not permissible in class actions. *See Johnson v. NPAS Solutions, LLC*, No. 18-12344, 2020 WL 5553312, at *12 (11th Cir. Sept. 17, 2020).  If and only if that decision is vacated or reversed, then Class Counsel will also ask the Court for Service Awards for the Class Representatives for their efforts in bringing the Action, in amounts not to exceed $6,250 per Plaintiff, which will also be paid from the Settlement Fund.  Class Counsel will file with their Court their request for attorneys' fees and expenses, and Service Awards, on or before [MONTH DAY YEAR], which will then be posted on [www.settlementwebsite.com].

The Settlement is not conditioned on the Court approving any specific amount of attorneys' fees and expenses or Service Awards.  The Court will ultimately decide whether any attorneys' fees and expenses should be awarded to Class Counsel, and whether any Service Awards should be awarded to Class Representatives, and in what amounts.

## OBJECTING TO THE SETTLEMENT

**16. How do I tell the court that I don't like the settlement?**

If you do not exclude yourself from the Settlement Class, then you can object to the Settlement if you don't agree with any part of it. You can provide reasons why you think the Court should deny approval of the Settlement by filing an objection. However, you can't ask the Court to order a larger or different type of settlement as the Court can only approve or deny the Settlement presented by the Parties. If the Court denies approval, then no settlement relief will be available to the Settlement Class Members and the lawsuit will continue. If you file a written objection, then the Court will consider your views.

To object, you must file a written statement of objection with the Court. Your written objection must (i) contain a caption or title that identifies it as an "Objection to Case Settlement in *Belin v. HII*"; (ii) include your full name, mailing address and email address(es) and contact telephone number; (iii) provide an explanation of the basis upon which you claim to be a Settlement Class Member (such as, you received this Class Notice); (iv) state whether the objection applies only to you, or to the Settlement Class as a whole, and the reasons for your objection, accompanied by any legal or factual support for the objection; (v) disclose the name and contact information of any and all attorneys representing, advising or in any way assisting you in connection with the preparation or submission of your objection; and (vi) disclose the case name and civil action number of any other objections that you or your counsel have made in any other class action cases in the last 4 years; (vii) state whether you intend to appear at the Final Approval Hearing on your own behalf or through counsel; and (viii) be *personally* signed by you.

You may file your written statement of objection in person at, or you may mail it to, the Clerk of Court, United States District Court for the Southern District of Florida, U.S. Federal Building and Courthouse, 299 East Broward Boulevard #108, Ft. Lauderdale, Florida 33301. However, if you are represented by your own attorney, then your attorney must file your objection through the Court's Case Management/Electronic Case Filing (CM/ECF) system. To be considered timely and valid, all statements of objection must be filed with the Court by, or mailed sufficiently in advance to be received by the Court by [MONTH DAY YEAR]. Any Settlement Class Member who does not comply with the above deadline and requirements shall be deemed to have waived all objections to and shall be forever barred from challenging the Settlement.

**17. What's the difference between objecting and excluding myself?**

Objecting is simply telling the Court that you do not like something about the settlement, but that you are still willing to be bound by it if the Settlement is finally approved despite your objection. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you don't want to be part of the Settlement Class at all. If you exclude yourself, you will not be subject to the Settlement and therefore cannot object to the Settlement or appear at the Fairness Hearing because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement.  You may attend and you may ask to speak, but you are not required to.

**When and where will the Court decide whether to approve the settlement?**

The court will hold a Fairness Hearing at [time] on [date] before the Honorable Judge Anuraag Singhal at the U.S. District Court for the Southern District of Florida, U.S. Federal Building and Courthouse, 299 East Broward Boulevard, #107, Ft. Lauderdale, Florida 33301.  At this hearing, the court will consider whether to: (1) grant final certification to the Settlement Class for settlement purposes; (2) approve the Settlement as fair, reasonable and adequate; and (3) award any attorneys' fees and expenses to Class Counsel and Service Awards to Class Representatives.  After the hearing, the Court will decide whether to approve the Settlement.  It is not possible to predict how long the Court's decision will take.

NOTE:  The Court has reserved the right to change the date and/or time of the Fairness Hearing, or to continue it, without further notice.  If you plan to attend the Fairness Hearing, you should confirm the date and time shortly before traveling to attend the hearing by checking www.settlementwebsite.com] or the Court's Public Access to Court Electronic Records (PACER) system at https://www.alnd.uscourts.gov/CMECF/default.htm.

### 18. Do I have to attend the fairness hearing?

No, Class Counsel will represent the Settlement Class at the Fairness Hearing.  But you are welcome to come at your own expense.  Even if you send an objection, you do not have to go to the Fairness Hearing to talk about it.  As long as your objection was timely filed and meets the other requirements described in Part 16, the Court will consider it.  You also retain a lawyer at your own expense to represent you at the Fairness Hearing, but it is not necessary to do so.

### 19. May I speak at the fairness hearing?

You may ask the Court for permission to speak at the Fairness Hearing, but only *if you* timely file an objection in full compliance with the instructions set forth in Part 16, and *if* you also state in that objection that you would like to speak at the Fairness Hearing.  However, any separate attorney you hire may appear only if he or she files through the Court's Case Management/Electronic Case Filing (CM/ECF) system a separate "Notice of Intention to Appear in *Belin v. HII*, No. 19-cv-61430-SINGHAL."  That notice must be filed with the Court no later than [MONTH DAY YEAR].  You cannot speak at the Fairness Hearing if you have excluded yourself from the Settlement Class.

## IF YOU DO NOTHING

### 20. What if I do nothing?

If you do nothing and the Settlement is approved and reaches Final Approval, then you will be a Settlement Class Member.  Even if you do not submit a Claim Form, you will be bound by

12

the Settlement's release and other terms, and therefore you will not be able to file your own lawsuit, continue with your own lawsuit, or be part of any other lawsuit against HII, HPIH or Kosloske concerning any of the Released Claims.

