# Exhibit 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-cv-61430-SINGHAL/VALLE

ELIZABETH E. BELIN, *et al.*,

        Plaintiffs,

v.

HEALTH INSURANCE INNOVATIONS, INC., et al.,

        Defendants.

        CLASS ACTION

_____/

**DECLARATION OF JASON KELLOGG, ESQ.**

Pursuant to 28 U.S.C. § 1746, I, Jason Kellogg, declare as follows:

1. I am an individual over the age of twenty-one (21) and I submit this declaration based upon my own personal knowledge of the facts stated in this declaration, and review of public records and other documentation.

2. I am a shareholder at Levine Kellogg Lehman Schneider + Grossman LLP ("LKLSG).

3. On June 7, 2019, LKLSG and co-counsel The Doss Firm ("TDF") (collectively, the "Firms") filed this class action lawsuit against Defendants.

4. The Firms have done considerable work and dedicated significant resources over the past two years examining the facts and investigating and identifying the claims they have brought on behalf of the putative class. The Firms have devoted thousands of hours of attorney and paralegal time and fronted nearly $200,000 in costs on a contingency fee basis, with no guarantee of any recovery or reimbursement of expenses. The Firms have less than 20 lawyers

combined, which increases the financial risk to the Firms from the use of significant Firm resources.

5. The Firms have filed multiple complaints, defeated multiple motions to dismiss and engaged in full-fledged discovery (both fact and expert), which included defending Lead Plaintiffs' depositions, deposing top executives of Defendants and taking and defending depositions of expert witnesses. The Firms served 12 requests for production and four interrogatories to Defendants. They also served 15 third-party subpoenas. The Firms requested, reviewed, and analyzed more than 98,000 documents and reviewed hundreds of thousands of pages received in discovery. The Firms litigated multiple discovery disputes and hired multiple expert witnesses, whose testimony and expert reports were used to successfully obtain class certification. Plaintiffs took the HII Defendants' corporate representative depositions over the course of four days, as well as depositions of Defendants' experts.

6. The Class Representatives themselves have also pursued this litigation vigorously. They actively sought out counsel and monitored the lawsuit throughout its pendency in an effort to obtain the maximum recovery for both themselves and for the other Settlement Class Members. Eight of the nine Plaintiffs, as well as Plaintiffs' two experts, spent considerable time preparing for and sitting for their depositions. The deposition of the ninth Plaintiff, Mr. Escobar, was pending at the time of settlement. Plaintiffs each responded to lengthy requests for production, interrogatories and requests for admission. Together Plaintiffs produced more than 4,800 documents, including health-related documents containing personal information.

7. On August 18, 2020, the Parties held an all-day mediation. Each of the Class Representatives and the Simple Health Receiver attended. It resulted in an impasse.

8. On February 1, 2021, the Court granted Plaintiffs' motion for class certification. On February 16, 2021, Defendants filed a Rule 23(f) petition with the U.S. Court of Appeals for the Eleventh Circuit, seeking review of the Court's class certification Order. The Parties fully briefed the petition.

9. On March 23, 2021, counsel for the parties and the Simple Health Receiver attended a second mediation, this time with nationally renowned class action mediator Hunter R. Hughes III. An agreement was not reached on March 23, but Hughes and the Parties continued to have informal discussions. Class Counsel requested, and the HII Defendants provided on a confidential basis, documents and information regarding the HII Defendants' financial viability. Class Counsel consulted a forensic accounting firm about the information it received. Class Counsel obtained the HII Defendants' assurance that when they were sold in a private sale in August 2020, no reserve of funds was created or withheld relating to the outcome of this lawsuit. Class Counsel obtained copies of the HII Defendants' insurance policies and hired and paid an insurance attorney to carefully review the policies to analyze coverage, or the lack thereof.

10. The Firms have conducted research to develop nationwide claims that benefit all of the consumers victimized by Defendants through Simple Health and Nationwide. Also, the Firms drafted and filed multiple motions and briefs in support of Plaintiffs' motion for class certification, as well as responded to Defendants' motion not to certify the class and Daubert motions. The considerable work done thus far has benefited Class Representatives and class members, protecting their interests. With regard to the subclasses that were certified, the Firms have evaluated the interests of the subclasses and have determined that there is not divergent interest among members of the class.

CASE NO. 19-cv-61430-SINGHAL/VALLE

11. The Parties have agreed that a third-party administrator, JND Class Action Administration, will act as Settlement Administrator.

