# Exhibit 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-cv-61430-SINGHAL/VALLE

ELIZABETH E. BELIN, *et al*.,

                                                         CLASS ACTION

       Plaintiffs,

v.

HEALTH INSURANCE INNOVATIONS, INC.,
et al.,

       Defendants.
_____/

## **DECLARATION OF JASON DOSS, ESQ.**

Pursuant to 28 U.S.C. § 1746, I, Jason Doss, declare as follows:

1.      I am an individual over the age of twenty-one (21) and I submit this declaration based upon my own personal knowledge of the facts stated in this declaration, and review of public records and other documentation.

2.      I am the owner of The Doss Firm, LLC ("TDF").

3.      On June 7, 2019, TDF and co-counsel Levine Kellogg Lehman Schneider + Grossman LLP ("LKLSG") (collectively, the "Firms") filed this class action lawsuit against Defendants.

4.      The Firms have done considerable work and dedicated significant resources over the past two years examining the facts and investigating and identifying the claims they have brought on behalf of the putative class.  The Firms have devoted thousands of hours of attorney and paralegal time and fronted nearly $200,000 in costs on a contingency fee basis, with no guarantee of any recovery or reimbursement of expenses.  The Firms have less than 20 lawyers

DocuSign Envelope ID: F6EB6336-918F-4109-866B-A3ACEEDA2FCA

CASE NO. 19-cv-61430-SINGHAL/VALLE

combined, which increases the financial risk to the Firms from the use of significant Firm resources.

5.     The Firms have filed multiple complaints, defeated multiple motions to dismiss and engaged in full-fledged discovery (both fact and expert), which included defending Lead Plaintiffs' depositions, deposing top executives of Defendants and taking and defending depositions of expert witnesses.  The Firms served 12 requests for production and four interrogatories to Defendants. They also served 15 third-party subpoenas.  The Firms requested, reviewed, and analyzed more than 98,000 documents and reviewed hundreds of thousands of pages received in discovery.  The Firms litigated multiple discovery disputes and hired multiple expert witnesses, whose testimony and expert reports were used to successfully obtain class certification.  Plaintiffs took the HII Defendants' corporate representative depositions over the course of four days, as well as depositions of Defendants' experts.

6.     The Class Representatives themselves have also pursued this litigation vigorously. They actively sought out counsel and monitored the lawsuit throughout its pendency in an effort to obtain the maximum recovery for both themselves and for the other Settlement Class Members. Eight of the nine Plaintiffs, as well as Plaintiffs' two experts, spent considerable time preparing for and sitting for their depositions.  The deposition of the ninth Plaintiff, Mr. Escobar, was pending at the time of settlement.   Plaintiffs each responded to lengthy requests for production, interrogatories and requests for admission.   Together Plaintiffs produced more than 4,800 documents, including health-related documents containing personal information.

7.     On August 18, 2020, the Parties held an all-day mediation.  Each of the Class Representatives and the Simple Health Receiver attended.  It resulted in an impasse.

DocuSign Envelope ID: F6EB6336-918F-4108-866B-A3ACEEDA2F5A

8.      On February 1, 2021, the Court granted Plaintiffs' motion for class certification. On February 16, 2021, Defendants filed a Rule 23(f) petition with the U.S. Court of Appeals for the Eleventh Circuit, seeking review of the Court's class certification Order.  The Parties fully briefed the petition.

9.      On March 23, 2021, counsel for the parties and the Simple Health Receiver attended a second mediation, this time with nationally renowned class action mediator Hunter R. Hughes III.  An agreement was not reached on March 23, but Hughes and the Parties continued to have informal discussions.  Class Counsel requested, and the HII Defendants provided on a confidential basis, documents and information regarding the HII Defendants' financial viability.  Class Counsel consulted a forensic accounting firm about the information it received.  Class Counsel obtained the HII Defendants' assurance that when they were sold in a private sale in August 2020, no reserve of funds was created or withheld relating to the outcome of this lawsuit.  Class Counsel obtained copies of the HII Defendants' insurance policies and hired and paid an insurance attorney to carefully review the policies to analyze coverage, or the lack thereof.

10.     The Firms have conducted research to develop nationwide claims that benefit all of the consumers victimized by Defendants through Simple Health and Nationwide.  Also, the Firms drafted and filed multiple motions and briefs in support of Plaintiffs' motion for class certification, as well as responded to Defendants' motion not to certify the class and Daubert motions.  The considerable work done thus far has benefited Class Representatives and class members, protecting their interests.  With regard to the subclasses that were certified, the Firms have evaluated the interests of the subclasses and have determined that there is not divergent interest among members of the class.

