UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-61430-CIV-SINGHAL/VALLE

ELIZABETH E. BELIN, *et al.*,

    Plaintiffs,

v.

HEALTH INSURANCE INNOVATIONS, INC., *et al.*,

    Defendants.

_____/

**ORDER PRELIMINARILY APPROVING
SETTLEMENT AND PROVIDING FOR NOTICE**

**THIS CAUSE** is before the Court on the Motion for Preliminary Approval of Settlement Agreement, Confirmation of Class, Approval of Class Notice, and Scheduling of a Fairness Hearing (DE [264]) filed by Plaintiffs Elizabeth Belin, Christopher Mitchell, Kevin Furman, Mitchell Kirby, Kathryn Svenson, Gabrielle Watson, Jesse Manley, Randall Spitzmesser, and Michael Escobar ("Plaintiffs"). Plaintiffs, along with the Settlement Class Members, request that the Court: (1) preliminarily approve a Settlement Agreement entered into with Defendants Health Insurance Innovations, Inc. ("HII"), Health Plan Intermediaries Holdings, LLC ("HPIH"), and Michael Kosloske ("Kosloske"); (2) approve the form and method of providing notice to the Settlement Class; and (3) set a date for a fairness hearing on the proposed Settlement.[1] The Court has reviewed the

---

[1] HII and HPIH (collectively, "the HII Defendants") are now known as Benefytt Technologies, Inc. ("Benefytt"). Benefytt is a signatory to the Settlement Agreement.

Unless otherwise specified, all capitalized terms used in this Order have the same meanings as set forth in the Settlement Agreement.

proposed Settlement Agreement (DE [264-1]), its attached exhibits, and the record. For the reasons discussed below, the Court grants Plaintiffs' Motion.

This Court previously certified certain Classes and Subclasses as detailed in its February 1, 2021 Order (DE [208]). The Settlement Agreement provides that the HII Defendants shall pay a total of $27.5 million to settle all claims in this Action and shall make or continue certain business practice changes relating to the sale of limited benefit indemnity plans and ancillary products. The Settlement appears to be the product of informed, arms-length settlement negotiations between Class Counsel and Defendants over a period of months with the help of mediator Hunter R. Hughes III. Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

## The Settlement Class and Class Counsel

1. The Court finds upon preliminary evaluation that it will likely approve the proposed Settlement as fair, reasonable, and adequate. The Court finds that giving notice of the Settlement is justified under Federal Rule of Civil Procedure 23(e)(1). On February 1, 2021, this Court issued an Order on Class Certification ("the Certification Order") certifying the following Classes and Subclasses and will likely certify or confirm them as Settlement Classes for purposes of judgment on the Settlement:

> Simple Health Class. All individuals who purchased the HII Defendants' limited benefit indemnity plans and/or ancillary products such as medical discount plans through Simple Health within the applicable statute(s) of limitation, and paid fee(s) and/or a premium(s) that were not completely recovered through a refund or chargeback.
>
> Nationwide Health Class. All individuals who purchased the HII Defendants' limited benefit indemnity plans and/or ancillary products such as medical discount plans through Nationwide Health within the applicable statute(s) of limitation, and paid fee(s) and/or a premium(s) that were not completely recovered through a refund or chargeback.

> Medical Expense Subclass.  All individuals within the Simple Health Class or Nationwide Health Class who incurred uncovered medical expense(s).
>
> Tax Penalty Subclass.  All individuals within the Simple Health Class or Nationwide Health Class who incurred a penalty under the ACA's individual mandate provisions.

Excluded from the Settlement Classes are the Judge to whom the Action is assigned and any member of the Judge's staff and immediate family; the HII Defendants and their directors, officers, employees, or independent contractors; Michael Kosloske; and the former directors, officers, employees, or independent contractors of Simple Health or Nationwide Health.

2. As it did in the Certification Order, the Court determines for settlement purposes that the proposed Settlement Class meets all of the requirements of Rule 23(a) and (b)(3).

