UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-61430-CIV-SINGHAL/VALLE

ELIZABETH E. BELIN, *et al.*,

    Plaintiffs,

v.

HEALTH INSURANCE INNOVATIONS, INC.,
*et al.*,

    Defendants.
_____/

## FINAL ORDER AND JUDGMENT

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Final Approval of Proposed Class Action Settlement and for Award of Attorneys' Fees and Reimbursement of Expenses, filed on March 1, 2022 ("Final Approval Motion") (DE [270]). A Hearing on the Final Approval Motion was held on March 31, 2022 (DE [278]) to which no objections were made. Plaintiffs previously filed an Unopposed Motion for Award of Attorneys' Fees, Reimbursement of Expenses and Service of Awards on November 12, 2021 ("Attorney Fees and Costs Motion") (DE [266]) that is duplicative of the second part of the Final Approval Motion. Accordingly, the Court refers the parties to its Order Adopting Magistrate Judge's Report and Recommendation (DE [279]).

Due and adequate notice having been given of the Settlement as required by the Preliminary Approval Order, no objections being made, the Court having considered all papers filed and proceedings conducted herein, and good cause appearing therefor, it is hereby **ORDERED and ADJUDGED** as follows:

This Final Approval Order and Judgment incorporates by reference the definitions in the Settlement Agreement dated September 17, 2021, and all defined terms used herein have the same meaning given to them in the Settlement Agreement. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2). The Court has personal jurisdiction over Defendants, each of whom is a citizen of, or headquartered in, Florida. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

### A. The Court Grants Final Approval to the Settlement

1. The Court reaffirms and makes final its provisional findings, rendered in the Preliminary Approval Order, that, for purposes of the Settlement, all prerequisites for maintenance of a class action set forth in Federal Rules of Civil Procedure 23(a) and (b)(3) are satisfied. The Court further confirms certification of the Classes described in its Certification Order dated February 1, 2021, as a Settlement Class:

> Simple Health Class. All individuals who purchased the HII Defendants' limited benefit indemnity plans and/or ancillary products such as medical discount plans through Simple Health within the applicable statute(s) of limitation, and paid fee(s) and/or a premium(s) that were not completely recovered through a refund or chargeback.
>
> Nationwide Health Class. All individuals who purchased the HII Defendants' limited benefit indemnity plans and/or ancillary products such as medical discount plans through Nationwide Health within the applicable statute(s) of limitation, and paid fee(s) and/or a premium(s) that were not completely recovered through a refund or chargeback.
>
> Medical Expense Subclass. All individuals within the Simple Health Class or Nationwide Health Class who incurred uncovered medical expense(s).
>
> Tax Penalty Subclass. All individuals within the Simple Health Class or Nationwide Health Class who incurred a penalty under the ACA's individual mandate provisions.

2. Pursuant to Federal Rule of Civil Procedure 23(e), the Court grants final approval of the Settlement and finds that it is, in all respects, fair, reasonable, and adequate and in the best interests of the Settlement Class.

3. The Court finds that notice of this Settlement was given to Settlement Class Members in accordance with the Preliminary Approval Order and constituted the best notice practicable of the proceedings and matters set forth therein, including the Litigation, the Settlement and the Settlement Class Members' rights to object to the Settlement or opt-out of the Settlement Class, to all persons entitled to such notice, and that this notice satisfied the requirements of Federal Rule of Civil Procedure 23 and of due process. The Court further finds that the notification requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, have been met.

4. The Court therefore directs the Settlement Administrator and the Parties to implement the Settlement according to its terms and conditions.

5. Upon the later of (i) the Settlement Effective Date and (ii) payment by Defendant of the Settlement Consideration, the Releasing Parties shall be deemed to have provided the Released Parties with a full and final release of the Released Claims as provided in the Settlement Agreement.

6. The persons identified in the attached **Exhibit A** requested exclusion from the Settlement Class as of the Objection and Opt-Out Deadline.  These persons shall not share in the benefits of the Settlement, and this Final Approval Order and Judgment does not affect their legal rights to pursue any claims they may have against Defendants.  All other members of the Settlement Class are hereinafter barred and permanently enjoined

from prosecuting any Released Claims against the Released Parties in any court, administrative agency, arbitral forum or other tribunal.