## GETTING MORE INFORMATION

### 21. Where can I get additional information?

This Notice summarizes the proposed settlement.  For precise terms and conditions of the Settlement, please see the full Settlement Agreement available at [www.settlementwebsite.com], by accessing the Court docket in this case through the Court's Case Management/Electronic Case Filing (CM/ECF) system at https://www.alnd.uscourts.gov/CMECF/, or by visiting the office of the Clerk of the Court for the United States District Court for the Southern District of Florida, U.S. Federal Building and Courthouse, 299 East Broward Boulevard #108, Ft. Lauderdale, Florida 33301, between 8:30 a.m. and 4:30 p.m., Monday through Friday, excluding Court holidays.

**PLEASE DO NOT TELEPHONE THE COURT, THE CLERK OF THE COURT'S OFFICE OR DEFENDANTS TO INQUIRE ABOUT THIS SETTLEMENT**

# Exhibit 1.B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(FT LAUDERDALE DIVISION)

CASE NO. 0:19-cv-61430-SINGHAL/Valle

ELIZABETH E. BELIN, *et al*.,

     Plaintiffs,

v.

HEALTH INSURANCE INNOVATIONS, INC., *et al*.,

     Defendants.

_____/

## CLAIM FORM

### Exhibit B to Settlement Agreement

## I.    GENERAL INSTRUCTIONS

    1.    All capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Settlement Agreement, which can be downloaded at [settlement website].

    2.    To recover as a member of the Settlement Class based on your claims in the above-captioned class action lawsuit (the "Action"), and/or to recover as a member of the Medical Expense Subclass and/or Tax Penalty Subclass in this Action, you must complete and sign this Claim Form.  **If you fail to submit a properly completed Claim Form, then you will be precluded from any recovery in connection with the proposed Settlement.  And if you fail to submit a properly completed Claim Form <u>and</u> fail to request exclusion from the Settlement as set forth in the accompanying "Important Notice About a Proposed Class Action Settlement That Affects You" (the "Class Notice"), then you will also have your released your claims against Defendants in this Action.**

1

3.     YOU MUST MAIL OR SUBMIT ONLINE AT [WEBSITE NAME] YOUR COMPLETED AND SIGNED CLAIM FORM **NO LATER THAN** [**SUBMITTAL DEADLINE**], TO THE SETTLEMENT ADMINISTRATOR ADDRESSED AS FOLLOWS:

HII Class Action Settlement Administrator
c/o JND Legal Administration
P.O. Box 91235
Seattle, WA 98111

## II.     THE SETTLEMENT CLASS

4.     The records of Defendants Health Insurance Innovations, Inc. and Health Plan Intermediaries Holdings, LLC (the "HII Defendants") indicate that you are a member of the Settlement Class, which is defined as "All individuals who purchased the HII Defendants' limited benefit indemnity plans and/or ancillary products such as medical discount plans through Simple Health or Nationwide Health within the applicable statute(s) of limitation, and paid fee(s) and/or a premium(s) that were not completely recovered through a refund or chargeback."

5.     As members of the Settlement Class, you are receiving this Claim Form and the accompanying Class Notice.

6.     If you complete this Claim Form properly and you timely submit it to the Settlement Administrator, then you will receive a cash settlement tied to the fees and premiums you paid for the HII Defendants' limited benefit indemnity plans and/or ancillary products such as medical discount plans.  The amount you will receive cannot be determined until all Claim Forms are received.

## III.     THE MEDICAL EXPENSE SUBCLASS

7.     In addition to being a member of the main Settlement Class, you may also be a member of the Medical Expense Subclass, which is defined as "all indi-

viduals within the Simple Health Class or Nationwide Health Class who incurred uncovered medical expense(s)."

8.    You incurred "Uncovered Medical Expense(s)" if you (i) incurred medical expenses (ii) from June 7, 2015 to [Date of Preliminary Approval Order] (iii) for which you made a claim for reimbursement that (iv) was rejected in whole or in part.

9.    If you complete the "Medical Expense Subclass" portion of this Claim Form properly and you timely submit it to the Settlement Administrator, then you will receive an enhanced cash settlement of 1.25 times (25%) the fees and premiums you paid for the HII Defendants' limited benefit indemnity plans and/or ancillary products such as medical discount plans.  Again, the amount you will receive cannot be determined until all Claim Forms are received.

10.    If you believe you are NOT a member of the Medical Expense Sub-Class, then do not complete the "Medical Expense Subclass" portion of this Claim Form.  (You will still be eligible to receive a cash settlement as part of the main Settlement Class, as described in Section II above.)

## IV.    THE TAX PENALTY SUBCLASS

11.    In addition to being a member of the main Settlement Class and/or the Medical Expense Subclass, you may also be a member of the Tax Penalty Subclass, which is defined as "all Settlement Class Members who incurred a penalty under the Affordable Care Act's individual mandate provisions."

12.    You incurred a "Tax Penalty" if you (i) paid a penalty to the Internal Revenue Service (ii) from June 7, 2015 to [Date of Preliminary Approval Order] (iii) because you did not have health insurance that was compliant with the Affordable Care Act.

13.    If you complete the "Tax Penalty Subclass" portion of this Claim Form properly and you timely submit it to the Settlement Administrator, then you

will receive an enhanced cash settlement of 1.035 times (3.5%) the fees and premiums you paid for the HII Defendants' limited benefit indemnity plans and/or ancillary products such as medical discount plans.  Again, the amount you will receive cannot be determined until all Claim Forms are received.

14.     If you believe you are NOT a member of the Tax Penalty Subclass, then do not complete the "Tax Penalty Subclass" portion of this Claim Form.  (You will still be eligible to receive a cash settlement as part of the main Settlement Class, as described in Section II above.)

15.     If you incurred Uncovered Medical Expenses and Tax Penalt(ies), then it is perfectly okay to participate in both the Medical Expense Subclass and the Tax Penalty Subclass.

## V.     ADDITIONAL INFORMATION AND INSTRUCTIONS

16.     Executors, administrators, guardians, conservators and trustees of any Claimant must complete and sign this Claim Form on behalf of the Claimant they represent, and proof of their authority to act for such Claimant must accompany this Claim Form and their titles or capacities must be stated.

17.     If you wish to file your Proof of Claim electronically, go to [SETTLEMENT WEBSITE].  No electronic files will be considered to have been properly submitted unless the Settlement Administrator sends you a written acknowledgment of receipt and acceptance of electronically submitted data.