12. The Settlement Administrator shall also be responsible for overseeing the calculation of, and implementing the distribution of, the Net Consideration to Settlement Class Members. (*See* Settlement Agreement § VI(d)). Each Settlement Class Member who timely submits a valid Claim Form and does not opt-out of the Settlement shall be a Participating Settlement Class Member and receive his or her *pro rata* share of the Settlement Fund. The Settlement Administrator shall calculate each share according to a formula provided in the Settlement Agreement. Participating Settlement Class Members who submit a Claim Form stating under penalty of perjury that he or she incurred Uncovered Medical Expenses will receive a multiplier of 1.25 times his or her base share. Participating Settlement Class Members who submit a Claim Form stating under penalty of perjury that he or she incurred a Tax Penalty shall receive a tax penalty multiplier of 1.035 times his or her base share.

13. These multipliers, while not an exact determination of Participating Class Members' shares, recognize the enhanced damages of Subclass members while avoiding the considerable administrative burdens and costs of having a document-intensive, evidentiary claim process. The multipliers are estimated from the tax penalty imposed by the I.R.S. against Mr. Furman, $1,607, as a percentage (14%) of Plaintiffs' average medical expenses, approximately $11,500. Fourteen percent of a medical expense multiplier of 1.25 is 1.035.

14. The Firms made no agreements in connection with the proposed settlement.

15. Class Counsel have significant experience in class action and complex fraud litigation, and believe that under these circumstances, the multimillion-dollar relief provided by the Settlement is fair, reasonable and adequate under the circumstances.

16. LKLSG's attorneys have acted as lead trial counsel in complex commercial cases representing both plaintiffs and defendants. These include the following class actions on behalf of plaintiffs:

a. *In re Woodbridge Investments Litigation*: Co-lead counsel for Plaintiffs in nationwide class action in U.S. District Court for the Central District of California against Comerica Bank arising out of $1.7 billion Ponzi scheme. Obtained $54.5 million settlement that received preliminary approval on September 3, 2021.

b. *Thaxton v. Collins Asset Group, LLC*: Co-lead counsel with The Doss Firm in class action in U.S. District Court for the Northern District of Georgia arising out of a $23 million investment scheme. Obtained $15.755 million settlement on behalf of investment victims.

c. *Fernandez v. Merrill Lynch*: Co-lead counsel for Plaintiffs in ERISA class action in the U.S. District Court for the Southern District of Florida against Merrill Lynch on behalf of the trustees of 39,000 small business retirement plans. Obtained $25 million settlement representing 177% of class members' out-of-pocket losses, even after deduction of attorney's fees and costs.

d. *Da Silva Ferreira v. EFG Bank*: Co-lead counsel in multidistrict litigation consolidated in the U.S. District Court for the Southern District of New York, for class of Latin American investors against Swiss bank and its Miami-based affiliate arising out of Bernard Madoff Ponzi scheme. Obtained $7.8 million settlement.

e. *Melchior v. Vagnozzi*: Currently appointed interim co-lead counsel in action brought in the U.S. District Court for the Eastern District of Pennsylvania arising out of the Par Funding Ponzi scheme.

f. *Cash 4 Titles*: Co-lead counsel for Plaintiffs in class action against Bank of Bermuda in the U.S. District Court for the Southern District of Florida arising from the collapse of a Ponzi scheme. Net class recovery after settlement was more than $60 million.

g. *Cash 4 Titles II*: Co-lead counsel for Plaintiffs in class action in the U.S. District Court for the Southern District of Florida against Leadenhall Bank & Trusts arising out of the collapse of a Ponzi scheme. Final judgment in favor of class in the amount of $325 million. To date, Plaintiffs have recovered more than $15 million for the Class.

h. *Yellow Cab Class Employment Litigation*: Lead Plaintiffs' counsel in a California class action on behalf of Yellow Cab drivers. Case settled.

i. *Mutual Benefits*: Putative Lead counsel for Plaintiffs in class action in the U.S. District Court for the Southern District of Florida arising out of the collapse of the Mutual Benefits viatical scheme. Recovered over $100 million in favor of class, representing a 100% recovery.

j. *Jay Peak*: Represented Federal Equity Receiver in action brought against Jay Peak principals and Raymond James. Worked in conjunction with lead class counsel, which brought similar claims against the same parties. Recovered $150 million in favor of class/victims of the receivership estate.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 17, 2021.

_____
Jason Kellogg, Esq.
Jason K. Kellogg P.A.