DocuSign Envelope ID: F6EB6336-918F-4108-866B-A3ACEEDA2FCA

CASE NO. 19-cv-61430-SINGHAL/VALLE

11.     The Parties have agreed that a third-party administrator, JND Class Action Administration, will act as Settlement Administrator.

12.     The Settlement Administrator shall also be responsible for overseeing the calculation of, and implementing the distribution of, the Net Consideration to Settlement Class Members.  (*See* Settlement Agreement § VI(d)).  Each Settlement Class Member who timely submits a valid Claim Form and does not opt-out of the Settlement shall be a Participating Settlement Class Member and receive his or her *pro rata* share of the Settlement Fund.  The Settlement Administrator shall calculate each share according to a formula provided in the Settlement Agreement.  Participating Settlement Class Members who submit a Claim Form stating under penalty of perjury that he or she incurred Uncovered Medical Expenses will receive a multiplier of 1.25 times his or her base share.  Participating Settlement Class Members who submit a Claim Form stating under penalty of perjury that he or she incurred a Tax Penalty shall receive a tax penalty multiplier of 1.035 times his or her base share.

13.     These multipliers, while not an exact determination of Participating Class Members' shares, recognize the enhanced damages of Subclass members while avoiding the considerable administrative burdens and costs of having a document-intensive, evidentiary claim process.  The multipliers are estimated from the tax penalty imposed by the I.R.S. against Mr. Furman, $1,607, as a percentage (14%) of Plaintiffs' average medical expenses, approximately $11,500.  Fourteen percent of a medical expense multiplier of 1.25 is 1.035.

14.     The Firms made no agreements in connection with the proposed settlement.

15.     Class Counsel have significant experience in class action and complex fraud litigation, and believe that under these circumstances, the multimillion-dollar relief provided by the Settlement is fair, reasonable and adequate under the circumstances.

CASE NO. 19-cv-61430-SINGHAL/VALLE

16.     TDF and its lawyers have extensive experience representing consumers, investors and businesses in class actions, including healthcare-related class actions, as well as financial fraud litigation and securities arbitrations.  These include the following plaintiffs' class actions:

a.  *In re Equifax, Inc. Customer Data Security Breach Litig.*, No. 1:17-md-02800-TWT (N.D. Ga.).  Member of twelve (12) attorney leadership structure appointed by Chief Judge Thomas W. Thrash in MDL to lead the consumer track and represent the interests of over 145 million consumers nationwide who had their personal identifiable information (PII) stolen in one of the largest data breaches in U.S. history. The case settled for more than $380 million and to my knowledge, currently is the largest data breach class action settlement in U.S. history.

b.  *Thaxton v. Collins Asset Group, LLC, et al*., 1:20-cv-09441-ELR (N.D. Ga.) Appointed Class Counsel in a class action involving an alleged investment scheme. The case settled on a class-wide basis for $15,755,000.

c.  *Zimmerman, et al. v. Matson Money, Inc., et al*., 1:20-cv-04409-WMR (N.D. Ga.) Represents plaintiffs in a putative class action involving an alleged Ponzi scheme against a financial advisor, Christopher Burns and Matson Money, Inc., an investment adviser that participated in the unlawful transactions.

d.  *Kirby v. Blue Cross Blue Shield Healthcare Plan of Ga., Inc.*, 1:19-cv-02212-ELR (N.D. Ga.).  Represents plaintiffs in putative class action alleging that Blue Cross Blue Shield Healthcare Plan of Georgia, Inc. defrauded hundreds of thousands of Georgia residents into purchasing BCBS health insurance during the last Affordable Care Act Open Enrollment Period by falsely inflating its list of health care providers that were covered by the policies.

e.  *Ellison v. Southstar Energy Services, LLC* (Ga. Sup. Ct.), No. 2008-CV-147195. Co-lead counsel for a settlement class of approximately 460,000 consumers alleging that the largest natural gas provider in Georgia, Georgia Natural Gas, overcharged them for natural gas services.  Obtained $11.5 million settlement after successfully appealing dismissal to the Georgia Supreme Court, changing more than 60 years of precedent on the voluntary payment doctrine.

f.  *Mooney v. Allianz Life Ins. Co. of N. Am.*, 06-cv-545, (D. Minn.).  Represented nationwide consumer class of approximately 420,000 policyholders in equity-indexed annuities against Allianz Life Insurance Company.

g.  *Fowler v. SCANA Energy Marketing, Inc.,* No. 1:12-cv-02356-RLV (N.D. Ga.). Co-lead counsel for consumer class of approximately 250,000 members alleging that the second largest natural gas provider in Georgia, SCANA Energy, overcharged them for natural gas services.  Obtained $6.5 million settlement.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 16, 2021.

DocuSigned by:

*Jason Doss*

4A1310B18752495...

Jason Doss, Esq.