3. The Court appoints Plaintiffs Elizabeth Belin, Christopher Mitchell, Kevin Furman, Mitchell Kirby, Kathryn Svenson, Gabrielle Watson, Jesse Manley, Randall Spitzmesser, and Michael Escobar, who were previously appointed class representatives in the Certification Order, as representatives of the proposed Settlement Class going forward.

4. The following lawyers, who were appointed Class Counsel in the Court's February 19, 2021 Order (DE [229]), are designated as class counsel for the Settlement Class under Rule 23(g): Jason Kellogg, Jeffrey C. Schneider, Lawrence A. Kellogg, and Victoria Wilson of Levine, Kellogg, Lehman, Schneider + Grossman; and Jason R. Doss of The Doss Firm, LLC.  The Court finds that these lawyers are experienced and will adequately protect the interests of the Settlement Class.

**Preliminary Approval of the Settlement**

5. The Court preliminarily finds that the Settlement is the product of non-collusive, arm's-length negotiations between experienced class action attorneys who were well informed of the strengths and weaknesses of the Action, including through discovery and motion practice, and whose settlement negotiations were supervised by an experienced, nationally renowned mediator, Hunter R. Hughes III. The Settlement confers substantial benefits upon the Settlement Class and avoids the costs, uncertainty, delays, and other risks associated with continued litigation, trial, and appeal concerning the claims at issue. The Settlement falls within the range of possible recovery; compares favorably with the potential recovery when balanced against the risks of continued prosecution of the claims in the Action; and does not grant preferential treatment to Plaintiffs, their counsel, or any subgroup of the Settlement Class.

6. The Court preliminarily approves the Settlement as fair, reasonable, and adequate and in the best interest of Plaintiffs and the other Settlement Class Members, subject to further consideration at the Final Approval Hearing to be conducted as described below.

7. The Settlement Amount shall be paid to and managed by the Settlement Administrator, JND Class Action Administration, as detailed in the Settlement Agreement. All funds held by the Settlement Administrator shall be deemed and considered to be in the Court's custody and shall remain subject to the Court's jurisdiction until such time as such funds are distributed in accordance with the Settlement Agreement.

**Manner and Form of Notice**

8. The Court approves the Class Notice substantially in the form attached as **Exhibit 1.A** of the Settlement Agreement. *See* (DE [264-1], at 36–49). The proposed notice plan, which provides for direct notice via email (and then first-class mail to those whose email address cannot be located or whose email is returned as undeliverable), will provide the best notice practicable under the circumstances. This plan and the Notice are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action; the effect of the proposed Settlement (including on the Released Claims); the anticipated motion for attorneys' fees, reimbursement of litigation expenses, and service awards; and their rights to participate in, opt-out of, or object to any aspect of the proposed Settlement. The plan and the Notice constitute due, adequate, and sufficient notice to Settlement Class Members and satisfy the requirements of Federal Rule of Civil Procedure 23, due process, and all other applicable laws and rules. The date and time of the Final Approval Hearing shall be included in the Notice before dissemination. Non-material modifications to the Notice may be made without further Court order.

9. The Claim Form attached as **Exhibit 1.B** to the Settlement Agreement is approved. *See* (DE [264-1], at 50–58). Non-material modifications to the Claim Form may be made without further Court order.

10. The Court hereby appoints JND Class Action Administration as Settlement Administrator to carry out the Notice program, effect payment to Settlement Class Members, and otherwise perform all administrative tasks set forth in Section VI of the Settlement Agreement.

11. Within **45 days after entry of this Order ("Preliminary Approval")**, the Settlement Administrator shall cause to be established and maintained the Settlement Website, using a URL selected by the HII Defendants and subject to approval by Class Counsel, on which will be posted the Direct Notice and Claim Form. The Direct Notice shall direct recipients to the Settlement Website via a hyperlink. The Settlement Website shall provide for online submission of Claim Forms.