7. All Settlement Class Members not listed in Exhibit 1 shall be bound by the Settlement Agreement and this Final Approval Order and Judgment, including the release provisions and covenant not to sue.

8. Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement, is or may be deemed to be or may be used as an admission of, or evidence of, (a) the validity of any Released Claim, (b) any wrongdoing or liability of Defendants or any other Released Party, or (c) any fault or omission of Defendants or any other Released Party in any proceeding in any court, administrative agency, arbitral forum, or other tribunal.

9. Within three business days of the Effective Date as that term is defined in the Settlement Agreement, the Escrow Agent shall disburse the Net Consideration to the Settlement Administrator. No later than 10 days after the Effective Date, the Settlement Administrator shall notify Class Counsel of the Distributions to be allocated to each Participating Settlement Class Member out of the Settlement Fund. No later than 20 days after the date of the Effective Date, the Settlement Administrator shall cause the Distributions to be paid to Participating Settlement Class Members out of the Settlement Fund.

10. Within 180 days of the Effective Date, the HII Defendants agree to the following business practice changes, to the extent not already implemented:

    a. Require agents and distributors of limited benefit indemnity and ancillary products to record and maintain all sales calls;

  b. Engage outside vendors to conduct secret shopper investigations for the purpose of detecting deceptive or fraudulent sales practices;

  c. Where the website of the HII Defendants or any of its distributors mentions limited benefit indemnity or ancillary products, require that a conspicuous disclaimer stating products are not major medical insurance and are not compliant with Affordable Care Act;

  d. Require the HII Defendants' compliance department to communicate directly with distributors about secret shopper reports and other compliance issues;

  e. Require the collection of credit card information in the verification stage or thereafter in sales calls; and

  f. Develop a disciplinary process for agents who mislead customers regarding coverage.

11. Any amount of the Settlement Fund greater than $20,000 that, owing to undeposited checks, remains under the control of the Settlement Administrator 180 days after payment of all Distributions to Participating Settlement Class Members, shall be redistributed by the Settlement Administrator to Participating Settlement Class Members whose checks were deposited. Any amount less than $20,000 shall be distributed, upon the Parties' motion and a further Order of this Court, to one or more non-profit or charitable organizations with a core mission of educating the public about the purchase of health insurance (the "*Cy Pres* Distribution"). The Settlement Administrator shall make the *Cy Pres* Distribution within 240 days after payment of all Distributions to Participating Settlement Class Members.

12. Without affecting the finality of this Judgment, this Court reserves exclusive jurisdiction over all matters related to the administration, consummation, enforcement and interpretation of the Settlement and/or this Final Approval Order and Judgment, including any orders necessary to effectuate the final approval of the Settlement and its implementation. If any Party fails to fulfill its obligations under the Settlement, the Court retains authority to vacate the provisions of this Judgment releasing, relinquishing, discharging, barring and enjoining the prosecution of the Released Claims against the Released Parties and to reinstate the Released Claims.

13. If the Settlement does not become effective, this Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement.

14. The Parties have complied with the requirements of the Class Action Fairness Act.

15. No person who has not opted out of the Settlement Class and no person acting or purporting to act directly or on behalf of a Settlement Class Member, or acting on a representative basis or in any other capacity, shall commence or prosecute against any of the Released Parties any action or proceeding asserting any of the Released Claims.

16. This Court retains exclusive jurisdiction over the interpretation, enforcement, and implementation of the Settlement Agreement, including, but not limited to, any issues regarding the Parties and the Released Claims.

17.    **THIS CAUSE** is hereby **DISMISSED WITH PREJUDICE**. The Clerk of Court is directed to **CLOSE** this case and any pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 15th day of April 2022.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**
**(OPT-OUTS)**

1. Concepcion Guzman
   2915 North Third Street
   Lovington, New Mexico  88260

2. Vicki Needham
   1174 Crown Walk Drive
   Foley, Alabama  36535

3. Christian Blankenship
   401 Century 21 Drive
   Apartment E7
   Jacksonville, Florida  32216