**This Proof of Claim Must Be Postmarked (if Mailed) or Received (if Submitted Online) No Later Than:**
<mark>[DEADLINE]</mark>

<u>Please Type or Print (in Blue or Black Ink)</u>

## PART 1: CLAIMANT IDENTIFICATION

| | | |
|---|---|---|
| Last Name of Claimant | MI | First Name |
| Name of executor, administrator, guardian, conservator and/or trustee (if applicable) | Title | Statement of authority to act for Claimant |
| Telephone Number (Primary Daytime) | | Telephone Number (Alternate) |
| Email Address | | Date of Birth |
| Address 1 | | |
| Address 2 | | |
| City | State | Zip Code |
| Foreign Province | Foreign Postal Code | Foreign Country Name/Abbreviation |
| Name of Products Purchased and Policy numbers(if known) | | |
| Date(s)  of  Purchase (if known) | | Date(s) of Cancellation (if known) |

## PART 2:  MEDICAL EXPENSE SUBCLASS CLAIM

Please read and sign below if the following is true and correct.

I swear and affirm under penalty of perjury that all of the following is true and correct:

1.  I incurred one or more medical expenses from June 7, 2015 to [Date of Preliminary Approval Order];

2.  I made a claim for reimbursement of those medical expenses; and

3.  My claim was rejected in whole or in part.

Sign Name Here: _____
Print Name Here: _____


## PART 3:  TAX PENALTY SUBCLASS CLAIM

Please read and sign below if the following is true and correct.

I swear and affirm under penalty of perjury that all of the following is true and correct:

1.  I paid one or more penalties to the Internal Revenue Service from June 7, 2015 to [Date of Preliminary Approval Order],

2.  Because I did not have Affordable Care Act-compliant health insurance.

Sign Name Here:_____
Print Name Here: _____

6

## PART 4:  FINAL SIGNATURE AND AFFIRMATION

I declare under penalty of perjury under the laws of the United States of America that all the foregoing information supplied by me in this Claim Form is true and correct.

Signed this _____ day of _____ (Month/Year) in _____.

      (City),                  (State/Country)

_____
(Sign your name here)

_____
(Type or print your name here)

_____
(If not you personally, state the capacity of person(s) signing, *e.g.*, Beneficial Holder, Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES TIME.**

**THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please fill out and sign Parts 1 and 4 above.

2. Please fill out and sign Part 2 above if you are a member of the Medical Expense Subclass.

3. Please fill out and sign Part 3 above if you are a member of the Tax Penalty Subclass.

4. If submitting via mail, keep a copy of your Claim Form and all supporting documentation for your records.

5. If you desire an acknowledgment that the Settlement Administrator received your Claim Form, please send it by Certified U.S. Mail, Return Receipt Requested.

6. If you submit your Claim Form electronically, your submission is not deemed to have been properly submitted unless the Settlement Administrator sends you a written acknowledgment of receipt and acceptance of the electronically submitted Claim Form.

If you move, please send your new address to the Settlement Administrator at the address below.

**AGAIN, THIS PROOF OF CLAIM MUST BE SUBMITTED OR MAILED NO LATER THAN [DEADLINE], ADDRESSED AS FOLLOWS:**

HII Class Action Settlement Administrator
c/o JND Legal Administration
P.O. Box 91235
Seattle, WA 98111

To submit you claim online visit [settlement website]

# Exhibit 1.C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(FT LAUDERDALE DIVISION)

CASE NO. 0:19-cv-61430-SINGHAL/Valle

ELIZABETH E. BELIN, *et al.*,

      Plaintiffs,

v.

HEALTH INSURANCE INNOVATIONS, INC., *et al.*,

      Defendants.

_____/

### [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, currently before this Court is the motion of Plaintiffs, Elizabeth Belin, Christopher Mitchell, Kevin Furman, Mitchell Kirby, Kathryn Svenson, Gabrielle Watson, Jesse Manley, Randall Spitzmesser and Michael Escobar ("Plaintiffs"), for themselves and the Settlement Class Members, to preliminarily approve a Settlement Agreement entered into with Defendants, Health Insurance Innovations, Inc. ("HII"), Health Plan Intermediaries Holdings, LLC ("HPIH")[1] and Michael Kosloske ("Kosloske"), to approve the form and method of providing notice to the Settlement Class of the proposed Settlement and to set a date for a fairness hearing on the proposed Settlement;

WHEREAS, this Court previously certified certain Classes and Subclasses as detailed in its Order dated February 1, 2021 [D.E. 208];

WHEREAS, the Court has reviewed the Settlement Agreement, together with its exhibits;

---

[1]     HII and HPIH (the "HII Defendants") now go by the name Benefytt Technologies, Inc. ("Benefytt"). Benefytt is a signatory to the Settlement Agreement.

CASE NO. 0:19-cv-61430-SINGHAL/Valle

WHEREAS, the Settlement Agreement provides that the HII Defendants shall pay a total of $27.5 million to settle all claims in this Action, and to make or continue certain business practice changes relating to the sale of limited benefit indemnity plans and ancillary products;

WHEREAS, the Settlement appears to be the product of informed, arms-length settlement negotiations between Class Counsel and Defendants over a period of months with the help of mediator Hunter R. Hughes III;

WHEREAS, the Court is familiar with and has reviewed the record, the Settlement Agreement, Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and supporting declarations, and has found good cause for entering this Order; and

WHEREAS, unless otherwise specified, all capitalized terms used herein have the same meanings as set forth in the Settlement Agreement;

NOW THEREFORE, it is ORDERED and ADJUDGED as follows:

### The Settlement Class and Class Counsel

1.      The Court finds upon preliminary evaluation that it will likely be able to approve the proposed Settlement as fair, reasonable and adequate.  The Court finds that giving notice of the Settlement is justified pursuant to Federal Rule of Civil Procedure 23(e)(1).  On February 1, 2021, this Court issued an Order on Class Certification (the "Certification Order") certifying the following Classes and Subclasses, and will likely certify and/or confirm them as Settlement Classes for purposes of judgment on the Settlement:

Simple Health Class.  All individuals who purchased the HII Defendants' limited benefit indemnity plans and/or ancillary products such as medical discount plans through Simple Health within the applicable statute(s) of limitation, and paid fee(s) and/or a premium(s) that were not completely recovered through a refund or chargeback.