12. Within **45 days of Preliminary Approval**, Direct Notice shall be sent by e-mail to all Settlement Class Members as to whom the HII Defendants have a reasonably accessible e-mail address. Emails sent shall have a "return receipt" or other such function that permits the Settlement Administrator to reasonably determine whether emails have been delivered and/or opened. Emails shall have a hyperlink that class member recipients may click and be taken to a landing page on the Settlement Website. Contemporaneously with the transmission of the Direct Notice, the Settlement Administrator shall cause the Class Notice and Claim Form to be posted on the Receiver's website. The Settlement Administrator shall also cause the Settlement Agreement, Motion for Preliminary Approval and supporting documents, as well as all other documents ultimately filed in support of Final Approval, to be posted on the Settlement Website.

13. For Settlement Class Members for whom the HII Defendants have a reasonably accessible mailing address but not an associated email address, and to those Settlement Class Members whose emails are returned as undeliverable, Direct Notice shall be sent via postcard to the most recent mailing address as reflected in the HII Defendants' reasonably available computerized records and/or data associated with the

number.  A National Change of Address update shall be performed before mailing.  Skip tracing shall be performed for all returned mail.  All costs of skip tracing will be considered Notice and Administrative Expenses.

14. All reasonable expenses incurred in notifying Settlement Class Members, as well as in administering the Settlement Fund, shall be paid to Settlement Administrator from the Settlement Fund as set forth in the Settlement Agreement.

15. The Settlement Administrator will require Settlement Class Members to timely submit the Claim Form, as required by the terms of the Settlement Agreement, to verify a Settlement Class Member's status as a Settlement Class Member and/or Subclass Member and their eligibility for any benefits under the Settlement, in addition to any other purposes consistent with the Settlement Administrator's responsibilities under the Settlement Agreement.

16. The dates set forth in this Order may be extended by Court order, for good cause shown, without further notice to the Settlement Class.

17. In conformance with the time limitations set forth in 28 U.S.C. § 1715(b), the HII Defendants **within 10 days after the Preliminary Approval** will cause the CAFA Notice to be prepared and sent to the appropriate officials.

### The Final Approval Hearing

18. An approval hearing shall take place before the Court on **March 31, 2022, at 2:00 p.m.** in Courtroom 110 at the U.S. Federal Building and Courthouse, 299 East Broward Boulevard, Ft. Lauderdale, Florida 33301, to determine whether: (a) the proposed Class should be certified for settlement purposes under Rule 23; (b) the Settlement should be approved as fair, reasonable, and adequate; (c) full effect should

be given to the releases contained in the Settlement Agreement and those provisions finally approved as contained therein; (d) this matter should be dismissed with prejudice; (e) Class Counsel's application for attorneys' fees and expenses should be approved; (f) whether the application for the class representatives to receive service awards should be approved; and (g) any other matters the Court deems necessary and appropriate.

19. Any Settlement Class Member who has not timely and properly excluded themselves from the Settlement Class in the manner described below may appear at the approval hearing in person or through counsel and be heard, as allowed by the Court, regarding the proposed Settlement; provided, however, that no Settlement Class Member who excluded themselves from the Settlement Class shall be entitled to object or otherwise appear at the approval hearing, and, further provided, that no Settlement Class Member shall be heard in opposition to the Settlement unless the Settlement Class Member complies with the requirements of this Order pertaining to objections, which are described below.

20. Papers in support of Class Counsel's application for attorneys' fees, reimbursement of litigation expenses, and service awards shall be filed **within 45 days after Preliminary Approval**.

21. Class Counsel's motion for final approval of the settlement shall be filed **no less than 30 days before the Final Approval Hearing**.

### Objections and Appearances at the Final Approval Hearing

22. Any member of the Settlement Class may appear at the Final Approval Hearing and show cause why the proposed Settlement should or should not be approved as fair, reasonable, and adequate, or why judgment should or should not be entered, or

to comment on or oppose Class Counsel's application for attorneys' fees, reimbursement of litigation expenses, and service awards. No person shall be heard or entitled to contest the approval of the Settlement or, if approved, the judgment to be entered approving the Settlement, Class Counsel's application for an award of attorneys' fees, reimbursement of litigation expenses, and service awards, unless that person filed an objection with the Clerk of the United States District Court for the Southern District of Florida electronically, in person, or by first-class mail postmarked **within 90 days after the date of this Order ("the Objection and Opt-Out Deadline")**. Absent leave of this Court, objections shall not exceed 20 double-spaced pages in length.