Nationwide Health Class.  All individuals who purchased the HII Defendants' limited benefit indemnity plans and/or ancillary products such as medical discount plans through Nationwide Health within the applicable statute(s) of limitation, and

CASE NO. 0:19-cv-61430-SINGHAL/Valle

paid fee(s) and/or a premium(s) that were not completely recovered through a refund or chargeback.

Medical Expense Subclass.  All individuals within the Simple Health Class or Nationwide Health Class who incurred uncovered medical expense(s).

Tax Penalty Subclass.  All individuals within the Simple Health Class or Nationwide Health Class who incurred a penalty under the ACA's individual mandate provisions.

Excluded from the Settlement Classes are the Judge to whom the Action is assigned and any member of the Judge's staff and immediate family; the HII Defendants and their directors, officers, employees or independent contractors; Michael Kosloske; and the former directors, officers, employees or independent contractors of Simple Health or Nationwide Health.

2.      As it did in the Certification Order, the Court determines for settlement purposes that the proposed Settlement Class meets all of the requirements of Rule 23(a) and (b)(3).

3.      The Court appoints Plaintiffs, Elizabeth Belin, Christopher Mitchell, Kevin Furman, Mitchell Kirby, Kathryn Svenson, Gabrielle Watson, Jesse Manley, Randall Spitzmesser and Michael Escobar, who were previously appointed class representatives in the Certification Order, as representatives of the proposed Settlement Class going forward.

4.      The following lawyers, who were appointed Class Counsel in an Order dated February 19, 2021, are designated as class counsel for the Settlement Class pursuant to Rule 23(g): Jason Kellogg, Jeffrey C. Schneider, Lawrence A. Kellogg and Victoria Wilson of Levine, Kellogg, Lehman, Schneider + Grossman, and Jason R. Doss of The Doss Firm, LLC.  The Court finds that these lawyers are experienced and will adequately protect the interests of the Settlement Class.

**Preliminary Approval of the Settlement**

5.      The Court preliminarily finds that the Settlement is the product of non-collusive, arm's-length negotiations between experienced class action attorneys who were well informed of

CASE NO. 0:19-cv-61430-SINGHAL/Valle

the strengths and weaknesses of the Action, including through discovery and motion practice, and whose settlement negotiations were supervised by an experienced, nationally renowned mediator, Hunter R. Hughes III. The Settlement confers substantial benefits upon the Settlement Class and avoids the costs, uncertainty, delays, and other risks associated with continued litigation, trial and/or appeal concerning the claims at issue. The Settlement falls within the range of possible recovery, compares favorably with the potential recovery when balanced against the risks of continued prosecution of the claims in the Action, and does not grant preferential treatment to Plaintiffs, their counsel, or any subgroup of the Settlement Class.

6.      The Court preliminarily approves the Settlement as fair, reasonable, and adequate and in the best interest of Plaintiffs and the other Settlement Class Members, subject to further consideration at the Final Approval Hearing to be conducted as described below.

7.      The Settlement Amount shall be paid to and managed by the Settlement Administrator, JND Class Action Administration, as detailed in the Settlement Agreement.  All funds held by the Settlement Administrator shall be deemed and considered to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as such funds are distributed pursuant to the Settlement Agreement.

**Manner and Form of Notice**

8.      The Court approves the Class Notice substantially in the form attached as **Exhibit 1.A** of the Settlement Agreement.  The proposed notice plan, which provides for direct notice via email (and then first-class mail to those whose email address cannot be located or whose email is returned as undeliverable), will provide the best notice practicable under the circumstances.  This plan and the Notice are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action; the effect of the proposed

CASE NO. 0:19-cv-61430-SINGHAL/Valle

Settlement (including on the Released Claims); the anticipated motion for attorneys' fees, reimbursement of litigation expenses and service awards; their rights to participate in, opt-out of, or object to any aspect of the proposed Settlement.  The plan and the Notice constitute due, adequate and sufficient notice to Settlement Class Members and satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process and all other applicable laws and rules.  The date and time of the Final Approval Hearing shall be included in the Notice before dissemination.  Non-material modifications to the Notice may be made without further order of the Court.

9.     The Claim Form attached as **Exhibit 1.B** to the Settlement Agreement is approved. Non-material modifications to the Claim Form may be made without further order of the Court.

10.     The Court hereby appoints JND Class Action Administration as Settlement Administrator to carry out the Notice program, effect payment to Settlement Class Members and otherwise perform all administrative tasks set forth in Section VI of the Settlement Agreement.

11.     Within 45 days after entry of this Order ("Preliminary Approval"), the Settlement Administrator shall cause to be established and maintained the Settlement Website, using a URL selected by the HII Defendants and subject to approval by Class Counsel, on which will be posted the Direct Notice and Claim Form.  The Direct Notice shall direct recipients to the Settlement Website via a hyperlink.  The Settlement Website shall provide for online submission of Claim Forms.

12.     Within 45 days of Preliminary Approval, Direct Notice shall be sent by e-mail to all Settlement Class Members as to whom the HII Defendants have a reasonably accessible e-mail address.  Emails sent shall have a "return receipt" or other such function that permits the Settlement Administrator to reasonably determine whether emails have been delivered and/or opened.  Emails

CASE NO. 0:19-cv-61430-SINGHAL/Valle

shall have a hyperlink that class member recipients may click and be taken to a landing page on the Settlement Website. Contemporaneously with the transmission of the Direct Notice, the Settlement Administrator shall cause the Class Notice and Claim Form to be posted on the Receiver's website. The Settlement Administrator shall also cause the Settlement Agreement, Motion for Preliminary Approval and supporting documents, as well as all other documents ultimately filed in support of Final Approval, to be posted on the Settlement Website.

13.   For Settlement Class Members for whom the HII Defendants have a reasonably accessible mailing address but not an associated email address, and to those Settlement Class Members whose emails are returned as undeliverable, Direct Notice shall be sent via postcard to the most recent mailing address as reflected in the HII Defendants' reasonably available computerized records and/or data associated with the number. A National Change of Address update shall be performed before mailing. Skip tracing shall be performed for all returned mail. All costs of skip tracing will be considered Notice and Administrative Expenses.