23. For the objection to be considered by the Court, the objection must be in writing and set forth:

> (a) The name of this proceeding (*Belin v. HII*, Case No. 19-cv-61430-AHS, or similar identifying words such as "HII Lawsuit");
>
> (b) the Settlement Class Member's full name;
>
> (c) the Settlement Class Member's current address;
>
> (d) the Settlement Class Member's personal signature (an attorney's signature is insufficient);
>
> (e) a statement indicating why the Settlement Class Member thinks that the Settlement Class Member is a part of the Settlement Class and/or the Medical Expense Subclass and/or Tax Penalty Subclass;
>
> (f) a statement with the reasons why the Settlement Class Members objects to the Settlement, accompanied by any legal support for the Settlement Class Member's objection;
>
> (g) a statement identifying all class action settlements to which the Settlement Class Members has objected in the previous five years;
>
> (h) a statement as to whether the Settlement Class Member intends to appear at the Approval Hearing, either in person or through a lawyer, and if through a lawyer, identifying the lawyer by name, address, and telephone number, and four dates before the Final Approval Hearing during which the

9

Settlement Class Member is available to be deposed by counsel for the Parties; and

(i) a detailed description of any and all evidence the Settlement Class Member may offer at the Approval Hearing, including copies of any and all exhibits the Settlement Class Member may seek to introduce at the Approval Hearing.

24. Additionally, if the objecting Settlement Class Member is represented by a lawyer and the lawyer intends to seek compensation for his or her services from anyone other than the objecting Settlement Class Member, then the objection letter must include:

(a) the identity of all lawyers who represent the objecting Settlement Class Member, including any former or current lawyer who may be entitled to compensation for any reason related to the objection;

(b) a statement identifying all instances in which the lawyer or the lawyer's law firm have objected to a class action settlement within the preceding five years, giving the case name(s), case number(s), and court(s) in which the class action settlement(s) were filed;

(c) a statement identifying any and all agreements or contracts that relate to the objection or the process of objecting—whether written or oral—between the Settlement Class Member, the Settlement Class Member's lawyer, and/or any other person or entity;

(d) a description of the lawyer's legal background and prior experience in connection with class action litigation;

(e) a statement regarding whether the lawyer's compensation will be calculated on the basis of lodestar, contingency, or other method;

(f) an estimate of the amount of fees to be sought;

(g) the factual and legal justification for any fees to be sought;

(h) the number of hours already spent by the lawyer and an estimate of the hours to be spent in the future; and

(i) the lawyer's hourly rate.

25. Any Settlement Class Member who fails to comply with the provisions in this Order will waive and forfeit any and all rights they may have to object to the Settlement, may have their objection stricken from the record, and may lose their rights to appeal from

approval of the Settlement. Any such Settlement Class Member shall also be bound by all the terms of the Settlement Agreement; this Order; and all proceedings, orders, and judgments, including, but not limited to, the releases in the Settlement Agreement if final judgment is entered.

26. Counsel for any objector must enter a Notice of Appearance no later than **14 days before the Final Approval Hearing**.

27. Attendance at the Final Approval Hearing is not necessary, but persons wishing to be heard orally in connection with approval of the approval of the Settlement and/or the application for an award of attorneys' fees, reimbursement of expenses, and service awards must indicate in their written objection their intention to appear at the hearing.

### **Exclusions from the Settlement Class**

28. Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail a written notification of his or her intent to be excluded to the Settlement Administrator at the address provided in the approved notice attached to the Settlement Agreement **postmarked no later than 90 days from the date of this Order ("the Opt-out Deadline")**. Each written request for exclusion must be signed by the Settlement Class Member seeking exclusion, can only request exclusion for that one Settlement Class Member, and must contain the following information:

    (a) The name of this proceeding (*Belin v. HII*, Case No. 19-cv-61430-AHS, or similar identifying words such as "HII Lawsuit");

    (b) their full name;

    (c) their current address;

11

(d) the words "Request for Exclusion" at the top of the document or a statement that the Settlement Class Member does not wish to participate in the Settlement; and

(e) a personal signature.