14.   All reasonable expenses incurred in notifying Settlement Class Members, as well as in administering the Settlement Fund, shall be paid to Settlement Administrator from the Settlement Fund as set forth in the Settlement Agreement.

15.   The Settlement Administrator will require Settlement Class Members to timely submit the Claim Form, as required by the terms of the Settlement Agreement, in order to verify a Settlement Class Member's status as a Settlement Class Member and/or Subclass Member and their eligibility for any benefits under the Settlement, in addition to any other purposes consistent with the Settlement Administrator's responsibilities under the Settlement Agreement.

16.   The dates provided for herein may be extended by Order of the Court, for good cause shown, without further notice to the Settlement Class.

CASE NO. 0:19-cv-61430-SINGHAL/Valle

17.     In conformance with the time limitations set forth in 28 U.S.C. § 1715(b), the HII Defendants within 10 days after the filing of the motion for preliminary approval will cause the CAFA Notice to be prepared and sent to the appropriate officials.

## **The Final Approval Hearing**

18.     An approval hearing shall take place before the Court on _____, 2021, at _____ a.m./p.m. in Courtroom 107 at the U.S. Federal Building and Courthouse, 299 East Broward Boulevard, Ft. Lauderdale, Florida 33301, to determine whether: (a) the proposed Class should be certified for settlement purposes pursuant to Rule 23; (b) the Settlement should be approved as fair, reasonable and adequate; (c) full effect should be given to the releases contained in the Settlement Agreement and those provisions finally approved as contained therein; (d) this matter should be dismissed with prejudice; (e) Class Counsel's application for attorneys' fees and expenses should be approved; and (f) whether the application for the class representatives to receive service awards should be approved, as well as (g) any other matters the Court deems necessary and appropriate.

19.     Any Settlement Class Member who has not timely and properly excluded themselves from the Settlement Class in the manner described below may appear at the approval hearing in person or through counsel and be heard, as allowed by the Court, regarding the proposed Settlement; provided, however, that no Settlement Class Member who excluded themselves from the Settlement Class shall be entitled to object or otherwise appear at the approval hearing, and, further provided, that no Settlement Class Member shall be heard in opposition to the Settlement unless the Settlement Class Member complies with the requirements of this Order pertaining to objections, which are described below.

CASE NO. 0:19-cv-61430-SINGHAL/Valle

20.     Papers in support of Class Counsel's application for attorneys' fees, reimbursement of litigation expenses, and service awards shall be filed within 45 days after Preliminary Approval.

21.     Class Counsel's motion for final approval of the settlement shall be filed no less than 30 days before the Final Approval Hearing.

**Objections and Appearances at the Final Approval Hearing**

22.     Any member of the Settlement Class may appear at the Final Approval Hearing and show cause why the proposed Settlement should or should not be approved as fair, reasonable, and adequate, or why judgment should or should not be entered, or to comment on or oppose Class Counsel's application for attorneys' fees, reimbursement of litigation expenses, and service awards. No person shall be heard or entitled to contest the approval of the Settlement or, if approved, the judgment to be entered approving the Settlement, Class Counsel's application for an award of attorneys' fees, reimbursement of litigation expenses, and service awards, unless that person filed an objection with the Clerk of the United States District Court for the Central District of California electronically, in person, or by first-class mail postmarked within 90 days after the date of this Order (the "Objection and Opt-Out Deadline"). Absent leave of this Court, objections shall not exceed 20, double-spaced pages in length.

23.     For the objection to be considered by the Court, the objection must be in writing and set forth:

(a)     The name of this proceeding (*Belin v. HII*, Case No. 19-cv-61430, or similar identifying words such as "HII Lawsuit");

(b)     the Settlement Class Member's full name;

(c)     the Settlement Class Member's current address;

(d)     the Settlement Class Member's personal signature (an attorney's signature is insufficient);

CASE NO. 0:19-cv-61430-SINGHAL/Valle

      (e)     a statement indicating why the Settlement Class Member thinks that the Settlement Class Member is a part of the Settlement Class and/or the Medical Expense Subclass and/or Tax Penalty Subclass;

      (f)     a statement with the reasons why the Settlement Class Members objects to the Settlement, accompanied by any legal support for the Settlement Class Member's objection;

      (g)     a statement identifying all class action settlements to which the Settlement Class Members has objected in the previous five years;

      (h)     a statement as to whether the Settlement Class Member intends to appear at the Approval Hearing, either in person or through a lawyer, and if through a lawyer, identifying the lawyer by name, address and telephone number, and four dates prior to the Final Approval Hearing during which the Settlement Class Member is available to be deposed by counsel for the Parties; and

      (i)     a detailed description of any and all evidence the Settlement Class Member may offer at the Approval Hearing, including copies of any and all exhibits the Settlement Class Member may seek to introduce at the Approval Hearing.

24.     Additionally, if the objecting Settlement Class Member is represented by a lawyer and the lawyer intends to seek compensation for his or her services from anyone other than the objecting Settlement Class Member, then the objection letter must include:

      (a)     the identity of all lawyers who represent the objecting Settlement Class Member, including any former or current lawyer who may be entitled to compensation for any reason related to the objection;

      (b)     a statement identifying all instances in which the lawyer or the lawyer's law firm have objected to a class action settlement within the preceding five years, giving the case name(s), case number(s) and court(s) in which the class action settlement(s) were filed;

      (c)     a statement identifying any and all agreements or contracts that relate to the objection or the process of objecting — whether written or oral — between the Settlement Class Member, the Settlement Class Member's lawyer and/or any other person or entity;

      (d)     a description of the lawyer's legal background and prior experience in connection with class action litigation;

      (e)     a statement regarding whether the lawyer's compensation will be calculated on the basis of lodestar, contingency or other method;

      (f)     an estimate of the amount of fees to be sought;

CASE NO. 0:19-cv-61430-SINGHAL/Valle

(g)     the factual and legal justification for any fees to be sought;

(h)     the number of hours already spent by the lawyer and an estimate of the hours to be spent in the future; and

(i)     the lawyer's hourly rate.