29. Any Settlement Class Member who does not timely and validly exclude themselves from the Settlement shall be bound by the terms of the Settlement. If final judgment is entered, any Settlement Class Member who has not submitted a timely, valid written notice of exclusion from the Settlement Class shall be bound by all subsequent proceedings, orders, and judgments in this matter, including but not limited to the releases set forth in the Settlement Agreement and final judgment.

30. The Settlement Administrator shall provide the Class Counsel and counsel for Defendants with copies of all opt-out notifications and, **within 14 days after the Opt-out Deadline**, shall provide counsel with a final list of all who have timely and validly excluded themselves from the Settlement Class. All those Settlement Class Members who submit valid and timely notices of exclusion from the Settlement Class shall not be entitled to receive any benefits of the Settlement.

## Claims Process

31. The Settlement Agreement establishes a process for claiming benefits under the Settlement. To receive any compensation, Settlement Class Members must submit to the Settlement Administrator the approved Claim Form, attached as **Exhibit 1.B** to the Settlement Agreement, *see* (DE [264-1], at 50–58), **within 135 days from the date of this Order**.

## Termination of the Settlement and Use of this Order

32. This Order shall become null and void and shall be without prejudice to the rights of the parties, all of which shall be restored to their respective positions existing

immediately before this Court entered this Order, if the Settlement is not approved by the Court or is terminated in accordance with the terms of the Settlement Agreement. In such event, the Settlement and Settlement Agreement, and all rights and obligations thereunder, including any releases, shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever by any person or entity.

33. This Order shall be of no force or effect if final judgment is not entered or there is no effective date under the terms of the Settlement Agreement; shall not be construed or used as an admission, concession, or declaration by or against any party of any fault, wrongdoing, breach, or liability; shall not be construed or used as an admission, concession, or declaration by or against any settlement class representative or any other settlement class member that its claims lack merit or that the relief requested is inappropriate, improper, or unavailable; and shall not constitute a waiver by any party of any defense or claims it may have in this litigation or in any other lawsuit.

34. No Party or counsel to a Party in this Litigation shall have any liability to any Settlement Class Member for any action taken substantially in accordance with the terms of this Order.

## Reservation of Jurisdiction

35. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

36. The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class. If

the Court alters any of those dates or times, the revised dates and times shall be posted on the Settlement Website by the Settlement Administrator.

## **Summary of Deadlines**

37. The Settlement Agreement shall be administered according to its terms pending the final approval hearing. Deadlines arising under the Settlement Agreement and this Order include, but are not limited to, the following:

| **EVENT** | **TIMING** |
| --- | --- |
| Deadline for Defendants to send CAFA Notice | October 7, 2021 |
| Deadline for Settlement Administrator to provide Settlement Class Members' contact information to Settlement Administrator | October 18, 2021 |
| Deadline for Settlement Administrator to establish Settlement Website | November 12, 2021 |
| Deadline for Settlement Administrator to send Direct Notice to Settlement Class Members | November 12, 2021 |
| Deadline to file Class Counsel's motion for attorneys' fees, costs, expenses and service awards | November 12, 2021 |
| Objection deadline | December 27, 2021 |
| Opt-out deadline | December 27, 2021 |
| Deadline for the HII Defendants to pay $27.5 million Consideration to Escrow Agent | February 1, 2022 |
| Deadline for Settlement Class Members to submit Claim Forms to Settlement Administrator | February 9, 2022 |
| Deadline for Class Counsel to file motion for final approval of settlement | March 1, 2022 |

| Deadline for Settlement Administrator to submit Affidavit or Declaration stating that the Class Notice has been given | March 10, 2022 |
|---|---|
| Deadline for the HII Defendants to submit Affidavit or Declaration stating that the CAFA Notice has been given | March 10, 2022 |
| Deadline for counsel for any objector to file a Notice of Appearance | March 17, 2022 |
| Final Approval hearing | March 31, 2022, at 2:00 p.m. |

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 27th day of September 2021.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished to counsel via CM/ECF