25.     Any Settlement Class Member who fails to comply with the provisions in this Order will waive and forfeit any and all rights they may have to object to the Settlement, may have their objection stricken from the record and may lose their rights to appeal from approval of the Settlement.  Any such Settlement Class Member shall also be bound by all the terms of the Settlement Agreement, this Order and by all proceedings, orders and judgments, including, but not limited to, the releases in the Settlement Agreement if final judgment is entered.

26.     Counsel for any objector must enter a Notice of Appearance no later than 14 days before the Final Approval Hearing.

27.     Attendance at the Final Approval Hearing is not necessary, but persons wishing to be heard orally in connection with approval of the approval of the Settlement and/or the application for an award of attorneys' fees, reimbursement of expenses, and service awards must indicate in their written objection their intention to appear at the hearing.

**Exclusions from the Settlement Class**

28.     Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail a written notification of his or her intent to be excluded to the Settlement Administrator at the address provided in the approved notice attached to the Settlement Agreement postmarked no later than 90 days from the date of this Order (the "Opt-out Deadline").  Each written request for exclusion must be signed by the Settlement Class Member seeking exclusion, can only request exclusion for that one Settlement Class Member and must contain the following information:

CASE NO. 0:19-cv-61430-SINGHAL/Valle

(a)      The name of this proceeding (*Belin v. HII*, Case No. 19-cv-61430, or similar identifying words such as "HII Lawsuit");

(b)      their full name;

(c)      their current address;

(d)      the words "Request for Exclusion" at the top of the document or a statement that the Settlement Class Member does not wish to participate in the Settlement;

(e)      and a personal signature.

29.     Any Settlement Class Member who does not timely and validly exclude themselves from the Settlement shall be bound by the terms of the Settlement.  If final judgment is entered, any Settlement Class Member who has not submitted a timely, valid written notice of exclusion from the Settlement Class shall be bound by all subsequent proceedings, orders and judgments in this matter, including but not limited to the releases set forth in the Settlement Agreement and final judgment.

30.     The Settlement Administrator shall provide the Class Counsel and counsel for Defendants with copies of all opt-out notifications and, within 14 days after the Opt-out Deadline, shall provide counsel with a final list of all who have timely and validly excluded themselves from the Settlement Class.  All those Settlement Class Members who submit valid and timely notices of exclusion from the Settlement Class shall not be entitled to receive any benefits of the Settlement.

**Claims Process**

31.     The Settlement Agreement establishes a process for claiming benefits under the Settlement.  To receive any compensation, Settlement Class Members must submit to the Settlement Administrator the approved Claim Form, attached as **Exhibit 1.B** to the Motion for Preliminary Approval, within 135 days from the date of this Order.

CASE NO. 0:19-cv-61430-SINGHAL/Valle

**Termination of the Settlement and Use of this Order**

32.     This Order shall become null and void and shall be without prejudice to the rights of the parties, all of which shall be restored to their respective positions existing immediately before this Court entered this Order, if the Settlement is not approved by the Court or is terminated in accordance with the terms of the Settlement Agreement.  In such event, the Settlement and Settlement Agreement, and all rights and obligations thereunder, including any releases, shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever by any person or entity.

33.     This Order shall be of no force or effect if final judgment is not entered or there is no effective date under the terms of the Settlement Agreement; shall not be construed or used as an admission, concession or declaration by or against any party of any fault, wrongdoing, breach or liability; shall not be construed or used as an admission, concession or declaration by or against any settlement class representative or any other settlement class member that its claims lack merit or that the relief requested is inappropriate, improper or unavailable; and shall not constitute a waiver by any party of any defense or claims it may have in this litigation or in any other lawsuit.

34.     No Party or counsel to a Party in this Litigation shall have any liability to any Settlement Class Member for any action taken substantially in accordance with the terms of this Order.

**Reservation of Jurisdiction**

35.     The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

36.     The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class.  If the Court alters any of those dates or times, the revised dates and times shall be posted on the Settlement Website by the Settlement Administrator.

## **Summary of Deadlines**

37.     The Settlement Agreement shall be administered according to its terms pending the final approval hearing.  Deadlines arising under the Settlement Agreement and this Order include, but are not limited to, the following:

| **EVENT** | **TIMING** |
|---|---|
| Deadline for Defendants to send CAFA Notice | [INSERT DATE]; 10 days after Court grants Preliminary Approval |
| Deadline for Settlement Administrator to provide Settlement Class Members' contact information to Settlement Administrator | [INSERT DATE]; 20 days after Court grants Preliminary Approval |
| Deadline for Settlement Administrator to establish Settlement Website | [INSERT DATE]; 45 days after Court grants Preliminary Approval |
| Deadline for the HII Defendants to pay $27.5 million Consideration to Escrow Agent | [INSERT DATE]; 30 days after Court grants Preliminary Approval, or February 1, 2022, whichever is later |
| Deadline for Settlement Administrator to send Direct Notice to Settlement Class Members | [INSERT DATE]; 45 days after Court grants Preliminary Approval |
| Deadline to file Class Counsel's motion for attorneys' fees, costs, expenses and service awards | [INSERT DATE]; 45 days after Court grants Preliminary Approval |
| Objection deadline | [INSERT DATE]; 90 days after Court grants Preliminary Approval |
| Opt-out deadline | [INSERT DATE]; 90 days after Court grants Preliminary Approval |

CASE NO. 0:19-cv-61430-SINGHAL/Valle

| | |
|---|---|
| Deadline for Settlement Class Members to submit Claim Forms to Settlement Administrator | [INSERT DATE]; 135 days after Court grants preliminary approval |
| Deadline for Class Counsel to file motion for final approval of settlement | [INSERT DATE]; 30 days before Final approval hearing |
| Deadline for Settlement Administrator to submit Affidavit or Declaration stating that the Class Notice has been given | [INSERT DATE]; 21 days before Final approval hearing |
| Deadline for the HII Defendants to submit Affidavit or Declaration stating that the CAFA Notice has been given | [INSERT DATE]; 21 days before Final approval hearing |
| Deadline for counsel for any objector to file a Notice of Appearance | [INSERT DATE]; 14 days before Final approval hearing |
| Final Approval hearing | [INSERT DATE] |

DONE AND ORDERED in Ft. Lauderdale, Florida, this ___ day of _____, 2021.


_____
HON. RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

# Exhibit 1.D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(FT LAUDERDALE DIVISION)

CASE NO. 0:19-cv-61430-SINGHAL/Valle

ELIZABETH E. BELIN, *et al*.,

     Plaintiffs,

v.

HEALTH INSURANCE INNOVATIONS, INC., *et al*.,

     Defendants.

_____/

**[PROPOSED] FINAL ORDER AND JUDGMENT**

Now before the Court is the Unopposed Motion for Final Approval of Proposed Settlement and Plaintiffs' Unopposed Motion for Attorney's Fees, Expenses and Service Award filed by Plaintiffs, Elizabeth Belin, Christopher Mitchell, Kevin Furman, Mitchell Kirby, Kathryn Svenson, Gabrielle Watson, Jesse Manley, Randall Spitzmesser and Michael Escobar ("Plaintiffs"). The Parties ask the Court to enter this Final Order and Judgment granting final approval of the settlement, and Plaintiffs ask the Court (without opposition) to grant Class Counsel's motion for attorney's fees, expenses and service awards. Both parties seek dismissal of this Action with prejudice. Due and adequate notice having been given of the Settlement as required by the Preliminary Approval Order, the Court having considered all papers filed and proceedings conducted herein, and good cause appearing therefor, it is hereby ORDERED, ADJUDGED and DECREED as follows:

The Court, having reviewed and considered the motions, affidavits and other submissions of the Parties, **IT IS HEREBY ORDERED AND ADJUDGED**:

CASE NO. 0:19-cv-61430-SINGHAL/Valle

1.      This Final Approval Order and Judgment incorporates by reference the definitions in the Settlement Agreement dated September 17, 2021, and all defined terms used herein have the same meaning given to them in the Settlement Agreement

2.      The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2).  The Court has personal jurisdiction over Defendants, each of whom is a citizen of, or headquartered in, Florida.  Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## A.      <u>The Court Grants Final Approval to the Settlement</u>

3.      The Court reaffirms and makes final its provisional findings, rendered in the Preliminary Approval Order, that, for purposes of the Settlement, all prerequisites for maintenance of a class action set forth in Federal Rules of Civil Procedure 23(a) and (b)(3) are satisfied.  The Court further confirms certification of the Classes described in its Certification Order dated February 1, 2021, as a Settlement Class:

> <u>Simple Health Class</u>.  All individuals who purchased the HII Defendants' limited benefit indemnity plans and/or ancillary products such as medical discount plans through Simple Health within the applicable statute(s) of limitation, and paid fee(s) and/or a premium(s) that were not completely recovered through a refund or chargeback.

> <u>Nationwide Health Class</u>.  All individuals who purchased the HII Defendants' limited benefit indemnity plans and/or ancillary products such as medical discount plans through Nationwide Health within the applicable statute(s) of limitation, and paid fee(s) and/or a premium(s) that were not completely recovered through a refund or chargeback.

> <u>Medical Expense Subclass</u>.  All individuals within the Simple Health Class or Nationwide Health Class who incurred uncovered medical expense(s).

> <u>Tax Penalty Subclass</u>.   All individuals within the Simple Health Class or Nationwide Health Class who incurred a penalty under the ACA's individual mandate provisions.

4.      Pursuant to Federal Rule of Civil Procedure 23(e), the Court grants final approval of the Settlement and finds that it is, in all respects, fair, reasonable, and adequate and in the best interests of the Settlement Class.

5.      The Court finds that notice of this Settlement was given to Settlement Class Members in accordance with the Preliminary Approval Order and constituted the best notice practicable of the proceedings and matters set forth therein, including the Litigation, the Settlement and the Settlement Class Members' rights to object to the Settlement or opt-out of the Settlement Class, to all persons entitled to such notice, and that this notice satisfied the requirements of Federal Rule of Civil Procedure 23 and of due process. The Court further finds that the notification requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, have been met.

6.      The Court therefore directs the Settlement Administrator and the Parties to implement the Settlement according to its terms and conditions.

7.      Upon the later of (i) the Settlement Effective Date and (ii) payment by Defendant of the Settlement Consideration, the Releasing Parties shall be deemed to have provided the Released Parties with a full and final release of the Released Claims as provided in the Settlement Agreement.

8.      The persons identified in the attached **Exhibit 1** requested exclusion from the Settlement Class as of the Objection and Opt-Out Deadline.  These persons shall not share in the benefits of the Settlement, and this Final Approval Order and Judgment does not affect their legal rights to pursue any claims they may have against Defendants.  All other members of the Settlement Class are hereinafter barred and permanently enjoined from prosecuting any Released Claims against the Released Parties in any court, administrative agency, arbitral forum or other tribunal.

9.      All Settlement Class Members not listed in Exhibit 1 shall be bound by the Settlement Agreement and this Final Approval Order and Judgment, including the release provisions and covenant not to sue.

10.      Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement, is or may be deemed to be or may be used as an admission of, or

evidence of, (a) the validity of any Released Claim, (b) any wrongdoing or liability of Defendants or any other Released Party, or (c) any fault or omission of Defendants or any other Released Party in any proceeding in any court, administrative agency, arbitral forum, or other tribunal.

11.    Within three business days of the Effective Date as that term is defined in the Settlement Agreement, the Escrow Agent shall disburse the Net Consideration to the Settlement Administrator.  No later than 10 days after the Effective Date, the Settlement Administrator shall notify Class Counsel of the Distributions to be allocated to each Participating Settlement Class Member out of the Settlement Fund.  No later than 20 days after the date of the Effective Date, the Settlement Administrator shall cause the Distributions to be paid to Participating Settlement Class Members out of the Settlement Fund.

12.    Within 180 days of the Effective Date, the HII Defendants agree to the following business practice changes, to the extent not already implemented:

     a.  Require agents and distributors of limited benefit indemnity and ancillary products to record and maintain all sales calls;

     b.  Engage outside vendors to conduct secret shopper investigations for the purpose of detecting deceptive or fraudulent sales practices;

     c.  Where the website of the HII Defendants or any of its distributors mentions limited benefit indemnity or ancillary products, require that a conspicuous disclaimer stating products are not major medical insurance and are not compliant with Affordable Care Act;

     d.  Require the HII Defendants' compliance department to communicate directly with distributors about secret shopper reports and other compliance issues;

     e.  Require the collection of credit card information in the verification stage or thereafter in sales calls; and

     f.  Develop a disciplinary process for agents who mislead customers regarding coverage.

13.     Any amount of the Settlement Fund greater than $20,000 that, owing to undeposited checks, remains under the control of the Settlement Administrator 180 days after payment of all Distributions to Participating Settlement Class Members, shall be redistributed by the Settlement Administrator to Participating Settlement Class Members whose checks were deposited.  Any amount less than $20,000 shall be distributed to [one or more non-profit or charitable organizations with a core mission of educating the public about the purchase of health insurance] (the "*Cy Pres Distribution*").  The Settlement Administrator shall make the *Cy Pres* Distribution within 240 days after payment of all Distributions to Participating Settlement Class Members.

14.     Without affecting the finality of this Judgment, this Court reserves exclusive jurisdiction over all matters related to the administration, consummation, enforcement and interpretation of the Settlement and/or this Final Approval Order and Judgment, including any orders necessary to effectuate the final approval of the Settlement and its implementation. If any Party fails to fulfill its obligations under the Settlement, the Court retains authority to vacate the provisions of this Judgment releasing, relinquishing, discharging, barring and enjoining the prosecution of the Released Claims against the Released Parties and to reinstate the Released Claims.

15.     If the Settlement does not become effective, this Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement.

16.     The Parties have complied with the requirements of the Class Action Fairness Act.

17.     No person who has not opted out of the Settlement Class and no person acting or purporting to act directly or on behalf of a Settlement Class Member, or acting on a representative basis or in any other capacity, shall commence or prosecute against any of the Released Parties any action or proceeding asserting any of the Released Claims.

18.     This Court retains exclusive jurisdiction over the interpretation, enforcement, and implementation of the Settlement Agreement, including, but not limited to, any issues regarding the Parties and the Released Claims.

19.     Upon the Settlement Effective Date, the Litigation shall be dismissed with prejudice.

**B.     Plaintiffs' Unopposed Motion for Attorney's Fees, Expenses and Service Award Is Granted**

20.     In Plaintiffs' Unopposed Motion for Attorney's Fees, Expenses and Service Award, Class Counsel requests that the Court approve the requested attorney's fee of $9,165,750, which is 33.33% of the $27.5 million Settlement Amount and reimbursement of current expenses in the amount of $[        ].

21.     Class Counsel also asks this Court to reserve jurisdiction to award Service Awards of $6,250 to each of the Class Representatives should the United States Court of Appeals for the Eleventh Circuit reverse, abrogate or recede from its prohibition on Service Awards in *Johnson v. NPAS Solutions, LLC*, No. 18-12344, 2020 WL 5554412 (11th Cir. Sept. 17, 2020).

22.     This Court has considered the requested fees both in light of the value of the relief obtained for the Settlement Class and finds the requested fee amount is fair and reasonable under the "percentage of recovery" method, which is the standard in the Eleventh Circuit.  *See Camden I Condo. Ass'n v. Dunkle*, 946 F.2d 768, 771 (11th Cir. 1991).

23.     Following *Camden I*, percentage-based fee awards in the Eleventh Circuit have averaged around 33% of the class benefit.  *See, e.g., Wolff v. Cash 4 Titles*, 2012 WL 5290155 at *5-6 (S.D. Fla. Sept. 26, 2012) (noting that fees in this Circuit are "roughly one-third"); T. Eisenberg, et al., *Attorneys' Fees in Class Actions: 2009- 2013*, 92 N.Y.U. Law Rev. 937, 951 (2017) (the median fee from 2009 to 2013 was 33%); B. Fitzpatrick, An Empirical Study of Class Action Settlements and Their Fee Awards, 7 J. Empirical L. Stud. 811 (2010) (during 2006 and 2007 the median fee was 30%); *Decl. of H. Hughes, Champs Sports Bar & Grill Co. v. Mercury Payment Systems, LLC*, No. 1:16-CV-00012-MHC (N.D. Ga.) (Doc. 82-1 at 4-5) (90% of the

CASE NO. 0:19-cv-61430-SINGHAL/Valle

hundreds of common fund settlements a leading Atlanta mediator has negotiated provide for a fee of one-third of the benefit).

24.     Here, the requested fee award falls well within that range.  The requested fee also falls within the range of the customary fee in the private market place, where 40 percent fee contracts are common for complex cases such as this.  *See*, *e.g.*, *In re: Checking Account Overdraft Litig*, No. 1:09002036, 2013 WL 11319391, at *18 (S.D.  Fla. Aug. 5, 2013) ("Class Counsel's fee request falls within the range of the private marketplace, where contingency fee arrangements often approach or equal 40 percent of any recovery.").

25.     In light of the analysis of the *Camden I* factors, the arguments made by Class Counsel, Class Counsel's Declaration and the Declaration of [expert] all submitted with the unopposed motion, the Court finds that Class Counsel's request for an award of attorney's fees in the amount of 33.33% of the $27.5 million Settlement Amount, and reimbursement of their current expenses in the amount of [$_____] is fair and reasonable.

26.     As such, Plaintiffs' Unopposed Motion for Attorney's Fees, Expenses and Service Award is **GRANTED**.  Class Counsel shall be entitled to be paid attorney's fees in the amount $9,165,750 and reimbursement of current expenses in the amount of [$_____] from the Settlement Amount of $27,500,000 in accordance with the Settlement Agreement.

27.     The Court also reserves jurisdiction as to Class Counsel's request that Class Representatives, Elizabeth Belin, Christopher Mitchell, Kevin Furman, Mitchell Kirby, Kathryn Svenson, Gabrielle Watson, Jesse Manley, Randall Spitzmesser and Michael Escobar, be paid service awards of $6,250, pending the resolution of *Johnson v. NPAS Solutions, LLC*, No. 18-12344 (11th Cir.).

There is no just reason to delay entry of this Final Order and Judgment and immediate entry

CASE NO. 0:19-cv-61430-SINGHAL/Valle

by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

SO ORDERED, this ____ day of _____, 20__.

_____
HON. RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

cc:     All Counsel of Record